# EXHIBIT 14

# Christina McLaughlin Complaint Regarding FIU College of Law

Elijah, Iris <Iris.Elijah@flbog.edu>

Wed 12/6/2017 1:41 PM

To:Diana McLaughlin <dianamclaughlin@dianamclaughlin.com>;

Cc:Shirley, Vikki <Vikki.Shirley@flbog.edu>;

Good afternoon Ms. McLaughlin:

  I am in receipt of Christina McLaughlin's complaint regarding the Florida International University College of Law.  In Ms. McLaughlin's complaint she requests that all correspondence regarding this matter be made to you. Due to state and federal privacy laws, I cannot discuss this matter with you unless Ms. McLaughlin completes a Federal Educational Rights and Privacy Act (FERPA) Release Form reflecting her desire for information to be shared with you and the Board of Governors. You may access the FERPA Release Form at https://onestop.fiu.edu/_assets/docs/registrar/FERPA.pdf.  Once. Ms. McLaughlin has completed the form, the form and all required documentation may be returned to me.

  If you have any questions or concerns, please do not hesitate to contact me.

**Iris A. Elijah**
**Assistant General Counsel**

State University System of Florida
Board of Governors
325 West Gaines Street, Suite 1614
Tallahassee, Florida 32399
(850) 245-0467 | Fax (850) 245-9685
iris.elijah@flbog.edu | www.flbog.edu



# EXHIBIT 15

 **Law**

Search …        SEARCH

# FIU Law Alumna Iris A. Elijah '11, becomes first African-American Attorney in history of the State University System of Florida's Board of Governors.

🕑 June 13, 2017      🗀 Alumni News, In the News, Top Stories



College of Law alumna Iris A. Elijah '11 recently became the first African-American attorney in the history of the State University System of Florida's Board of Governors. Ms. Elijah, assistant general counsel to the Board, is also the youngest attorney in the Board's history.

Ms. Elijah serves on the Florida Bar's Leadership Academy standing committee, Young Lawyers Division Board of Governors, Big Bend Cares Board of Directors and Second Judicial Circuit's Professionalism Panel. She is also the Chair of the Young Lawyers committee for the Florida Association of Women Lawyers.

"The State University System of Florida has the brightest and most innovative students and I want to ensure they have the tools necessary to succeed during matriculation and after graduation," said Elijah.

Before joining the Board of Governors, she worked as Assistant General Counsel for Florida A&M University and as an Attorney Fellow in FIU's Office of the General Counsel.

Ms. Elijah attributes her career path to her participation in the FIU Office of the General Counsel's Summer Internship Program and Attorney Fellowship Program. "FIU College of Law emphasizes the importance of practical experience.  Experiential learning is essential to developing an excellent lawyer, and the opportunities for experiential learning are abundant in the Miami-Dade community and the College of Law," said Elijah. "The experience and relationships I developed in higher education law while serving in FIU's Office of the General Counsel are unparalleled and an excellent foundation to serving the State University System of Florida."

Ms. Elijah earned a Bachelor's degree in Economics as well as Africana Studies from the University of South Florida. She was named the University of South Florida 2017 Outstanding Young Alumna, Tallahassee Network of Young Professionals 2017 Golden A.C.E Award and received Tallahassee Women Lawyer's 2014 Community Engagement Award.

# EXHIBIT 16

**2336 Immokalee Road**
**Naples, FL 34110**
**Phone:  239.229.8481**
**Fax:  239.449.3397**
**Email: drdiana@dianamclaughlin.com**



Diana McLaughlin M.D. M.B.A. Esq.

*Medicine • Business • Law*

December 11, 2017

**DELIVERED VIA EMAIL TO Iris.Elijah@flbog.edu, Vikki.Shirley@flbog.edu,**
**AND VIA FAX TO (850) 245-9685.**

**Vikki Shirley**
General Counsel
State University System of Florida
Board of Governors
325 West Gaines Street, Suite 1614
Tallahassee, Florida 32399

Re:  Christina M. McLaughlin v. Florida International University

Dear Ms. Shirley,

It has come to my attention that Ms. Iris Elijah currently appears on the Florida International University website.  She is not merely mentioned or listed but is highlighted in an "Alumni News" article as an "In the News, Top Story" dated June 13, 2017.  The article goes on to state that Ms. Elijah is not only an FIU Law graduate but that she worked as "Attorney Fellow in FIU's Office of the General Counsel."  Ms. Elijah is quoted as stating that the "relationships" formed at the FIU's Office of General Counsel was fundamental to her role on the Board of Governors.  Please, see attached copy of web article.

My client, Christina, asserts that this article, contemporaneously posted, on FIU's website infers a conflict of interest on its face.  It is very likely that Ms. Elijah has a close relationship with the subjects of our allegations: Ms. Carbajal (FIU General Counsel), FIU Law professors, and the school as a whole.  It is likely that Ms. Elijah lacks neutrality as to Christina's complaint and may exhibit bias in executing her duties.  Additionally, while I realize the Florida Board of Governors has a limited staff, the assignment of Ms. Elijah to "investigate" my client's complaint, unfortunately, appears consistent with our allegations of lack of impartial and fair treatment of a student by FIU School of Law, and now, the Florida University system.  Finally, proper ethics would require that Ms. Elijah disclose all of these potential conflicts of interest at the time of her first communication.  The burden fell on the student to uncover the conflict of interest on her own.  We allege that if Ms. Elijah is not removed from the handling of Christina's complaint, any investigation, processing or decision-making by the Board of Governors becomes tainted and lacks credibility.

We, respectfully, request that Ms. Elijah recuse herself from any involvement in processing, investigating or decision-making of Christina's complaint.  Furthermore, we request

that any other employees and/or board members that have a connection to any of the parties described in the complaint recuse themselves as well.

Please advise me, in writing, of your intent to remove Ms. Elijah by 5:00 pm, December 15, 2017.  Thank you for your prompt attention.

Sincerely,

DIANA MCLAUGHLIN, M.D., M.B.A., Esq.
Florida Bar Number:  84479
2336 Immokalee Road
Naples, FL  34110
Phone: (239) 229-8481
Fax:   (239) 449-3397
Email: drdiana@dianamclaughlin.com

Cc:  **Iris A. Elijah**

# EXHIBIT 17



**STATE**
**UNIVERSITY**
**SYSTEM**
*of* **FLORIDA**
**Board of Governors**

Office of the Chancellor
325 West Gaines Street, Suite 1614
Tallahassee, FL 32399
Phone 850.245.0466
Fax 850.245.9685
www.flbog.edu

January 26, 2018

Ms. Christina M. McLaughlin
c/o Diana McLaughlin, Esq.
2336 Immokalee Road
Naples, FL 34110

RE: Office of Inspector General and Director of Compliance Case #2018-031

Dear Ms. McLaughlin,

On December 12, 2017, the Board of Governors' Office of Inspector General and Director of Compliance received your complaint letter (with supporting documentation, dated November 24, 2017) from the Board of Governors' Office of General Counsel. Our office agreed to conduct an independent, preliminary review of your concerns.

Our office provides leadership and coordination of audit, investigative, and compliance activities for the Board of Governors Office. Our responsibilities and authority flow from sections 20.055 and 20.155, Florida Statutes; Article IX, Section 7, Florida Constitution; and the Office of Inspector General and Director of Compliance Charter. The Board of Governors Office policy is to respect the processes each university has established to address student complaints and to require that students exhaust all appropriate internal university processes before seeking an external review. However, in circumstances where there are concerns about a university's compliance with external laws or regulations, the Board of Governors may conduct a review of those concerns. If the Board of Governors determines that a state university board of trustees is unwilling or unable to address allegations made by any person relating to waste, fraud, or financial mismanagement, our office reserves the authority to conduct, coordinate, or request investigations into those allegations.

In your complaint, you alleged Florida International University (FIU) violated your civil rights and the Family Educational Rights and Privacy Act (FERPA). Additionally, you expressed various concerns about the conduct of faculty within FIU's College of Law, as well as the college's handling of readmission and grievance/grade appeal processes.

Our office reviewed your complaint letter and the supporting documentation you provided to the Board of Governors, which included various email and letter correspondences between

Florida A&M University | Florida Atlantic University | Florida Gulf Coast University | Florida International University
Florida Polytechnic University | Florida State University | New College of Florida | University of Central Florida
University of Florida | University of North Florida | University of South Florida | University of West Florida

OIGC #2018-031
2

you/your attorney and representatives of FIU and the College of Law; education records (i.e., your College of Law admission application, assignments, exam materials, and grades); and the College of Law's *Academic Policies and Regulations*.  In addition to reviewing the materials you provided, our office reviewed information available through FIU and the College of Law's websites, other relevant FIU policies and regulations, and FERPA requirements.

After reviewing your complaint and supporting documentation, the relevant policies of FIU and the College of Law, and FERPA requirements, we made the following determinations:

- FIU acted in good faith to comply with your request to inspect your law school education records;
- FIU College of Law complied with their *Academic Policies and Regulations* in matters related to academic dismissal and readmission procedures; and
- Although you failed to initiate a grievance as prescribed in FIU Policy 380.047 *Graduate Student Academic Grievance Guidelines and Procedure*, the Interim Associate Dean for Academic Affairs attempted to meet with you regarding your concerns about faculty within the College of Law.

Based on our review, the information you provided clearly demonstrates the university was both willing and able to address your concerns.  Subsequent to our review, we read and considered the enclosed response from FIU's General Counsel (dated December 21, 2017) concerning your complaint letter to the Board of Governors and the allegations contained therein.  The information presented in FIU's response further supports our determinations related to the university's actions to address your concerns.  We consider this matter closed in our office and recommend no further action by the Board of Governors.

Thank you for the opportunity to respond to your concerns.  We wish you the best in your future endeavors.

Sincerely,

Rebekah Weeks, CIGI
Investigations and Audit Specialist

Enclosure

cc: Joseph Maleszewski, Inspector General and Director of Compliance, Board of Governors
Vikki Shirley, General Counsel, Board of Governors
Office of the General Counsel, Florida International University

Hasler
01/29/2018
US POSTAGE $000.47⁰

FIRST-CLASS MAIL

ZIP 32399
011E12850211

STATE
UNIVERSITY
SYSTEM
of FLORIDA
Board of Governors

325 West Gaines Street, Suite 1614
Tallahassee, Florida 32399

Ms. Christina M. McLaughlin
c/o Diana McLaughlin, Esq.
2336 Immokalee Road
Naples, FL 34110

34110$1414 R047

# EXHIBIT 18

# USPS Tracking®

**FAQs** ❯ (http://faq.usps.com/?articleId=220900)

## Track Another Package ➕

**Tracking Number:** 9510812746297332176520

Remove ✕

**Expected Delivery on**

# MONDAY

# 4

DECEMBER
2017 ⓘ

by

# 8:00pm ⓘ

## ✓ Delivered

December 4, 2017 at 8:27 am
Delivered, Left with Individual
WASHINGTON, DC 20202

---

Proof of Delivery                                                    ⌄

---

**Tracking History**                                                 ⌃

**December 4, 2017, 8:27 am**
Delivered, Left with Individual
WASHINGTON, DC 20202
Your item was delivered at 8:27 am on December 4, 2017 in WASHINGTON, DC 20202 to
EDUCATION 20202 R9. The item was signed for by M CHILDS.

---

**December 3, 2017, 12:06 pm**
Delivery Attempted - No Access to Delivery Location
WASHINGTON, DC 20202

**How can I help you?**

**December 3, 2017, 11:13 am**
Arrived at Hub
WASHINGTON, DC 20018

**December 3, 2017**
In Transit to Next Facility

**December 2, 2017**
In Transit to Next Facility

**December 1, 2017, 12:08 pm**
Arrived at USPS Regional Destination Facility
WASHINGTON DC DISTRIBUTION CENTER

**December 1, 2017, 9:02 am**
Arrived at USPS Regional Destination Facility
WASHINGTON DC DISTRIBUTION CENTER

**December 1, 2017, 6:27 am**
Departed USPS Regional Facility
WASHINGTON DC NETWORK DISTRIBUTION CENTER

**November 30, 2017, 9:38 pm**
Arrived at USPS Regional Destination Facility
WASHINGTON DC NETWORK DISTRIBUTION CENTER

**November 30, 2017, 1:19 pm**
Arrived at USPS Facility
HYATTSVILLE, MD 20785

**November 30, 2017**
In Transit to Next Facility

**November 29, 2017, 10:32 am**
Departed USPS Regional Facility
YBOR CITY FL DISTRIBUTION CENTER

How can I help you?

**November 29, 2017**
In Transit to Next Facility

**November 28, 2017, 10:24 pm**
Arrived at USPS Regional Origin Facility
YBOR CITY FL DISTRIBUTION CENTER

**November 28, 2017, 2:35 pm**
USPS in possession of item
NAPLES, FL 34108

**Product Information**                                               ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

**How can I help you?**

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

• See images* of incoming mail.

• Automatically track the packages you're expecting.

• Set up email and text alerts so you don't need to enter tracking numbers.

• Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS's automated equipment.**app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%**

**(https://www.usps.com/)**

**How can I help you?**

**HELPFUL LINKS**

Contact Us (https://www.usps.com/help/welcome.htm)

Site Index (https://www.usps.com/globals/site-index.htm)

FAQs (http://faq.usps.com/)

**ON ABOUT.USPS.COM**

About USPS Home (http://about.usps.com/)

Newsroom (http://about.usps.com/news/welcome.htm)

USPS Service Updates (http://about.usps.com/news/service-alerts/welcome.htm)

Forms & Publications (http://about.usps.com/forms-publications/welcome.htm)

Government Services (https://www.usps.com/gov-services/gov-services.htm)

Careers (http://about.usps.com/careers/welcome.htm)

**OTHER USPS SITES**

Business Customer Gateway (https://gateway.usps.com/)

Postal Inspectors (https://postalinspectors.uspis.gov/)

Inspector General (http://www.uspsoig.gov/)

Postal Explorer (http://pe.usps.gov/)

National Postal Museum (http://www.postalmuseum.si.edu/)

Resources for Developers (https://www.usps.com/webtools/welcome.htm)

**LEGAL INFORMATION**

Privacy Policy (http://about.usps.com/who-we-are/privacy-policy/privacy-policy-highlights.htm)

Terms of Use (http://about.usps.com/termsofuse.htm)

FOIA (http://about.usps.com/who-we-are/foia/welcome.htm)

No FEAR Act EEO Data (http://about.usps.com/who-we-are/no-fear-act/welcome.htm)

Copyright © 2018 USPS. All Rights Reserved.

 **(https://www.facebook.com/USPS?rf=108501355848630)**

 **(https://twitter.com/usps)**

 **(http://www.pinterest.com/uspsstamps/)**

 **(https://www.youtube.com/usps)**

**How can I help you?**

# EXHIBIT 19



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF MANAGEMENT

May 29, 2018

Mr. Mark Rosenburg
President
Florida International University
11200 SW 8th Street - Rafael Diaz Balart Hall
Miami, Florida 33199

Complaint No. 2067
Family Educational Rights
and Privacy Act

Dear Mr. Rosenburg:

Ms. Diana McLaughlin (Attorney) has filed a complaint on behalf of her client Ms. Christina McLaughlin (Student) with the Family Policy Compliance Office (Office) alleging that Florida International University College of Law (Institution) violated rights afforded students by the Family Educational Rights and Privacy Act (FERPA). The Student has provided this Office with consent authorizing Ms. Diana McLaughlin to represent her with regard to this FERPA complaint. This Office, under authority of § 99.60 of the FERPA regulations, investigates complaints in accordance with the procedures outlined in § 99.65. *See* https://www.ecfr.gov/cgi-bin/text-idx?rgn=div5&node=34:1.1.1.1.33. The section states, in summary:

- The Office will notify the complainant and the institution against which the violation has been alleged, in writing, if it initiates an investigation of a complaint.

- The notification to the institution under this section shall include the substance of the alleged violation and shall ask the institution to submit a written response to the complaint.

This letter serves to notify you of the allegation and to provide you the opportunity to submit a written response. On December 4, 2017, the Department received a complaint alleging that the Institution violated the FERPA regulations.

Allegation 1:

The Student through Counsel alleges that the Institution violated § 99.7 of the FERPA regulations when it failed to annually notify students of their rights, including rights of the Student, as required by FERPA and states:

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-4500
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2 – Mr. Mark Rosenburg

> …[The Institution] failed to provide any notification of rights under FERPA to
> students attending the law school in violation of 34 C.F.R. 99.7(a)(3)(iii).  In Fall
> Semester 2016, law students were not provided any notification of FERPA rights.
> [The Institution] makes no mention of FERPA in any manner.  [The Institution]
> publishes nothing about FERPA on their website.  [The Institution] does not send
> any FERPA notification emails to law students.  No mention of rights under
> FERPA is made in the [Institution]'s *Academic Policies and Regulations*.  If FIU,
> the undergraduate school (not the law school), publishes notification of FERPA
> rights on the undergraduate website, we allege that it is insufficient notice to the
> students at the [Institution].  [The Institution] functions as a separate entity and
> does not refer students to FIU website.  Contrastingly, FIU School of Medicine
> publishes a procedure and a form to submit complaints under FERPA on the
> medical school website. [The Institution] has a statutory duty to affirmatively and
> clearly publish FERPA compliant procedure to review, dispute, and hold a
> hearing and amend FERPA records.  [The Institution] violates FERPA
> notification statutory requirement.

Under § 99.7 of the FERPA regulations, educational agencies and institutions must annually
notify students of their rights.  In this regard, schools are required to notify students of the right
to inspect and review the student's education records and the procedure to do so; the right to seek
amendment of records the student believes are inaccurate and the procedure to do so; and the
right to consent to disclosures of education records except to the extent FERPA authorizes
disclosure without consent.  The notification must also inform students of their right to file a
complaint with this Office and it must include a specification of criteria for determining who are
school officials and what constitutes a legitimate educational interest in education records.  A
school is not required to notify students individually, but rather is required to provide the notice
by any means that are reasonably likely to inform students of their rights.  These means could
include publication in the school activities calendar, newsletter, student handbook or website.

Allegation 2:

Student through Counsel alleges that the Institution violated § Section 99.10(a) and (b) of
the FERPA regulations when it denied the Student access to the student's education
records within 45 days in response to the Student's requests, and states:

> [The Institution] failed to provide timely access to her FERPA records in violation
> of 20 U.S.C. s.1232 (g)(1)(A)(2011).  FERPA requires universities to provide all
> education records within 45 days.  The facts clearly demonstrate that [the
> Institution] delivered a fourth attempt of a incomplete FERPA records release
> more than 60 days from request and only in response to multiple requests.  [The
> Student] requested all of her student records on June 8, 2017.  [The Instituion]
> claimed to have finished sending all the student records in their possession on
> August 5, 2017 or more than 45 days.  [The Instituion] is in strict violation of
> FERPA access to education records on its face.  Additionally, [the Instituion] did
> not act in good faith to provide student records.  [The Student] requested her

Page 3 – Mr. Mark Rosenburg

> student records on June 8, …June 16, …July 18, …July 22, 2017, and again on
> July 31, 2017. After each request, [the Instituion] made excuses and delayed
> turning over partial student records. Again, [the Instituion's] actions caused [the
> Student] to be forced to make multiple demands, increasing the burden and
> hardship for the student. [The Institution] intentionally obstructed the release of
> student records to discourage and defer access to damaging evidence of [the
> Institution] malfeasance. [The Instution's] handling of the education records
> request is contrary to FERPA's intent of full release and disclosure upon a student
> request.

Student further alleges through Counsel that the Institution violated the Student's rights under
FERPA when it did not provide her with complete access to her education records.
Specifically, Counsel states:

> …[The Institution] failed to provide all of the [Student's] FERPA records in
> violation of 20 U.S.C. s. 1232 (g)(1)(A)(2011). [The Student] requested a list of
> records several times that fall within the definition of student records under
> FERPA. [The Institution] admits that they are no longer in possession of some of
> the records. In other cases, [the Institution] provided records that were
> incomplete. [The Institution] did not disclose computation of grades, records of
> bumping down of grades, and scantron answer (not test question) keys. We allege
> that [the Institution] is intentionally hiding these FERPA student records because
> those records would provide proof of tortious acts committed by several law
> professors. [The Student] disputes that all records were provided. The requested
> FERPA records are material and relevant to a FERPA hearing to provide proof of
> inaccurate and misleading grades on the transcript.

Section 99.10(a) and (b) of the FERPA regulations state:

> Except as limited under § 99.12, a parent or eligible student must be given the
> opportunity to inspect and review the student's education records.

> \*        \*        \*        \*        \*

> The educational agency or institution  . . .  shall comply with a request for access to
> records within a reasonable period of time, but not more than 45 days after it has received
> the request.

We note that while a school is required to provide an eligible student access to education records,
it is not generally required by FERPA to provide *copies* of education records. However, if
circumstances effectively prevent an eligible student from exercising his or her right to inspect
and review education records, the school would be required to either provide the eligible student
with a copy of the records requested or make other arrangements that would allow for the
eligible student to inspect and view the requested records. For example, a school could be
required to provide copies, or make other arrangements for inspection and review, if the student
did not live within commuting distance of the school.

Page 4 – Mr. Mark Rosenburg

While a school would be required to conduct a reasonable search for education records, it is the responsibility of the student to clearly specify the records to which he or she is seeking access. If a student makes a "blanket" request for a large portion of his or her education records and the student believes that he or she was not provided certain records which were encompassed by that request, he or she should submit a follow-up request clarifying the additional records he or she believes exist.

Also, a school is not required by FERPA to provide anyone other than the eligible student access to, or copies of, the student's education records, even if the student has provided appropriate written consent for disclosure to that party.

<u>Allegation 3:</u>

Student through Counsel alleges that the Institution violated § Section 99.20 of the FERPA regulations when it denied the Student's request for a hearing to amend certain of the Student's education records and failed to comply with FERPA's amendment provisions for hearings. Specifically, Counsel states:

1. [The Institution] failed to comply with a request for a FERPA hearing in violation of 20 U.S.C. 1232(f) and 20 U.S.C. 1232(g). On August 17, 2017, [the Student] requested a FERPA hearing directly to FIU's President Rosenberg. [The Student] made this request because [the Student] alleges in good faith that [the Student's] student records are inaccurate and misleading. [The Student] had spent three months asking that [the Institution] review [the Student's] grades and scoring on assignments of [the Student's] 1L year. [The Student] felt that [the Student] has the right to a FERPA hearing because [the Student] continues to allege that [the Student's] grades are fraudulent and inaccurate. [The Institution] did not review all [of the Student's] grades for computational errors. [The Student] requested a FERPA hearing because the issue of student record accuracy was not settled. [The Student] did not provide or schedule a FERPA hearing.

2. [The Institution violated FERPA when it] responded to [the Student's] request for a FERPA hearing by referring her to a "grievance process." [The Institution's] Interim Associate Dean for Academic Affairs, Ms. Rosenthal emailed in response to the FERPA hearing request that the "grievance process" is an "informal resolution of student complaints." [The Institution] would only deal with a student complaint about misconduct of one professor. An informal grievance is not a FERPA hearing. A grievance process is in contraposition to the statutory vested right to a formal FERPA hearing. [The Institution] ignored all complaints about fraudulent grading and about several other professors. We allege that [the Institution] purposely avoided a FERPA hearing to cover-up [the Institution's] professor's tortious acts.

3. We continue to claim that [the Institution] has no stated FERPA process for its students. However, if [the Institution] is allowed to use FIU Undergraduate's FERPA policy, then we allege that FIU failed to follow that process. FIU

Page 5 – Mr. Mark Rosenburg

Undergraduate has a written process that states that If a "request for amendment to education records was not settled" then the request is forwarded to FIU's Vice-President for Academic Affairs. Upon receipt of the request, FIU shall "appoint a disinterested University official to serve as the hearing officer." FIU's FERPA policy also states that FIU shall "schedule a hearing within 25 days of the date of receipt of the request for hearing." FIU failed to follow its published process at every step. FIU did not refer the request for FERPA hearing to FIU's Vice-President for Academic Affairs. The Interim Associate Dean of [the Institution] is not the same person. FIU did not appoint a disinterested University official to serve as the hearing officer." Ms. Rosenthal is not a "disinterested" University official. She is part of the same faculty that we allege committed the discrimination and retaliation against [the Institution]. Ms. Rosenthal did not represent herself as a "hearing officer" and she did not appoint a "hearing officer." FIU failed to "schedule a hearing within 25 days of the date of receipt of the request for hearing." Ms. Rosenthal refused to meet with [the Student] because [the Student] was represented by an attorney. Ms. Rosenthal terminated the grievance process and never followed through with any investigation or setting of a hearing date. FIU and/or Ms. Rosenthal never contacted [the Student] again. FIU is in strict violation of FERPA because it failed to follow its stated process that would have allowed [the Student] to amend inaccurate information of her education records.

4. Furthermore, FIU committed the most egregious unethical conduct: FIU denied [the Student] the assistance of counsel. On June 26, 2019, FIU was placed on formal notice of pending litigation. Ms. Rosenthal denied [the Student] the assistance of counsel during discussions about the grievance process. Ms. Rosenthal is a law professor and a member of The Florida Bar, and knows that any conversation with an adversarial party in the pre-suit period is highly prejudicial to my client. FIU has claimed that Ms. Rosenthal is serving in her capacity as an administrator. That claim is completely disingenuous. Ms. Rosenthal is acting as FIU's agent on FIU President's and General Counsel's orders. All conversations with Ms. Rosenthal would be admissible and likely to be used by FIU, the opposing party, as adversarial evidence. FERPA rules permit the use of an attorney for FERPA hearings. It is FIU's statutory duty to comply with FERPA's intent to permit the assistance of counsel in educational records disputes. The fact that Ms. Rosenthal was requesting an informal meeting (rather than a FERPA hearing) with [the Student] and prohibited … [Counsel] from attending is a difference without meaning. [The Institution], an institution charged with training future attorney's, abridged [the Student's] rights to an attorney.

Under FERPA, a school is required to consider a student's request for amendment of an education record, to inform the student of its decision, and if the request is denied, to advise the student of the right to a hearing on the matter. 34 CFR § 99.20. If, as a result of a hearing, a school decides not to amend the record, then the student has the right to insert a statement in the

Page 6 – Mr. Mark Rosenburg

record setting forth his or her views. 34 CFR § 99.21. That statement must remain with the record for as long as the record is maintained. 34 CFR § 99.21(c).

However, a school is not required by FERPA to afford a student the right to seek to change substantive decisions made by school officials, such as grades or evaluations. This fact is indicated in the legislative history of FERPA. The primary source of legislative history regarding FERPA is contained in the "Joint Statement in Explanation of Buckley/Pell Amendment," Volume 120 of the Congressional Record, pages 39862-39866. The Joint Statement states that FERPA was "not intended to overturn established standards and procedures for the challenge of substantive decisions made by an educational institution." (Emphasis added.) FERPA was intended to require only that educational agencies and institutions conform to fair recordkeeping practices and not to override the accepted standards and procedures for making academic assessments. For example, evaluations and other records related to a student's performance, upon which a grade may be based, would only be subject to the FERPA amendment procedure if they contain inaccurately recorded information, such as a wrong date or misspelled name.

Section 99.22 of the FERPA regulations sets forth the minimum requirements for conducting a hearing under the FERPA amendment provisions. In particular, the regulations provide:

> The educational agency or institution shall make its decision in writing within a reasonable period of time after the hearing.

> and

> The decision must be based solely on the evidence presented at the hearing, and must include a summary of the evidence and the reasons for the decision.

34 CFR § 99.22(e) and (f).

Implicit in these provisions is the understanding that students who seek amendment of their education records under the FERPA amendment procedure will be provided a copy of the decision made subsequent to a hearing, including the summary of the evidence and the reasons for the decision.

To complete the procedure outlined in § 99.65(a)(2) of the FERPA regulations, please investigate the Student's allegation and provide this Office a written response within four weeks after you receive this letter. Please refer to complaint number 2067 in the Institution's written response and mail the response to:

> Family Policy Compliance Office
> U.S. Department of Education
> 400 Maryland Avenue, SW
> Washington, D.C. 20202 – 8520

Page 7 – Mr. Mark Rosenburg

If you have any questions specific to this complaint, please contact this Office, referencing your complaint number, via email at FERPA.Complaints@ed.gov, or phone at 202-260-3887 and select Option #3.  For general information concerning FERPA and the Office's complaint procedures, please visit our website at https://studentprivacy.ed.gov/.

Sincerely,

Dale King

Dale King
Director
Family Policy Compliance Office

cc: Counsel
    Student

**U.S. DEPARTMENT OF EDUCATION**
**WASHINGTON, DC 20202**

**OFFICIAL BUSINESS**
PENALTY FOR PRIVATE USE $300

Mail Stop 8520

CAP DISTRICT
MID 207
05 JUN '18
PM 2 L

$ 00.68⁰
PITNEY BOWES
0002006818   JUN 05 2018
MAILED FROM ZIP CODE 20001

Ms. Diana McLaughlin
2336 Immokalee Road
Naples, FL 34110

34110-141436

# EXHIBIT 20

U.S. Department of Justice

Civil Rights Division

*Educational Opportunities Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

SS:FRM:RH:gg
DJ 169-18-0

JUN 0 5 2018

Diana McLaughlin, Esq.
2336 Immokalee Road
Naples, FL  34110

Dear Ms. McLaughlin:

This is in response to your November 24, 2017 and February 6, 2018 letters addressed to the Attorney General in which you allege that your client, Ms. Christina McLaughlin, suffered harassment and retaliation by officials at Florida International University, School of Law in Miami, Florida, based on her perceived political affinity. We have carefully reviewed your correspondence.

The Educational Opportunities Section enforces federal laws that protect students from harassment or discrimination.  The Section is responsible for enforcing Title IV of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, color, national origin, sex, and religion in public schools and institutions of higher learning; the Equal Educational Opportunities Act of 1974 which, among other things, requires states and school districts to provide English Language Learner (ELL) students with appropriate services to overcome language barriers; and Titles II and III of the Americans with Disabilities Act, which prohibit discrimination based on disability.

However, the Section is not able to pursue every complaint we receive. We have determined that your allegations do not appear to fall within our jurisdiction.  Accordingly, no action will be taken in response to this complaint.

Thank you for taking the time to contact the Department of Justice about your concerns.

Sincerely,

Rafael J. Hernández Toro
Paralegal Specialist

Hasler

UNITED STATES
$00.470
06/06/2018
Mailed From  20530
US POSTAGE

US OFFICIAL MAIL
$300 Penalty
For Private Use)

Ms. Diana McLaughlin, Esq.
2336 Immokalee Road
Naples, FL  34110

34110$1414  R047

U.S. Department of Justice

Washington, D.C. 20530

Official Business
Penalty for Private Use $300

# EXHIBIT 21

U.S. Department of Justice

Civil Rights Division

SAS:FM:NKP
DJ 169-18-0
ID 4019942

*Educational Opportunities Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

JUN 2 7 2018

Diana McLaughlin, M.D., M.B.A., Esq.
2336 Immokalee Road
Naples, FL  34110-1414

Dear Ms. McLaughlin:

This responds to your April 15, 2018 letter to the Attorney General in which you request an update on your complaint dated November 24, 2017, alleging that your client, Ms. Christina McLaughlin, suffered harassment and retaliation by officials at Florida International University, School of Law, based on her perceived political affinity.  Your letter was forwarded to the Civil Rights Division, Educational Opportunities Section for response.  We have carefully reviewed your correspondence.

On June 5, 2018, the Section responded to your November 24, 2017 and February 6, 2018 letters explaining that your allegations did not appear to fall within the Section's jurisdiction, and that the Section would take no action in response to the complaint.  Your April 15, 2018 letter refers to the same allegations raised in your prior letters.  For the reasons explained in our June 5, 2018 letter that the circumstances you describe in your letters are not encompassed within the ambit of Title IV (discrimination based on one of the prohibited classifications), the Section is without jurisdiction to take action in response to the allegations raised in your letters.

Thank you for taking the time to contact the Department of Justice about your concerns.

Sincerely,

Navin K. Pant
Trial Attorney

US OFFICIAL MAIL
$300 Penalty
For Private Use)

US POSTAGE

$00.470
06/27/2018
Mailed From  20530

Hasler

**U.S. Department of Justice**

*Washington, D.C. 20530*

Official Business

Diana McLaughlin, M.D., M.B.A., Esq.
2336 Immokalee Road
Naples, FL  34110-1414

34110&1414  PC47

# EXHIBIT 22



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS, REGION IV**

REGION IV
ALABAMA
FLORIDA
GEORGIA
TENNESSEE

61 FORSYTH ST., SOUTHWEST, SUITE 19T10
ATLANTA, GA 30303-8927

March 8, 2018

Christina M. McLaughlin
1236 Pocantico Lane
Naples, Florida 34110

Re: Complaint #04-18-2090

Dear Ms. McLaughlin:

On December 13, 2017, the U.S. Department of Education, Office for Civil Rights (OCR) received the above-referenced complaint that you filed against Florida International University, School of Law (University). In your complaint you alleged that the University discriminated against you and subjected you a hostile environment because of your "strong support of the Republican Party and President Donald J. Trump." In addition, you alleged that the University failed to provide you with "FERPA records" in a timely manner, failed to follow its administrative grievance procedure and grade view policies, denied you "due process procedural safeguards" and that University faculty targeted and retaliated against you for your political beliefs.

OCR enforces federal laws that prohibit discrimination based on race, color, national origin, sex, disability, and age, as well as discrimination in violation of the Boy Scouts of America Equal Access Act of 2001. In addition, the laws enforced by OCR prohibit retaliation against any individual who asserts rights or privileges under these laws or who files a complaint, testifies, or participates in an OCR proceeding.

After carefully reviewing the information you provided, OCR determined that we will not investigate your complaint because we do not have jurisdiction, or authority, to investigate the issues you raised. You did not allege that the University discriminated against someone on the basis of race, color, national origin, sex, age, or disability; violated the Boy Scouts of America Equal Access Act of 2001; or retaliated against someone in violation of a law enforced by OCR. Therefore, OCR is dismissing your complaint as of the date of this letter and will take no further action on the complaint.

We did not notify the University of your complaint. Nevertheless, please be advised that the University must not harass, coerce, intimidate, discriminate, or otherwise retaliate against an individual because that individual asserts a right or privilege under a law enforced by OCR or files a complaint, testifies, assists, or participates in a proceeding under a law enforced by OCR. If this happens, the individual may file a retaliation complaint with OCR.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. If OCR receives such a request, we will seek to protect personally identifiable information that could reasonably be expected to constitute an unwarranted invasion of personal privacy if released, to the extent provided by law.

If you have any questions about this letter, please contact Cerrone Lockett, Esq. the OCR attorney assigned to this complaint, at 404-974-9318.

Sincerely,

Andrea M. de Vries
Compliance Team Leader





UNITED STATES POSTAGE
PITNEY BOWES

$ 000.470
02 1P         MAR 09 2018
0000884395
MAILED FROM ZIP CODE 30303

N METRO
GA 301
MAR '18

34110-141436

Diana McLaughlin, M.D., M.B.A., Esq.
2336 Immokalee Road
Naples, Florida 34110

**U.S. DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
ATLANTA OFFICE, SOUTHERN DIVISION
61 FORSYTH ST. SW
SUITE 19T10
ATLANTA, GA 30303

**OFFICIAL BUSINESS**
PENALTY FOR PRIVATE USE $300

# EXHIBIT 23



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF MANAGEMENT

May 3, 2018

Diana McLaughlin
2336 Immokalee Road
Naples, FL 34100

Dear Ms. McLaughlin:

This letter is in response to your April 17, 2018, letter to Secretary DeVos in which you express concerns with the Department's handling of the complaint filed by your client, Christina McLaughlin, with the Family Policy Compliance Office (FPCO or Office). Specifically, you state that FPCO failed to timely process and investigate your client's complaint in which she alleges that the Florida International University School of Law (Institution) violated her rights under the Family Educational Rights and Privacy Act (FERPA). Your correspondence has been forwarded to FPCO for response so that it may address your concerns and provide an update on the status of the complaint filed by Ms. McLaughlin.

Foremost, please accept my apologies on behalf of this Office in regards to the processing of the original complaint. We assure you that our Office views all complaints received as equally important and strives to address them as quickly as possible in the order in which they are received. Further, we do not give one complainant preferential or expedited processing over others, or delay processing a complainant based on factors not specifically relative to FERPA. Unfortunately, the manner in which the complaint was submitted, specifically addressed to multiple offices within the Department, exposed a weakness in our internal processing of such complaints. We will work with our colleagues within the Department to ensure these situations are better handled in the future. While we cannot undo the initial processing of Ms. McLaughlin's complaint, we will amend our records to reflect the original submission date as December 4, 2017. Due to the volume of correspondence received by this Office and limited resources, we are currently not able to respond to all complaints in as timely a manner we prefer. However, we will take steps to expedite Ms. McLaughlin's complaint so that it is processed relative to the timeliness of other complaints received during that timeframe.

We appreciate your recent correspondence, in which you clearly and succinctly delineate your allegations as supported by the statutory citations. We are currently finalizing written notification that will be issued to the Institution initiating an investigation into the allegations forwarded by your client. You will receive a copy of that notification upon its issuance. However, we need clarification regarding a statement included in your April 21, 2018, correspondence to this Office where you state, "On June 26, 2017, FIU was placed on formal notice of pending litigation." It is the policy of this Office that if a party commences litigation in court involving the subject matter of an alleged FERPA violation, this Office would not

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2 – Ms. Diana McLaughlin

investigate an alleged violation prior to a decision by the court.  Generally, once the allegation in question is no longer the subject of such litigation, we would again consider the allegation upon request.  The results of the litigation are considered in determining what action the Office will take.

While we will continue to finalize our letter to the Institution initiating an investigation, we will delay issuance pending confirmation that there is no current litigation between your client and the Institution, the subject of which pertains to the allegations filed with this Office.  Please submit your confirmation via email to FERPA.Complaints@ed.gov or send it to FPCO at the following address:

> Family Policy Compliance Office
> U.S. Department of Education
> 400 Maryland Avenue, SW
> Washington, D.C. 20202 - 8520

Again, please accept our sincerest apology for the delay in our response.

> Sincerely,
>
> Dale King
> Director
> Family Policy Compliance Office

**U.S. DEPARTMENT OF EDUCATION**
WASHINGTON, DC 20202

**OFFICIAL BUSINESS**
PENALTY FOR PRIVATE USE $300

Mail Stop 8520

34110#1414 RC47

Ms. Diana McLaughlin
2336 Immokalee Road
Naples, Florida 34100



0 2 1R
0002006818
MAILED FROM ZIP CODE 20001
UNITED STATES POSTAGE
$ 00.47⁰
MAY 04 2018
PITNEY BOWES

# EXHIBIT 24

# RE: FPCO Complaint 18-0184; FPCO Complaint 2067

Diana McLaughlin <drdiana@christyforcongress.com>

Tue 11/27/2018 10:22 AM

To:Hawes, Michael <Michael.Hawes@ed.gov>;

Cc:FERPA.Complaints@ed.gov <FERPA.Complaints@ed.gov>;

Dear Mr. Hawes,

   I'm following up on the status of the above-referenced complaint.  Has the FPCO made a determination on Ms. McLaughlin's complaint and if not, when do you anticipate making a determination? Additionally, has the FPCO received any further information or communications from FIU?

Thank you for your consideration in advance.

Diana McLaughlin, M.D., M.B.A., Esq.

Attorney for Christina McLaughlin

(239) 229-8481

---

**From:** Hawes, Michael< Michael.Hawes@ed.gov>
**Sent:** Tuesday, November 20, 2018 2:00 PM
**To:** Diana McLaughlin
**Subject:** RE: FPCO Complaint 18-0184; FPCO Complaint 2067

Ms. McLaughlin,

I was just speaking with one of my caseworkers about your complaint.  We are nearing completion, and expect to have a response to you shortly.

_____

Michael B. Hawes
Director of Student Privacy Policy, and
Acting Director, Family Policy Compliance Office
Office of the Chief Privacy Officer
U.S. Department of Education

202.453.7017
michael.hawes@ed.gov

---

**From:** Diana McLaughlin [mailto:dianamclaughlin@dianamclaughlin.com]
**Sent:** Wednesday, November 21, 2018 1:50 AM
**To:** Hawes, Michael
**Cc:** FERPA.Complaints
**Subject:** FPCO Complaint 18-0184; FPCO Complaint 2067

Dear Mr. Hawes,


We spoke on November 1, 2018 regarding the above-referenced complaint.  You apologized for the delays in handling this complaint and indicated you expected a finding on this case in approximately two weeks.  Obviously, we are at the three week date and we have yet to hear anything.  Please provide me with a status as soon as possible.


Sincerely,


Diana McLaughlin, M.D., M.B.A., Esq.
Attorney for Christina McLaughlin
Florida Bar Number 84479

# EXHIBIT 25

# RE: FPCO Complaint 18-0184; FPCO Complaint 2067

Hawes, Michael <Michael.Hawes@ed.gov>

Wed 4/24/2019 2:52 PM

To:Diana McLaughlin <dianamclaughlin@dianamclaughlin.com>;

Dr. McLaughlin,

Please forgive the tardiness of my reply to your email, I was out of the office Monday and Tuesday.

Your daughter's investigation is still under review by our General Counsel's office, but I did receive word this morning that there has been movement on the case.  I will let you know as soon as we are able to issue the findings letter.

-Michael

_____

*Michael B. Hawes*
*Director, Student Privacy Policy Office*
*Office of Planning, Evaluation, and Policy Development*
*U.S. Department of Education*
*Michael.Hawes@ed.gov*

**From:** Diana McLaughlin <dianamclaughlin@dianamclaughlin.com>
**Sent:** Monday, April 22, 2019 10:18 AM
**To:** Hawes, Michael <Michael.Hawes@ed.gov>
**Subject:** RE: FPCO Complaint 18-0184; FPCO Complaint 2067

Dear Mr. Hawes,

Would you please update me on the status of this investigation?

Diana McLaughlin, M.D., Esq.

**From:** Hawes, Michael <Michael.Hawes@ed.gov>
**Sent:** Friday, March 22, 2019 3:31 PM

**To:** Diana McLaughlin
**Subject:** RE: FPCO Complaint 18-0184; FPCO Complaint 2067

Dr. McLaughlin,

I apologize for the delay, but we are still working through some issues regarding your daughter's case with our General Counsel's office.  I hope to have more news soon.

-Michael
_____
Michael Brewster Hawes
Director, Student Privacy Policy Office
Office of Planning, Evaluation, and Policy Development
U.S. Department of Education
202.453.7017
michael.hawes@ed.gov

**From:** Diana McLaughlin [mailto:dianamclaughlin@dianamclaughlin.com]
**Sent:** Friday, March 22, 2019 3:28 PM
**To:** Hawes, Michael
**Subject:** RE: FPCO Complaint 18-0184; FPCO Complaint 2067

Dear Mr. Hawes,

Would you please update me on the status of this investigation?

Diana McLaughlin, M.D., Esq.

**From:** Hawes, Michael <Michael.Hawes@ed.gov>
**Sent:** Tuesday, January 8, 2019 10:28 AM
**To:** Diana McLaughlin
**Subject:** RE: FPCO Complaint 18-0184; FPCO Complaint 2067

Dr. McLaughlin,

Yes, I will call you at 4PM (Eastern) tomorrow afternoon.

_____
Michael B. Hawes

Director, Student Privacy Policy Office
Office of Planning, Evaluation, and Policy Development
U.S. Department of Education
202.453.7017
michael.hawes@ed.gov

---

**From:** Diana McLaughlin [mailto:dianamclaughlin@dianamclaughlin.com]
**Sent:** Tuesday, January 08, 2019 10:18 AM
**To:** Hawes, Michael
**Subject:** RE: FPCO Complaint 18-0184; FPCO Complaint 2067

Good morning Mr. Hawes.  Just confirming if we still plan to speak tomorrow afternoon at 4:00 pm.  Please let me know.

Thanks,

Diana

---

**From:** Hawes, Michael <Michael.Hawes@ed.gov>
**Sent:** Thursday, January 3, 2019 7:01 AM
**To:** Diana McLaughlin
**Subject:** Re: FPCO Complaint 18-0184; FPCO Complaint 2067

Dr. McLaughlin,

Yes, I was able to find the document.  Thanks.

Sent from my iPad
_____
Michael Brewster Hawes
Director of Student Privacy Policy, and
Acting Director, Family Policy Compliance Office
Office of the Chief Privacy Officer
U.S. Department of Education
202.453.7017
michael.hawes@ed.gov

On Jan 2, 2019, at 9:28 PM, Diana McLaughlin <dianamclaughlin@dianamclaughlin.com> wrote:

Dear Mr. Hawes,

Happy New Year.  I wanted to follow up on our conversation last week.  Were you able to locate the FIU Academic Policies and Regulations?  If you have not, please let me know and I will forward you another copy.

Thank you for your consideration.

Diana McLaughlin, M.D., Esq.

# EXHIBIT 26



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF PLANNING, EVALUATION AND POLICY DEVELOPMENT

October 9, 2019

Ms. Diana McLaughlin
10661 Airport Pulling Road
Suite 9
Naples, Florida 34109

Complaint No. 2067
Family Educational Rights
and Privacy Act

Dear Ms. McLaughlin:

This letter is in response to your September 11, 2019, letter to Secretary DeVos regarding the complaint filed by your client, Christina McLaughlin, with the Student Privacy Policy Office, formerly the Family Policy Compliance Office.

We are writing to confirm that in August of 2019, the Department, via email, offered you an opportunity to review the files that you submitted in connection with your client's complaint and provide any additional files or information that you believed to be relevant to the resolution of your client's complaint. Based on your letter, it does not appear that you received the entirety of the Department's email correspondence because your letter specifically states that the only e-mails that you received from the Department that contained attachments were the following: "Request for Confirmation of Documentation Submitted (Attachment 2 of 6)" and "Request for Confirmation of Documentation Submitted (Attachment 6 of 6)". Therefore, it appears that you did not receive the Department's e-mails containing four other attachments, namely Attachments 1, 3, 4, and 5. To ensure that you are afforded an opportunity to adequately respond to our previous request, we are resending, as attachments to this letter, the files that you provided in connection with your client's complaint that we considered relevant in resolving your client's complaint. As you are aware, the investigation was initially hampered by the fact that the complaint and the supporting documentation submitted with the original request was submitted to and processed by the Department's Office for Civil Rights (OCR).

If you believe that there are other files or information that are relevant to the resolution of your client's complaint, please indicate that and send those files or information to us within fifteen (15) calendar days of receipt of this letter via email, to FERPA.ComplaintResponse@ed.gov (including the complaint number, 2067, in the subject line), or via mail, to the following address:

400 MARYLAND AVE., S.W. WASHINGTON, D.C. 20202-2110

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2 – Ms. Diana McLaughlin

> Student Privacy Policy Office
> U.S. Department of Education
> 400 Maryland Avenue, SW
> Washington, D.C. 20202 – 8520

Thank you in advance for your cooperation.

Sincerely,

Frank E. Miller Jr.
Student Privacy Policy Office

Enclosure