# EXHIBIT 31

                                    **Christina McLaughlin <cmcla012@fiu.edu>**

## Petition for Readmission
3 messages

---

**Christina McLaughlin** <cmcla012@fiu.edu>                    Tue, May 23, 2017 at 4:42 PM
To: tansah@fiu.edu
Bcc: Diana McLaughlin <drdiana@kidsmedicalcare.com>, hugh@kmcnetwork.com

Dean Ansah,

You are already in receipt of the attached letter of appeal in this email.  I sent the attached letter of appeal yesterday through email, fax, and Federal Express.  I received a signed receipt of the mailed letter of appeal the morning of May 23rd, 2017.  I am resending the letter in response to the email I received the afternoon of May 23rd, 2017 providing the directions of the formal submission process of a petition for readmission.  I formally request that I appear before the committee to review my petition for readmission.  I formally request that my mother, Diana McLaughlin, Esq. be present during my appearance.

Please send me email confirmation upon receipt of my petition pursuant to the instructions in the email.  As a reminder, I have a paid legal internship that begins June 2nd, 2017.  I am requesting that I receive a final disposition before June 2nd, 2017.  I am available to appear before the committee at any time, with reasonable notice, taking into consideration that I live in Naples, Florida.  I am, also, requesting that my grade for Spring Semester LSV (LSVII) be reviewed and determined prior to my appearance before the committee.

Respectfully submitted,

Christina McLaughlin

---


📄 **McLaughlin Petition of Appeal.pdf**
2041K

---

**Tawia Ansah** <tansah@fiu.edu>                          Tue, May 30, 2017 at 3:19 PM
To: Christina McLaughlin <cmcla012@fiu.edu>

**Tawia B. Ansah**
Acting Dean
Professor of Law
FIU College of Law
Modesto Maidique Campus
11200 SW 8 Street, RDB Hall 2024
Miami, FL  33199
Office 305-348-8004

---

**From:** Christina McLaughlin <cmcla012@fiu.edu>
**Date:** Tuesday, May 23, 2017 at 4:42 PM

**To:** Tawia Ansah <tansah@fiu.edu>
**Subject:** Petition for Readmission
[Quoted text hidden]

---

**Tawia Ansah** <tansah@fiu.edu>                                          Tue, May 30, 2017 at 3:20 PM
To: Christina McLaughlin <cmcla012@fiu.edu>

Dear Ms. McLaughlin

We are in receipt of your petition.
Thank you.
T.A.


**Tawia B. Ansah**
Acting Dean
Professor of Law
FIU College of Law
Modesto Maidique Campus
11200 SW 8 Street, RDB Hall 2024
Miami, FL  33199
Office 305-348-8004

---

**From:** Christina McLaughlin <cmcla012@fiu.edu>
**Date:** Tuesday, May 23, 2017 at 4:42 PM
**To:** Tawia Ansah <tansah@fiu.edu>
**Subject:** Petition for Readmission

[Quoted text hidden]

# EXHIBIT 32

🔍   Search for a professor or school                                    LOGIN/SIGN UP

✕

# 2.3 / 5

**Overall Quality** Based on <u>7 ratings</u>

# Joycelyn Brown 🔖

Professor in the **Law department** at <u>Miami Dade College (all)</u>

## 3.6

Level of Difficulty

### Rate Professor Brown

<u>I'm Professor Brown</u>   |   <u>Submit a Correction</u>

**Professor Brown's Top Tags**

| TOUGH GRADER | GET READY TO READ |
|---|---|
| SKIP CLASS? YOU WON'T PASS. | TESTS ARE TOUGH |
| PARTICIPATION MATTERS | |

😟 **Bummer, Professor Brown doesn't have any featured ratings**

**Check out Similar Professors in the Law Department**

**5.00** Diana Cardona    **5.00** Frank Bocanegra    **5.00** Noemy Estevez

---

**7 Student Ratings**

All courses ⌄



| QUALITY | | |
|---|---|---|
| **2.0** | PLA2203  😣 AWFUL | Nov 29th, 2016 |

**For Credit:** Yes    **Attendance:** Mandatory    **Would Take Again:** No    **Textbook:** Yes

**DIFFICULTY**

**4.0**

Professor Brown is a nice lady. Very knowledgeable in her field but definitely does not have the time to teach a class. Never gives feedback on assignments, her tests are hard and expects you to give 100% effort when she gives minimal to no effort. Definitely do not take her class if you're ready to not learn.

TOUGH GRADER        GET READY TO READ        GROUP PROJECTS

Help        👍 0    👎 0                                                        🚩

1 of 3

QUALITY

**1.0**

DIFFICULTY

**2.0**

**PLA2203**    😖 AWFUL                                                        Dec 29th, 2015

**For Credit:** Yes    **Attendance:** Mandatory    **Textbook:** No

Professor Brown may be a great attorney but she just does not have the time to teach. She comes to class without any preparation and googles samples of upcoming assignments. Don't expect any feedback. Also really bad with e-mail correspondence. She is a nice person but a terrible professor.

👍 0    👎 0                                                                      🏳

---

QUALITY

**4.0**

DIFFICULTY

**3.0**

**BUL2242**    😎 AWESOME                                                      Aug 24th, 2015

**For Credit:** Yes    **Attendance:** Mandatory    **Grade:** C    **Textbook:** Yes

Extremely intelligent woman and she brings real-world experience into the classroom. Her tests are definitely tough but she is fair when it comes to grading. In order to do well in her class, expect to read the chapters assigned and come to class!

👍 0    👎 0                                                                      🏳

---

QUALITY

**5.0**

DIFFICULTY

**4.0**

**PLA2023**    😎 AWESOME                                                      Jul 30th, 2015

**For Credit:** Yes    **Attendance:** Mandatory    **Grade:** B+    **Textbook:** Yes

Professor Brown is VERY helpful but people misunderstand her because they're just unknown to knowledge. They want the grade thrown at them without any work and that's the problem. People are giving her a low score cause she makes you work for it and I passed cause I worked for it and the lady even offered me her book cause I couldn't afford one

👍 0    👎 0                                                                      🏳

---

QUALITY

**1.0**

DIFFICULTY

**5.0**

**PLA2104**    😖 AWFUL                                                        Apr 24th, 2015

**For Credit:** Yes    **Attendance:** Mandatory    **Grade:** Not sure yet    **Textbook:** Yes

My philosophy for this class was turn something in so she could see that you tired. She is most definitely a nice person but not a good teacher. You will be lost half the class but just turn in the assignment and she'll see that you tired and give you some credit. She is a SLOW grader.

👍 0    👎 0                                                                      🏳

---

QUALITY

**PLA2104**    😖 AWFUL                                                        Apr 21st, 2015

**For Credit:** Yes    **Grade:** D    **Textbook:** Yes



DIFFICULTY

**1.5**

**5.0**

I took this professor the last semester in Kendall, even I consider that she has a lot of knowledge and probably she is a good lawyer, be teacher is different, she don't how to explain, she go over each chapter in 5 min and she gave us hard homework with no basis and the end nobody passed her class. my advice don't take her.

👍 0   👎 0                                                                                          🏳

QUALITY

**1.5**

PLA2104         😣 AWFUL                                                                    Apr 2nd, 2015

**For Credit:** Yes    **Textbook:** No

DIFFICULTY

**2.0**

Overall, she is a very smart and driven woman who has a great personality. Unfortunately, I feel as though her knowledge for law does not necessarily transition well into teaching it to students. She's somewhat confusing, and tries to take on too many tasks at once. Hopefully with time, she will get better because she has the potential to be great.

👍 2   👎 0                                                                                          🏳

© 2020 Altice USA News, Inc. All Rights Reserved                                      **R M P**

!-- Snap Pixel Code -->

# EXHIBIT 33



**Christina McLaughlin <cmcla012@fiu.edu>**

## Grades and Comments
1 message

**Christina McLaughlin** <cmcla012@fiu.edu>                    Fri, May 19, 2017 at 4:32 PM
To: Joycelyn Brown <joybrown@fiu.edu>

Professor Brown,

Could you please send me my grades and your comments from my final appellate brief submissions and my oral arguments?

Thank you,

Christina McLaughlin

# EXHIBIT 34



Christina McLaughlin <cmcla012@fiu.edu>

## Contracts Casebook Plus

2 messages

**Marsha Walker** <walkerm@fiu.edu>                    Wed, Dec 14, 2016 at 1:55 PM
To: "cmcla012@fiu.edu" <cmcla012@fiu.edu>

Dear Christina


Our records indicate that you did not register for Casebook Plus in Professor Norberg's Contracts class.  Please notify me as soon as possible as to whether our records are correct or incorrect.



Marsha Walker-Yang

Program Assistant

FIU  College of Law, RDB 2060

305-348-8374

walkerm@fiu.edu



**Christina McLaughlin** <cmcla012@fiu.edu>                    Wed, Dec 14, 2016 at 2:42 PM
To: Marsha Walker <walkerm@fiu.edu>

Ms. Walker,

I have submitted Casebook Plus assignments throughout the entire semester and met all the deadlines. Professor Norberg announced students that were not registered for Casebook Plus in the middle of the semester and I was not one of the students listed.  Attached is a screenshot of my submissions of the Casebook Plus completed assignments.



Thank you for notifying me of this issue.  I hope we are able to get it resolved.

Christina McLaughlin

[Quoted text hidden]

# EXHIBIT 35

# MEMBER PROFILE

## Marci A.R Rosenthal

Member in Good Standing

Eligible to Practice Law in Florida

**Bar Number:**

96555

**Mail Address:**

Florida International Univ College of Law
UNIVERSITY Park
Miami, FL 33199-0001

Office: **305-348-8350**

Cell: **305-348-8350**

Fax: 305-348-2282

**Email:**

**marciros@fiu.edu**

**Personal Bar URL:**

https://www.floridabar.org/mybarprofile/96555

**vCard:**



**County:**

Miami-Dade

**Circuit:**

11

**Admitted:**

10/17/1996

**10-Year Discipline History:**

None

**Law School:**

University of Miami School of Law

The Find a Lawyer directory is provided as a public service. The Florida Bar maintains limited basic information about lawyers licensed to practice in the state (e.g., name, address, year of birth, gender, law schools attended, admission year). However, The Florida Bar allows individual attorneys the opportunity to add personal and professional information to the directory. The lawyer is solely responsible for reviewing and updating any additional information in the directory. The lawyer's added information is not reviewed by The Bar for accuracy and The Bar makes no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents are not responsible for the accuracy of that additional information. Publication of lawyers' contact information in this listing does not mean the lawyers have agreed to receive unsolicited communications in any form. Unauthorized use of this data may result in civil or criminal penalties. The Find a Lawyer directory is not a lawyer referral service.

# EXHIBIT 36

**2336 Immokalee Road**
**Naples, FL 34110**
**Phone:  239.229.8481**
**Fax:  239.449.3397**
**Email: drdiana@dianamclaughlin.com**



June 26, 2017

**DELIVERED VIA EMAIL TO sisc@fiu.edu AND lissgarc@fiu.edu,**

**FAX TO (305) 348-3272, AND U.S. MAIL**


Isis Carbajal de Garcia
Senior University Counsel
Florida International University
Modesto Maidique Campus PC 511
Miami, FL  33199

Re: Academic Dismissal of Christina McLaughlin

Dear Ms. Carbajal:

You are hereby given formal notice that Christina McLaughlin intends to commence a lawsuit against Florida International University- School of Law for equitable relief of re-instatement of a student in good standing and damages exceeding $75,000.00.  The following professors will be named as co-defendants:  Joycelyn Brown; Howard Wasserman; Thomas E. Baker.  The claims alleged will include, but not limited to, Infringement of the Fundamental right of Freedom of Expression and Freedom of Association; Fraud and Non-Disclosure; Breach of Fiduciary Duty.

The basis of the claims relies on the following allegations:  FIU and its professors intentionally nefariously targeted Christina because she was, and is, an active supporter of the Republican Party and of President Trump.  Christina was well-known to have actively worked for various 2016 Republican campaigns.  Christina has posted on her Facebook pictures of her with Governor Rick Scott; Congressman Francis Rooney and Ambassador John Bolton.  FIU professors intentionally targeted Christina by refusing to provide any academic assistance and were intentionally biased in grading for the express purpose of removing her from FIU School of Law.

Additionally, Christina will claim FIU permitted a hostile educational environment. Christina experienced distress by the overt ostracizing by FIU professors and students.  FIU encouraged "Blue Day" otherwise known as get out the vote for Hillary Clinton Day.  Professor Baker gave a Constitutional Law lecture wearing a "Make America Great Again" hat while

acting mentally disabled and stating his fictional character's heroes were "Donald Trump, Napoleon Bonaparte and Forrest Gump." Professor Wasserman spoke weekly in open class (Civil Procedure) about the illegality of the Trump administration illegality. Given the subject matter of Professor Baker's nor Professor Wasserman's classes relies on the subject matter in these instances, any reasonable observer would conclude the above-referenced behavior was meant to demean, intimidate, and retaliate against anyone not sharing these professor's views. Professor Baker's characterization that any of his students, who voted for the sitting President of the United States, were mentally disabled, is egregious and demonstrates the hostile, threatening environment fostered by FIU. Professor Joycelyn Brown is a well-known liberal with radical ideology. As previously, stated in Christina's appeal, Prof. Brown admitted disregarding the grading rubric and purposely grading lower than the rubric permits. Prof. Brown consistently refused on several occasions to provide any academic guidance and stated "It's a matter of style." All these professors showed unprovoked personal animus towards Christina.

Additionally, FIU permitted the jerry-rigging of school policies to disadvantage Christina and to the benefit of mostly minority students. FIU ignored Christina's request for a grade review of Spring LSV. Her review request was delivered via email on May 22, 2017 and Federal Express on May, 23, 2017, a full eight days prior to Christina's Academic Review Committee appeal meeting on May 31, 2017   Christina's request was based on specific and reasonable facts that merited a response. Professor Wasserman explicitly denied Christina's request for grade review during her appeal meeting, stating the panel had "no jurisdiction" for a grade review. FIU failed to take any further action on this request, ignored the outstanding request for review, and upheld the dismissal. Professor Wasserman refused to accept a letter of representation and refused to allow me, her formal legal counsel, to attend the Academic Review Committee appeal. Additionally, FIU has failed to timely respond to requests for all her educational records under FERPA. Christina alleges that FIU has acted in bad faith and is also in violation of rights guaranteed under FERPA. Additionally, your June 23, 2017 email, requesting a copy of the formal grade appeal, clearly indicates FIU has taken no action to remediate the harm caused to Christina and further demonstrates FIU's bad-faith tactics to obfuscate Christina's grade through lack of transparency. Christina is the victim of discrimination and retaliation because of her political beliefs and active participation in the political process.

This correspondence is a formal pre-suit notice and demands a written response within 10 calendar days. This correspondence serves as constructive notice to the above-mentioned co-defendants who are employed by FIU School of Law. Please, forward accordingly. The above is not intended to be a complete recitation of all applicable law and/or facts, and shall not be deemed to constitute a waiver or relinquishment of any of Christina's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved, including but not limited to the recovery of costs and attorneys' fees. Christina also reserves all rights to file complaints with all applicable federal and state agencies.

Thank you for your consideration on this matter.

Very Truly Yours,

DIANA MCLAUGHLIN, M.D., M.B.A., Esq.
Florida Bar Number:  84479
2336 Immokalee Road
Naples, FL  34110
Phone: (239) 229-8481
Fax: (239) 449-3397
Email:  drdiana@dianamclaughlin.com

# EXHIBIT 37



**Cece Em <christymclaughlin95@gmail.com>**

---

## FW: LSV II concerns

8 messages

---

**Marci Rosenthal** <marciros@fiu.edu>                                 Fri, Aug 25, 2017 at 9:48 AM
To: "christymclaughlin95@gmail.com" <christymclaughlin95@gmail.com>, "cmcla012@fiu.edu"
<cmcla012@fiu.edu>

Dear Ms. McLaughlin,

I am following up on concerns you have expressed in communications to the University regarding your
LSV II professor.  I will review the information that those communications contain about Professor
Brown.  If you wish to provide me with additional information, please contact my office to schedule an
appointment with me at a mutually convenient time.  The purpose of such a meeting is to hear further
from you about your concerns; no legal counsel or other representatives will attend.  If you do not have
additional information that you wish to provide, I will review the grievance based on the information that
we have already received.


Sincerely,


Marci A. Rosenthal

Interim Associate Dean for Academic Affairs

(305) 348-1118

marciros@fiu.edu




*South Florida's first and only public law school*

---

**Cece Em** <christymclaughlin95@gmail.com>                                 Fri, Aug 25, 2017 at 9:49 AM
To: Moma <drdiana@kidsmedicalcare.com>, Evil Dad <hugh@kmcnetwork.com>

[Quoted text hidden]

---

**Cece Em** <christymclaughlin95@gmail.com>                                 Mon, Aug 28, 2017 at 3:59 PM
To: Marci Rosenthal <marciros@fiu.edu>

Dean Rosenthal,

I am interested in chatting with you.  Could you let me know if there is any disadvantage to not having my attorney present?

Christina McLaughlin

[Quoted text hidden]

---

**Marci Rosenthal** <marciros@fiu.edu>                                                Tue, Aug 29, 2017 at 5:03 PM
To: Cece Em <christymclaughlin95@gmail.com>

Dear Ms. McLaughlin,

The purpose of the meeting is so that I can hear further from you about your concerns about Professor Brown, if you have any information to add beyond what you have included in your past communications.  Please be aware that the College of Law's grievance process is for informal resolution of student complaints.

As you may have already discerned, the grievance process covers matters other than grade changes or readmission after dismissal, both of which have already been addressed in your case.  The grievance process is for the purpose of gathering information about your concerns about the professor, and does not include representation by counsel.

Please let me know if you would like to meet.

Sincerely,

Marci A. Rosenthal

Interim Associate Dean for Academic Affairs

Director, Legal Skills & Values Program

Professor of Legal Skills and Values



*South Florida's first and only public law school*

**From:** Cece Em [mailto:christymclaughlin95@gmail.com]
**Sent:** Monday, August 28, 2017 4:00 PM
**To:** Marci Rosenthal <marciros@fiu.edu>
**Subject:** Re: FW: LSV II concerns

[Quoted text hidden]

---

**Cece Em** <christymclaughlin95@gmail.com>                                         Tue, Aug 29, 2017 at 5:06 PM
To: Evil Dad <hugh@kmcnetwork.com>, Moma <drdiana@kidsmedicalcare.com>

---------- Forwarded message ----------
From: "Marci Rosenthal" <marciros@fiu.edu>
[Quoted text hidden]

---

**Cece Em** <christymclaughlin95@gmail.com>                    Tue, Aug 29, 2017 at 7:40 PM
To: Marci Rosenthal <marciros@fiu.edu>

Dear Dean Rosenthal,

You are aware that FIU has been placed on notice of my intent to file a lawsuit.  You are aware
that I have retained counsel.  It is highly unethical for you to contact me directly and to attempt
to gain discovery without the benefit of my counsel.

You are an agent for FIU and you failed to disclose that you are a member of the Florida Bar. You
are bound by the rules of professionalism and ethics according to the Florida Supreme Court.  I
reserve the right to file a complaint with the Florida Bar.

I have never been placed on notice of a grade review.  I was never given an opportunity to
present evidence.  I have never been given the opportunity to appeal the alleged grade review. I
demand to know the exact date, the body or committee and the persons present and/or
responsible for the grade review.  I demand a written finding of fact and written decision of
the grade review.  I allege that "grade changes" have never been addressed and I demand strict
proof thereof.

FIU College of Law does not have any stated grievance process in the student handbook, or
policies and regulations, or on FIU College of Law website.  My grievances and allegations are of
very serious malfeasance and tortious acts by Profs. Wasserman, Brown, Baker, and Schrier, at
least. You are intentionally ignoring my grievances against these other professors.  FIU has
purposely stalled and obfuscated addressing any of my concerns for months.  Your much delayed
contact is a sham pre-text to give the appearance of proper handling of my legitimate complaint.

Nevertheless, I am willing to speak to you.  I want my counsel present with me at all meetings or
discussions with you or any FIU agent.  I will meet with you only when that condition is met.

Christina McLaughlin

[Quoted text hidden]

---

**Marci Rosenthal** <marciros@fiu.edu>                    Fri, Sep 1, 2017 at 5:37 PM
To: Cece Em <christymclaughlin95@gmail.com>

Dear Ms. McLaughlin,

Under the College of Law grievance process (described on the College of Law's website), when a student
and a professor are unable to informally resolve a grievance, the student "must meet with the Associate
Dean for Academic Affairs to reach an informal resolution."  Accordingly, in my administrative capacity as
Interim Associate Dean for Academics, I emailed you last week to arrange that meeting, in response to a
communication that the University received over the summer that indicated that one of your arguments
in support of your Petition for Readmission was a grievance against Professor Brown.  As I mentioned in
my earlier email, the process does not include representation by counsel; neither the student nor the
university is represented by counsel in the grievance process.  It is your prerogative to choose not to

meet, in which case I will proceed with the review based on information that you included in your Petition for Readmission.

Sincerely,


Marci A. Rosenthal

Interim Associate Dean for Academic Affairs

Director, Legal Skills and Values Program

Florida International University College of Law

(305) 348-1118

marciros@fiu.edu


**From:** Cece Em [mailto:christymclaughlin95@gmail.com]
**Sent:** Tuesday, August 29, 2017 7:40 PM

[Quoted text hidden]

[Quoted text hidden]

---

**Cece Em** <christymclaughlin95@gmail.com>                                    Fri, Sep 1, 2017 at 5:49 PM
To: Evil Dad <hugh@kmcnetwork.com>, Moma <drdiana@kidsmedicalcare.com>

---------- Forwarded message ----------
From: "Marci Rosenthal" <marciros@fiu.edu>
Date: Sep 1, 2017 5:38 PM
Subject: RE: FW: LSV II concerns
To: "Cece Em" <christymclaughlin95@gmail.com>
Cc:

[Quoted text hidden]

# EXHIBIT 38

**2336 Immokalee Road**
**Naples, FL 34110**
**Phone:  239.229.8481**
**Fax:  239.449.3397**
**Email: drdiana@dianamclaughlin.com**



June 16, 2017

**DELIVERED VIA EMAIL TO isisc@fiu.edu**

Isis Carbajal de Garcia
Senior University Counsel
Florida International University
Modesto Maidique Campus PC 511
Miami, FL  33199

> Re:  Christina M. McLaughlin: In the matter of Academic Dismissal from FIU - School of Law

Dear Ms. Carbajal de Garcia,

I am an attorney representing the interests of Christina M. McLaughlin in all matters concerning her academic dismissal from Florida International University School of Law.  Attached is a previous notice of representation that I hand delivered to Professor Howard Wasserman on May 31, 2017.  However, Professor Wasserman refused to accept delivery. Please, ensure all future contact on this matter be sent, in writing, directly to me at the contact information listed below.  If you have retained or plan to retain outside legal counsel on this matter, please forward this letter to them.

Christina is requesting to inspect and review all of her FIU School of Law education records pursuant to the Family Educational Rights and Privacy Act (F.E.R.P.A.).  Her education records include but are not limited to copies of all actual exams; assignments and corresponding grading and any other notes or annotations.  Christina intends to copy all records.

Additionally, Christina formally disputed her grade in LSV Spring semester and requested that her assignments and grading be reviewed.  Her request was based on factual and substantial rationale that grading was incorrectly applied.  Please, refer to her formal appeal to Dean Ansah. Dean Ansah ignored the request in the appeal and ignored the second request in an email prior to appearing before the Academic Review Committee.  Furthermore, Professor Wasserman who headed the Academic Review Committee dismissed Christina's request for a grade review and proceeded with the appeals hearing.  Professor Wasserman stated that he "has no jurisdiction over grade disputes."  The Law School publishes no written policy or process to dispute a grade.

FIU School of Law has ignored a legitimate grade dispute and proceeded with an Academic Review Committee appeal for reinstatement of academic standing despite the fact that there were two LSV professors at the appeal hearing.  FIU dismissed Christina's request for a grade dispute

and provided no venue or process in which to obtain a fair review of grading.  FIU, through its agent (Professor Wasserman) refused to allow me to attend the appeal hearing despite the fact that he knew that I was Christina's legal representative.  We allege that Professor Wasserman's conduct was unethical and that FIU may be in violation of F.E.R.P.A by ignoring a formal written request for a grade review.

Therefore, Christina is making a third and final formal request that the LSV Spring semester be reviewed.  Additionally, Christina has a strong belief that Professor Wasserman's conduct showed a personal bias against her.  Christina formally requests that her grade in Civil Procedure Spring Semester, taught by Professor Wasserman, be reviewed also.  Christina and I are ready to inspect, review and copy all academic records and exams immediately.

We reserve all rights under federal and state law.  Please, be on notice that all academic records be must be preserved in the event of litigation.  Please, respond to this correspondence by 5 p.m. June 20, 2017.  Any delay will severely prejudice my client's legal rights and may cause irreparable harm.

Thank you for your attention to this matter.


Very Truly Yours,


DIANA MCLAUGHLIN, M.D., M.B.A., Esq.          Christina M. McLaughlin
Florida Bar Number:  84479
2336 Immokalee Road
Naples, FL  34110
Phone: (239) 229-8481
Fax:   (239) 449-3397
Email: drdiana@dianamclaughlin.com

**2336 Immokalee Road**
**Naples, FL 34110**
**Phone:  239.229.8481**
**Fax:  239.449.3397**
**Email: drdiana@dianamclaughlin.com**



May 31, 2017

**HAND DELIVERED**

**Dean Tawia Baidoe Ansah**
Acting Dean
Florida International University- School of Law
Rafael Diaz Balart Hall
11200 SW 8th Street
Miami, FL 33199

Re:  Christina M. McLaughlin: In the matter of Academic Dismissal from FIU - School of Law

Dear Dean Ansah,

I am an attorney representing the interests of Christina M. McLaughlin in all matters concerning her academic dismissal.  Please, ensure all future contact on this matter be sent, in writing, to me at the contact information listed below.  If you have retained or plan to retain legal counsel on this matter, please forward this letter to them.

Thank you for your consideration on this matter.

Sincerely,

DIANA MCLAUGHLIN, M.D., M.B.A., Esq.
Florida Bar Number:  84479
2336 Immokalee Road
Naples, FL  34110
Phone: (239) 229-8481
Fax:   (239) 449-3397
Email: drdiana@dianamclaughlin.com

# EXHIBIT 39

# Call with Isis

Lissette Garcia <lissgarc@fiu.edu>

Mon 6/26/2017 10:40 AM

To:Diana McLaughlin <dianamclaughlin@dianamclaughlin.com>;

Good Morning Diana,

Isis asked me to forward you the following email. If you like I can set up a convenient time for your client to meet with Mrs. Isis Carbajal in regards to her records. Please advise.

Regards,

**Lissette M. Garcia**

**Office Specialist, Office of General Counsel**



11200 SW 8th St., PC 511
Miami, FL 33199
Phone: (305)348-2103 l  Email: lissgarc@fiu.edu

---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------

**From:** Isis Carbajal De Garcia <isisc@fiu.edu>
**Date:** June 23, 2017 at 6:51:05 PM CDT
**To:** Diana McLaughlin <drdiana@kidsmedicalcare.com>
**Subject: RE: Request for Review**

Dear Ms. McLaughlin,

Per my email below, arrangements have been made for your client to review records at a time convenient to her during the week of July 3, 2017 (except the 4th).  Please let me know the time and date that will be convenient to her.

Please note that the records that will be made available to her are those that fall under the FERPA definition of "education records."  Please note that FERPA specifically provides that the term "education records" does not include certain records that as I read your letter you may consider under the purview of "educational records."

I will review the various claims you make in your letter.  Upon completion of my review, I will respond to them. In the interim, I would appreciate it if you would provide to me a copy of the formal grade appeal that you indicate your client filed.

Thanks for your cooperation.

Sincerely,

Isis

**From:** Isis Carbajal De Garcia
**Sent:** Wednesday, June 21, 2017 7:40 PM
**To:** 'Diana McLaughlin' <drdiana@kidsmedicalcare.com>
**Subject:** RE: Request for Review

Dear Ms. McLaughlin,

Thank you for your call of today.  I apologize for not responding to you earlier.  I am coordinating with the Law School the review of the records available to your client pursuant to FERPA.  I will be back to you before the end of the week.

Best,

Isis

Isis Carbajal de Garcia
Senior University Counsel
Florida International University
Modesto Maidique Campus PC 511
Miami, Fl  33199
Tel.:  (305) 348-2103
Fax: (305) 348-3272
Email:  Isisc@fiu.edu

Board Certified Legal Specialist in Education Law

**From:** Diana McLaughlin [mailto:drdiana@kidsmedicalcare.com]
**Sent:** Friday, June 16, 2017 4:53 PM
**To:** Isis Carbajal De Garcia <isisc@fiu.edu>
**Subject:** Request for Review

Dear Ms. Carbajal de Garcia,

Please see the attached correspondence.

Sincerely,

Diana McLaughlin, M.D., M.B.A., Esq.

# EXHIBIT 40

# RE: FERPA Records

Diana McLaughlin <dianamclaughlin@dianamclaughlin.com>

Tue 7/18/2017 5:47 PM

To:Isis Carbajal De Garcia <isisc@fiu.edu>;

Cc:christymclaughlin95@gmail.com <christymclaughlin95@gmail.com>;

Bcc:Diana McLaughlin <dianamclaughlin@dianamclaughlin.com>; Hugh McLaughlin <hugh@kmcnetwork.com>;

Dear Ms. Carbajal,

   My email requesting FERPA records was sent on June 27, 2017, or 21 days ago.  You failed to answer that email, nor have you provided the records either digitally or by mail.  Clearly, you have no interest in providing these records in a timely fashion and this latest delay is another attempt at obstruction. You are well aware that time is of the essence before the fall semester starts.

   FIU Law has ignored and refused requests for grade appeals.  FIU Law has refused requests for probationary status.  FIU has unreasonably withheld FERPA records.  In sum, the totality of FIU's actions support the allegation of FIU's intentional, malicious treatment of my client.  The 21 day delay to send FERPA records and your failure to respond to emails up until today is further evidence in support of FIU's intentional harm to Christina and attempting to foreclose Christina's options to transfer from FIU. Twenty one days delay with no answer by you is unaccepatble, improper, and unprofessional.

   Should I not receive all FERPA records including all graded exams and assignments by July 21, 2017 at 5:00 pm, I will file a complaint with all appropriate Federal and State agencies accordingly.

Please send records to:

Diana McLaughlin, M.D., M.B.A., Esq.
2338 Immokalee Road
Suite 230
Naples, FL  34110

**From:** Isis Carbajal De Garcia <isisc@fiu.edu>
**Sent:** Tuesday, July 18, 2017 4:56 PM
**To:** Diana McLaughlin
**Cc:** Lissette Garcia
**Subject:** Re: FERPA Records

Dear Ms. McLaughlin,

In your subsequent email you asked that the records be mailed to you and I have made arrangements for that mailing.  Thus, it is not necessary that you come to Miami to review the records.

Best,
Isis

Isis Carbajal de Garcia
Office of the General Counsel
Florida International University
MMC, PC 511
Miami, Fl  33199
tel. (305) 348-2103
fax (305) 348-3272
Isisc@fiu.edu

**From:** Diana McLaughlin <drdiana@kidsmedicalcare.com>
**Sent:** Tuesday, July 18, 2017 4:41 PM
**To:** Isis Carbajal De Garcia
**Cc:** Lissette Garcia
**Subject:** FERPA Records

Dear Ms. Carbajal,

You have not responded to any of my emails.  I am writing to inform you that Christina McLaughlin and myself will be at FIU Law School Administration on Friday, July 21, 2017 at 1:00 p.m.  We expect to review and copy all her academic records including but not limited to all her graded exams and assignment, scantrons for all her 1L classes.  Please, make sure that the law school is prepared because you are aware that we are travelling more than 125 miles obtain these records.  Any obstruction, delay or interference will be construed as acting in bad faith.

You have received ample notice and failure provide all graded records will amount to a violation of FERPA.

If you wish to discuss this matter, you may contact me at any time.

Thank you for attention.

D. McLaughlin
Attorney for Christina McLaughlin
Florida Bar Number:  84479
2336 Immokalee Road
Naples, FL  34110
Phone: (239) 229-8481
Fax:   (239) 449-3397
Email: drdiana@dianamclaughlin.com

# EXHIBIT 41

**FIU** | Office of the
General Counsel

FEDEX OVERNIGHT MAIL

July 11, 2018

Dale King
Director
Family Policy Compliance Office
U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202-8520

RE: COMPLAINT NUMBER 2067 CHRISTINA McLAUGHLIN

Dear Mr. King:

Please allow this letter to serve as a timely response to your letter dated May 29, 2018[1], regarding Ms. Christina McLaughlin, a former student at Florida International University (FIU) College of Law, who alleges several violations of the Family Educational Rights and Privacy Act (FERPA). Ms. McLaughlin's assertions are unsubstantiated as determined not only by FIU, but also the governing body of all public institutions of higher education in the State of Florida, the State University System, Board of Governors.[2]

Allegation 1:

34 C.F.R. section 99.7 requires FIU to annually notify eligible students currently in attendance of their rights under FERPA by any means that are reasonably likely to inform the eligible students of their rights. As stated in the FCPO's May 29, 2018 letter, FIU is not required to notify students individually, and publication may include "school activities calendar, newsletter, student handbook, or website."

In compliance, FIU publishes its Annual FERPA Notification in the FIU Catalogue, the Student Handbook, and the Fall semester class schedule.[3] Understanding the readily

---

[1] Although your letter was dated May 29, 2018, it was not received in my office until June 13, 2018. On June 21, 2018, I emailed the FPCO to acknowledge receipt of the letter and the deadline of four weeks after receipt of this letter. A copy of the time stamped FCPO Complaint, my email correspondence to FPCO, and the auto-response FPCO message is enclosed as Exhibit A for your reference.

[2] A copy of the State University System, Board of Governors Office of the Inspector General's review of Ms. McLaughlin's similar complaint is enclosed as Exhibit B.

[3] Copies of the relevant portions of the 2017-2018 FIU Catalogue and Student Handbook are included as

accessibility of technology, FIU has additionally published its Annual FERPA Notice on its website at https://onestop.fiu.edu/Registrar/policies-procedures/index.html#The%201974%20Family%20Educational%20Rights%20and%20Privacy%20Act%20(FERPA) and memorialized the Annual FERPA Notice in FIU Regulation 108 available at https://regulations.fiu.edu/regulation.[4]  For additional convenience, FIU College of Law students are directed, through the FIU College of Law Registrar's website at https://law.fiu.edu/academics/registrar/, to the FIU Annual FERPA Notice and FIU Regulation 108.[5]  The various means in which FIU publishes its Annual FERPA Notice is accessible and applicable to all students, including those matriculating in the College of Law, and is intended to inform all students of their rights under FERPA.  FERPA does not require FIU to take specialized action to ensure students, including law students, review the Annual FERPA Notice.  Instead, it is incumbent on each student to become familiar with the Annual FERPA Notice available to them in the FIU Catalogue, the Student Handbook available in hardcopy and electronically, the Fall semester class schedule, the University's website, and Regulation 108 available on the University's website.

Without any legal support, Ms. McLaughlin asserts that the College of Law is a separate entity from FIU and thus, a separate Annual FERPA Notice should be provided to students in the College of Law.  Florida law states that FIU College of Law is a component of FIU, but is not a separate entity.    Article IX, section 7 of the Florida Constitution and sections 1000.21 and 1001.72, Florida Statutes, establish the FIU Board of Trustees as the governing body of FIU as a state university.  Section 1004.39, Florida Statutes, created the College of Law at FIU not as a separate entity, but as an academic component of FIU.  Florida law grants to FIU Board of Trustees as the governing body of FIU, not the FIU College of Law, recognition as a state instrumentality, the authority to contract, and the power to plead and be impleaded in all courts of law or equity.  While the FIU College of Medicine is free to go beyond what is required in FERPA, that additional effort does not require all colleges within FIU to undertake the same actions or negate the actions FIU or the FIU College of Law has taken to inform students of their rights under FERPA.  Therefore, the FIU College of Law is not a separate entity, and in compliance with FERPA, FIU is permitted to issue an Annual FERPA Notice that is applicable to all students matriculating at the University including the College of Law.

---

 Exhibit C.
[4] A copy of FIU's Annual FERPA Notice on its website and FIU Regulation 108 are enclosed as Exhibit C.
[5] A copy of the FIU College of Law Registrar website directing law students to FIU Regulation 108 and FIU's Annual FERPA Notice is enclosed as Exhibit C.

**Office of the General Counsel**

Allegation 2:

Ms. McLaughlin mischaracterizes the date that she requested to review her education records, the definition of education records under FERPA, and FIU's submission of education records responsive to her request. On June 8, 2017, Ms. McLaughlin requested that FIU submit a Letter of Standing to another law school which FIU complied with on June 9, 2017. Despite her assertion, Ms. McLaughlin's June 8, 2017 letter is void of any request to review her education records.[6] Ms. McLaughlin claims she made a request to review her education records on June 16, 2017, but FIU does not have any record of any communication from Ms. McLaughlin on June 16, 2017 and thus, no request could have occurred.

By her own assertion in an July 18, 2017 email, Ms. McLaughlin admits that she made a request to review "all FERPA records including all graded exams and assignments" on June 27, 2017.[7] Although Ms. McLaughlin fails to include the date of this request in her complaint to your office, this is the first instance Ms. McLaughlin requests to review her education records.

On July 18, 2017, only 21 days after her request, Ms. McLaughlin stated that she was traveling to FIU to "review and copy all her academic records including but not limited to all her graded exams and assignments, scantrons for all her 1L classes."[8] Ms. McLaughlin then recanted and requested to have her education records mailed to her. 34 C.F.R. section 99.10(b) only requires that FIU grant Ms. McLaughlin access to her records. As page 3 of your office's May 29, 2018, letter explains:

> "We note that while a school is required to provide an eligible student access to education records, it is not generally required by FERPA to provide *copies* of education records. However, if circumstances effectively prevent an eligible student from exercising his or her right to inspect and review education records, the school would be required to either provide the eligible student with a copy of the records requested or make other arrangements that would allow for the eligible student to inspect and view the requested records."

Your office continued on page 4 to explain that:

---

[6] A copy of Ms. McLaughlin's June 8, 2017, is included as Exhibit D.
[7] Please see Ms. McLaughlin's July 18, 2017 5:47 p.m., email included as Exhibit E.
[8] Please see Ms. McLaughlin's July 18, 2017 4:41 p.m., email included as Exhibit E.

**FIU** Office of the
General Counsel

"While a school would be required to conduct a reasonable search for education records, it is the *responsibility of the student to clearly specify the records to which he or she is seeking access*. If a student makes a "blanket" request for a large portion of his or her education records and the student believes that he or she was not provided certain records which were encompassed by that request, he or she should submit a follow-up request clarifying the additional requests he or she believes exists. Also a school is not required by FERPA to provide anyone other than the eligible student access to, or copies of, the student's education records, *even if the student has provided appropriate written consent for disclosure to that party*." (Emphasis added.)

Although Ms. McLaughlin was capable of traveling to FIU to view her education records (which negated the necessity of copying any education records) and a "blanket" FERPA request was made, Ms. McLaughlin was provided with all her education records maintained by the law school, free of charge, well within the 45 day time frame required under FERPA or the 30 day time frame required under FIU Regulation 108 entitled Access to Student Education Records.[9]

On July 22, 2017, Ms. Laughlin clarified her previous blanket request for education records.[10] This request was not seeking new records as she claims to your office, but sought to notify FIU that "FERPA student records you made available are incomplete."[11] On August 4, 2017, a mere 13 days after the request, FIU provided a detailed list of (a) the records that were previously provided in response to the initial FERPA request, (b) the records that did not exist due to the nature of the assignment, (c) the records previously returned to Ms. McLaughlin during her matriculation in the FIU College of Law, (d) the records that are not within the definition of education records, and (e) the records that would be provided on August 4, 2018, and August 7, 2018.[12]

Ms. McLaughlin's failure to understand the definition of education records pursuant to 34 C.F.R. section 99.3, precludes her ability to accept that exam answer keys and exam rubrics do not directly relate to Ms. McLaughlin and thus, may not be produced in a FERPA request. Furthermore, records that are not maintained by FIU because they were returned to Ms. McLaughlin or that do not exist due to the nature of the

---

[9] Please see Ms. Lizvette Torres' July 19, 2017, 3:23 p.m. email included in Exhibit E.
[10] Ms. McLaughlin's July 22, 2017, letter is enclosed as Exhibit F.
[11] Please see Exhibit F.
[12] Ms. Isis Carbajal de Garcia's August 4, 2017, letter, August 4, 2017, email, and August 7, 2017 , email is enclosed as Exhibit G.

**Office of the General Counsel**

assignment (i.e. oral presentations), also do not fall within the definition of education record pursuant to FERPA.

<u>Allegation 3:</u>

Finally, Ms. McLaughlin claims that FIU failed to conduct a FERPA hearing, improperly instructed her to submit an academic grievance, and denied her the assistance of counsel. Since it was previously established that FIU has a process for students to review their education records and request a FERPA hearing as set forth in FIU Regulation 108 Access to Student Education Records, I will not again address that portion of Ms. McLaughlin's complaint. FIU's position on those issues, as set forth above, is incorporated herein.

In her complaint to your office, Ms. McLaughlin clearly states that she would like a FERPA hearing to contest her grades and scoring of assignments because she alleges that her grades are fraudulent and inaccurate. FIU properly refused to consider Ms. McLaughlin's request for a hearing because as your office noted on page 6 of the May 29, 2018, letter:

> "A school is not required by FERPA to afford a student the right to seek to change substantive decisions made by school official, such as graders or evaluations. This fact is indicated in the legislative history of FERPA. The primary source of legislative history regarding FERPA is contained in the "Joint Statement in Explanation of Buckley/Pell Amendment." Volume 120 of the Congressional Record, pages 39862-39866. The Joint Statement states that FERPA was "<u>not intended to overturn established standards and procedures for the challenge of substantive decisions made by an educational institution</u>." (Emphasis added.) FERPA was intended to require only that educational agencies and institutions conform to fair recordkeeping practices and not to override the accepted standards and procedures for making academic assessments. For example, evaluations and other records related to a student's performance, upon which a grade may be based, would only be subject to the FERPA amendment procedure if they contain inaccurately recorded information, such as a wrong date or misspelled name."

Notwithstanding the fact Ms. McLaughlin failed to adhere to established FIU processes regarding a grievance if she believed there was improper conduct by a professor or a grade appeal if she believed a computation error occurred, Dean Marci Rosenthal attempted to meet with the student to discuss her concerns with a professor. Dean Rosenthal properly refused to conduct the meeting if counsel accompanied Ms.

**Office of the
General Counsel**

McLaughlin.  It is well settled that students do not have the right to counsel for academic matters.  *See Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214 (1985) & *Board of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78 (1978).

I trust the foregoing addresses Ms. McLaughlin's unsubstantiated allegations in her December 4, 2017, complaint to your office.  If I can be of further assistance, please do not hesitate to contact me.

Sincerely,

Iris A. Elijah
Associate General Counsel

EXHIBIT A



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF MANAGEMENT

May 29, 2018

Mr. Mark Rosenburg
President
Florida International University
11200 SW 8th Street - Rafael Diaz Balart Hall
Miami, Florida  33199

Complaint No. 2067
Family Educational Rights
and Privacy Act

Dear Mr. Rosenburg:

Ms. Diana McLaughlin (Attorney) has filed a complaint on behalf of her client Ms. Christina McLaughlin (Student) with the Family Policy Compliance Office (Office) alleging that Florida International University College of Law (Institution) violated rights afforded students by the Family Educational Rights and Privacy Act (FERPA).  The Student has provided this Office with consent authorizing Ms. Diana McLaughlin to represent her with regard to this FERPA complaint.  This Office, under authority of § 99.60 of the FERPA regulations, investigates complaints in accordance with the procedures outlined in § 99.65.  *See* https://www.ecfr.gov/cgi-bin/text-idx?rgn=div5&node=34:1.1.1.1.33.  The section states, in summary:

- The Office will notify the complainant and the institution against which the violation has been alleged, in writing, if it initiates an investigation of a complaint.

- The notification to the institution under this section shall include the substance of the alleged violation and shall ask the institution to submit a written response to the complaint.

This letter serves to notify you of the allegation and to provide you the opportunity to submit a written response.  On December 4, 2017, the Department received a complaint alleging that the Institution violated the FERPA regulations.

Allegation 1:

The Student through Counsel alleges that the Institution violated § 99.7 of the FERPA regulations when it failed to annually notify students of their rights, including rights of the Student, as required by FERPA and states:

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-4500
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2 – Mr. Mark Rosenburg

...[The Institution] failed to provide any notification of rights under FERPA to students attending the law school in violation of 34 C.F.R. 99.7(a)(3)(iii). In Fall Semester 2016, law students were not provided any notification of FERPA rights. [The Institution] makes no mention of FERPA in any manner. [The Institution] publishes nothing about FERPA on their website. [The Institution] does not send any FERPA notification emails to law students. No mention of rights under FERPA is made in the [Institution]'s *Academic Policies and Regulations*. If FIU, the undergraduate school (not the law school), publishes notification of FERPA rights on the undergraduate website, we allege that it is insufficient notice to the students at the [Institution]. [The Institution] functions as a separate entity and does not refer students to FIU website. Contrastingly, FIU School of Medicine publishes a procedure and a form to submit complaints under FERPA on the medical school website. [The Institution] has a statutory duty to affirmatively and clearly publish FERPA compliant procedure to review, dispute, and hold a hearing and amend FERPA records. [The Institution] violates FERPA notification statutory requirement.

Under § 99.7 of the FERPA regulations, educational agencies and institutions must annually notify students of their rights. In this regard, schools are required to notify students of the right to inspect and review the student's education records and the procedure to do so; the right to seek amendment of records the student believes are inaccurate and the procedure to do so; and the right to consent to disclosures of education records except to the extent FERPA authorizes disclosure without consent. The notification must also inform students of their right to file a complaint with this Office and it must include a specification of criteria for determining who are school officials and what constitutes a legitimate educational interest in education records. A school is not required to notify students individually, but rather is required to provide the notice by any means that are reasonably likely to inform students of their rights. These means could include publication in the school activities calendar, newsletter, student handbook or website.

Allegation 2:

Student through Counsel alleges that the Institution violated § Section 99.10(a) and (b) of the FERPA regulations when it denied the Student access to the student's education records within 45 days in response to the Student's requests, and states:

[The Institution] failed to provide timely access to her FERPA records in violation of 20 U.S.C. s.1232 (g)(1)(A)(2011). FERPA requires universities to provide all education records within 45 days. The facts clearly demonstrate that [the Institution] delivered a fourth attempt of a incomplete FERPA records release more than 60 days from request and only in response to multiple requests. [The Student] requested all of her student records on June 8, 2017. [The Instituion] claimed to have finished sending all the student records in their possession on August 5, 2017 or more than 45 days. [The Instituion] is in strict violation of FERPA access to education records on its face. Additionally, [the Instituion] did not act in good faith to provide student records. [The Student] requested her

Page 3 – Mr. Mark Rosenburg

student records on June 8, …June 16, …July 18, …July 22, 2017, and again on July 31, 2017. After each request, [the Instituion] made excuses and delayed turning over partial student records. Again, [the Instituion's] actions caused [the Student] to be forced to make multiple demands, increasing the burden and hardship for the student. [The Institution] intentionally obstructed the release of student records to discourage and defer access to damaging evidence of [the Institution] malfeasance. [The Instution's] handling of the education records request is contrary to FERPA's intent of full release and disclosure upon a student request.

Student further alleges through Counsel that the Institution violated the Student's rights under FERPA when it did not provide her with complete access to her education records. Specifically, Counsel states:

…[The Institution] failed to provide all of the [Student's] FERPA records in violation of 20 U.S.C. s. 1232 (g)(1)(A)(2011). [The Student] requested a list of records several times that fall within the definition of student records under FERPA. [The Institution] admits that they are no longer in possession of some of the records. In other cases, [the Institution] provided records that were incomplete. [The Institution] did not disclose computation of grades, records of bumping down of grades, and scantron answer (not test question) keys. We allege that [the Institution] is intentionally hiding these FERPA student records because those records would provide proof of tortious acts committed by several law professors. [The Student] disputes that all records were provided. The requested FERPA records are material and relevant to a FERPA hearing to provide proof of inaccurate and misleading grades on the transcript.

Section 99.10(a) and (b) of the FERPA regulations state:

Except as limited under § 99.12, a parent or eligible student must be given the opportunity to inspect and review the student's education records.

\*       \*       \*       \*       \*

The educational agency or institution … shall comply with a request for access to records within a reasonable period of time, but not more than 45 days after it has received the request.

We note that while a school is required to provide an eligible student access to education records, it is not generally required by FERPA to provide *copies* of education records. However, if circumstances effectively prevent an eligible student from exercising his or her right to inspect and review education records, the school would be required to either provide the eligible student with a copy of the records requested or make other arrangements that would allow for the eligible student to inspect and view the requested records. For example, a school could be required to provide copies, or make other arrangements for inspection and review, if the student did not live within commuting distance of the school.

Page 4 – Mr. Mark Rosenburg

While a school would be required to conduct a reasonable search for education records, it is the responsibility of the student to clearly specify the records to which he or she is seeking access. If a student makes a "blanket" request for a large portion of his or her education records and the student believes that he or she was not provided certain records which were encompassed by that request, he or she should submit a follow-up request clarifying the additional records he or she believes exist.

Also, a school is not required by FERPA to provide anyone other than the eligible student access to, or copies of, the student's education records, even if the student has provided appropriate written consent for disclosure to that party.

Allegation 3:

Student through Counsel alleges that the Institution violated § Section 99.20 of the FERPA regulations when it denied the Student's request for a hearing to amend certain of the Student's education records and failed to comply with FERPA's amendment provisions for hearings.  Specifically, Counsel states:

1. [The Institution] failed to comply with a request for a FERPA hearing in violation of 20 U.S.C. 1232(f) and 20 U.S.C. 1232(g). On August 17, 2017, [the Student] requested a FERPA hearing directly to FIU's President Rosenberg.  [The Student] made this request because [the Student] alleges in good faith that [the Student's] student records are inaccurate and misleading.  [The Student] had spent three months asking that [the Institution] review [the Student's] grades and scoring on assignments of [the Student's] 1L year.  [The Student] felt that [the Student] has the right to a FERPA hearing because [the Student] continues to allege that [the Student's] grades are fraudulent and inaccurate.  [The Institution] did not review all [of the Student's] grades for computational errors.  [The Student] requested a FERPA hearing because the issue of student record accuracy was not settled.  [The Student] did not provide or schedule a FERPA hearing.

2  [The Institution violated FERPA when it] responded to [the Student's] request for a FERPA hearing by referring her to a "grievance process." [The Institution's] Interim Associate Dean for Academic Affairs, Ms. Rosenthal emailed in response to the FERPA hearing request that the "grievance process" is an "informal resolution of student complaints."  [The Institution] would only deal with a student complaint about misconduct of one professor.  An informal grievance is not a FERPA hearing.  A grievance process is in contraposition to the statutory vested right to a formal FERPA hearing.  [The Institution] ignored all complaints about fraudulent grading and about several other professors.  We allege that [the Institution] purposely avoided a FERPA hearing to cover-up [the Institution's] professor's tortious acts.

3. We continue to claim that [the Institution] has no stated FERPA process for its students.  However, if [the Institution] is allowed to use FIU Undergraduate's FERPA policy, then we allege that FIU failed to follow that process.  FIU

Page 5 - Mr. Mark Rosenburg

Undergraduate has a written process that states that If a "request for amendment to education records was not settled" then the request is forwarded to FIU's Vice-President for Academic Affairs. Upon receipt of the request, FIU shall "appoint a disinterested University official to serve as the hearing officer." FIU's FERPA policy also states that FIU shall "schedule a hearing within 25 days of the date of receipt of the request for hearing." FIU failed to follow its published process at every step. FIU did not refer the request for FERPA hearing to FIU's Vice-President for Academic Affairs. The Interim Associate Dean of [the Institution] is not the same person. FIU did not appoint a disinterested University official to serve as the hearing officer." Ms. Rosenthal is not a "disinterested" University official. She is part of the same faculty that we allege committed the discrimination and retaliation against [the Institution]. Ms. Rosenthal did not represent herself as a "hearing officer" and she did not appoint a "hearing officer." FIU failed to "schedule a hearing within 25 days of the date of receipt of the request for hearing." Ms. Rosenthal refused to meet with [the Student] because [the Student] was represented by an attorney. Ms. Rosenthal terminated the grievance process and never followed through with any investigation or setting of a hearing date. FIU and/or Ms. Rosenthal never contacted [the Student] again. FIU is in strict violation of FERPA because it failed to follow its stated process that would have allowed [the Student] to amend inaccurate information of her education records.

4. Furthermore, FIU committed the most egregious unethical conduct: FIU denied [the Student] the assistance of counsel. On June 26, 2017, FIU was placed on formal notice of pending litigation. Ms. Rosenthal denied [the Student] the assistance of counsel during discussions about the grievance process. Ms. Rosenthal is a law professor and a member of The Florida Bar, and knows that any conversation with an adversarial party in the pre-suit period is highly prejudicial to my client. FIU has claimed that Ms. Rosenthal is serving in her capacity as an administrator. That claim is completely disingenuous. Ms. Rosenthal is acting as FIU's agent on FIU President's and General Counsel's orders. All conversations with Ms. Rosenthal would be admissible and likely to be used by FIU, the opposing party, as adversarial evidence. FERPA rules permit the use of an attorney for FERPA hearings. It is FIU's statutory duty to comply with FERPA's intent to permit the assistance of counsel in educational records disputes. The fact that Ms. Rosenthal was requesting an informal meeting (rather than a FERPA hearing) with [the Student] and prohibited ... [Counsel] from attending is a difference without meaning. [The Institution], an institution charged with training future attorney's, abridged [the Student's] rights to an attorney.

Under FERPA, a school is required to consider a student's request for amendment of an education record, to inform the student of its decision, and if the request is denied, to advise the student of the right to a hearing on the matter. 34 CFR § 99.20. If, as a result of a hearing, a school decides not to amend the record, then the student has the right to insert a statement in the

Page 6 – Mr. Mark Rosenburg

record setting forth his or her views. 34 CFR § 99.21. That statement must remain with the record for as long as the record is maintained. 34 CFR § 99.21(c).

However, a school is not required by FERPA to afford a student the right to seek to change substantive decisions made by school officials, such as grades or evaluations. This fact is indicated in the legislative history of FERPA. The primary source of legislative history regarding FERPA is contained in the "Joint Statement in Explanation of Buckley/Pell Amendment," Volume 120 of the Congressional Record, pages 39862-39866. The Joint Statement states that FERPA was "not intended to overturn established standards and procedures for the challenge of substantive decisions made by an educational institution." (Emphasis added.) FERPA was intended to require only that educational agencies and institutions conform to fair recordkeeping practices and not to override the accepted standards and procedures for making academic assessments. For example, evaluations and other records related to a student's performance, upon which a grade may be based, would only be subject to the FERPA amendment procedure if they contain inaccurately recorded information, such as a wrong date or misspelled name.

Section 99.22 of the FERPA regulations sets forth the minimum requirements for conducting a hearing under the FERPA amendment provisions. In particular, the regulations provide:

> The educational agency or institution shall make its decision in writing within a reasonable period of time after the hearing.

and

> The decision must be based solely on the evidence presented at the hearing, and must include a summary of the evidence and the reasons for the decision.

34 CFR § 99.22(e) and (f).

Implicit in these provisions is the understanding that students who seek amendment of their education records under the FERPA amendment procedure will be provided a copy of the decision made subsequent to a hearing, including the summary of the evidence and the reasons for the decision.

To complete the procedure outlined in § 99.65(a)(2) of the FERPA regulations, please investigate the Student's allegation and provide this Office a written response within four weeks after you receive this letter. Please refer to complaint number 2067 in the Institution's written response and mail the response to:

Family Policy Compliance Office
U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202 – 8520

Page 7 – Mr. Mark Rosenburg

If you have any questions specific to this complaint, please contact this Office, referencing your complaint number, via email at FERPA.Complaints@ed.gov, or phone at 202-260-3887 and select Option #3. For general information concerning FERPA and the Office's complaint procedures, please visit our website at https://studentprivacy.ed.gov/.

Sincerely,

*Dale King*

Dale King
Director
Family Policy Compliance Office

cc: Counsel
    Student

**Iris Elijah**

| | |
|---|---|
| **From:** | Iris Elijah |
| **Sent:** | Thursday, June 21, 2018 4:02 PM |
| **To:** | 'FERPA.Complaints@ed.gov' |
| **Subject:** | Complaint No. 2067 - Florida International University |
| **Attachments:** | Christina McLaughlin FERPA Complaint.pdf |

Good afternoon:

Attached is complaint number 2067 regarding Florida International University that was received in my office on June 13, 2018. As stated in the letter, I will have a response to your office within the four (4) week deadline. If there are any questions regarding this matter please do not hesitate to bring them to my attention. Thank you.

Iris A. Elijah
Associate General Counsel
Florida International University
11200 S.W. 8th Street, PC 511
Miami, Florida 33199
Telephone: 305.348.2103
Email: ielijah@fiu.edu



Florida International University (FIU) is subject to the State of Florida's public records law under Chapter 119, F.S., which provides that any records made or received by any public agency in the course of its official business are available for inspection, unless specifically exempted by the Florida Statutes and/or other applicable federal laws.

1

**Iris Elijah**

| | |
|---|---|
| **From:** | FERPA.Complaints <FERPA.Complaints@ed.gov> |
| **Sent:** | Thursday, June 21, 2018 4:03 PM |
| **To:** | Iris Elijah |
| **Subject:** | Auto-Reply |

The Family Policy Compliance Office (FPCO) has received your email. If you submitted a complaint, you may anticipate receiving a complaint acknowledgment email with 2-3 business days. For all other emails, e.g. status update requests, please allow 3-5 business days so we may research your inquiry and provide the most appropriate response.

Thanks

EXHIBIT B



**STATE
UNIVERSITY
SYSTEM
of FLORIDA**
Board of Governors

Office of the Chancellor
325 West Gaines Street, Suite 1614
Tallahassee, FL 32399
Phone 850.245.0466
Fax 850.245.9685
www.flbog.edu

January 26, 2018

Ms. Christina M. McLaughlin
c/o Diana McLaughlin, Esq.
2336 Immokalee Road
Naples, FL 34110

RE: Office of Inspector General and Director of Compliance Case #2018-031

Dear Ms. McLaughlin,

On December 12, 2017, the Board of Governors' Office of Inspector General and Director of Compliance received your complaint letter (with supporting documentation, dated November 24, 2017) from the Board of Governors' Office of General Counsel. Our office agreed to conduct an independent, preliminary review of your concerns.

Our office provides leadership and coordination of audit, investigative, and compliance activities for the Board of Governors Office. Our responsibilities and authority flow from sections 20.055 and 20.155, Florida Statutes; Article IX, Section 7, Florida Constitution; and the Office of Inspector General and Director of Compliance Charter. The Board of Governors Office policy is to respect the processes each university has established to address student complaints and to require that students exhaust all appropriate internal university processes before seeking an external review. However, in circumstances where there are concerns about a university's compliance with external laws or regulations, the Board of Governors may conduct a review of those concerns. If the Board of Governors determines that a state university board of trustees is unwilling or unable to address allegations made by any person relating to waste, fraud, or financial mismanagement, our office reserves the authority to conduct, coordinate, or request investigations into those allegations.

In your complaint, you alleged Florida International University (FIU) violated your civil rights and the Family Educational Rights and Privacy Act (FERPA). Additionally, you expressed various concerns about the conduct of faculty within FIU's College of Law, as well as the college's handling of readmission and grievance/grade appeal processes.

Our office reviewed your complaint letter and the supporting documentation you provided to the Board of Governors, which included various email and letter correspondences between

Florida A&M University | Florida Atlantic University | Florida Gulf Coast University | Florida International University
Florida Polytechnic University | Florida State University | New College of Florida | University of Central Florida
University of Florida | University of North Florida | University of South Florida | University of West Florida

you/your attorney and representatives of FIU and the College of Law; education records (i.e., your College of Law admission application, assignments, exam materials, and grades); and the College of Law's *Academic Policies and Regulations*. In addition to reviewing the materials you provided, our office reviewed information available through FIU and the College of Law's websites, other relevant FIU policies and regulations, and FERPA requirements.

After reviewing your complaint and supporting documentation, the relevant policies of FIU and the College of Law, and FERPA requirements, we made the following determinations:

- FIU acted in good faith to comply with your request to inspect your law school education records;
- FIU College of Law complied with their *Academic Policies and Regulations* in matters related to academic dismissal and readmission procedures; and
- Although you failed to initiate a grievance as prescribed in FIU Policy 380.047 *Graduate Student Academic Grievance Guidelines and Procedure*, the Interim Associate Dean for Academic Affairs attempted to meet with you regarding your concerns about faculty within the College of Law.

Based on our review, the information you provided clearly demonstrates the university was both willing and able to address your concerns. Subsequent to our review, we read and considered the enclosed response from FIU's General Counsel (dated December 21, 2017) concerning your complaint letter to the Board of Governors and the allegations contained therein. The information presented in FIU's response further supports our determinations related to the university's actions to address your concerns. We consider this matter closed in our office and recommend no further action by the Board of Governors.

Thank you for the opportunity to respond to your concerns. We wish you the best in your future endeavors.

Sincerely,

Rebekah Weeks, CIGI
Investigations and Audit Specialist

Enclosure

cc: Joseph Maleszewski, Inspector General and Director of Compliance, Board of Governors
Vikki Shirley, General Counsel, Board of Governors
Office of the General Counsel, Florida International University

EXHIBIT C

the student's major. Students in some degree programs may be subject to background checks and/or drug testing prior to eligibility for internships or practicums. All currently enrolled and former students have the right to review their records to determine their content and accuracy. For the cost of photocopying, students may generally have copies of any documents in their file, *except for other institutions' transcripts.*

## RELEASE OF STUDENT INFORMATION FROM EDUCATION RECORDS (FERPA ANNUAL NOTICE)

The disclosure or publication of student information is governed by policies of Florida International University and the Florida Board of Education of the State University System of Florida within the framework of State and Federal Laws, including the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99).

A student's consent is required for the disclosure or publication of any information which is a) personally identifiable and b) a part of the educational record. However, certain exceptions to that generality, both in types of information that can be disclosed and in access to that information, are allowed within the regulations of the Family Educational Rights and Privacy Act. The University may disclose information pertaining to the student to a parent/legal guardian as long as they submit both the FERPA form in which part B is filled out and signed along with proof that the child is a dependent.

Florida International University discloses education records without a student's prior written consent under the FERPA exception for disclosure to school officials with legitimate educational interests. A school official is a person employed by the University in an administrative, supervisory, academic, research, or support staff position (including law enforcement unit personnel and health staff); a person or company with whom the University has contracted as its agent to provide a service instead of using University employees or officials (such as an attorney, auditor, or collection agent); a person serving on the Board of Trustees; or a student serving on an official committee, such as a disciplinary or grievance committee, or assisting another school official in performing his or her tasks. A school official has a legitimate educational interest if the official needs to review an education record in order to fulfill his or her professional responsibilities for the University. Upon request, the University also discloses education records without consent to officials of another school in which a student seeks or intends to enroll.

The University may disclose, without consent, "directory," or public, information such as a student's name, address, telephone number, date and place of birth, honors and awards, and dates of attendance. However, students are allowed to request that the school not disclose their directory information.

Florida International University considers the following to be directory information items:
1. name, local and permanent address, and telephone number(s);
2. date and place of birth;
3. student classification and major and minor fields of study;

4. participation in officially recognized activities and sports;
5. weight and height of members of athletic teams;
6. dates of attendance, degrees and awards received;
7. the most recent previous educational agency or institution attended by the student; and
8. photographic image.

In order to prevent access to or release of Directory Information, students must request non-disclosure through their **MyFIU Self-Service portal (http://my.fiu.edu)** website prior to the first class meeting day of the semester. Access to, or release of Directory Information will be withheld until further written instruction is received from a student or the parents of a dependent student.

Students have a right to challenge the accuracy of their educational records and may file written requests to amend these records. The Office of the Registrar (PC 130) should be contacted for further information regarding the procedure to follow for questions or problems.

For complete information regarding the policies outlined above, please contact:

University Registrar
Florida International University
Modesto A. Maidique Campus - PC 130
Miami, Florida 33199
E-mail:Register@fiu.edu

## PANTHER ID

The University has implemented an identification system-Panther ID. This identification number is the primary identification number for all students. Applicants and current students can retrieve this number by going to the **MyFIU Self-Service portal (http://my.fiu.edu)** website.

## TRANSCRIPTS

The transcript is the complete student record of courses taken at the University, in addition to the number of transfer credits accepted. The GPA is calculated for all courses taken at the University after Fall Term 1975. Once a baccalaureate, master's, or doctorate degree is earned, the GPA calculation starts again.

Students must request their transcript in online. The transcript will not be released if the student has a University financial liability and/or a defaulted student loan. Other holds may prevent the release of official transcripts. Students should contact the department who assigned the hold if clarification is needed. The University may charge a fee up to $10.00 per transcript.

## CLASS ATTENDANCE

The University expects students to attend their classes in order to create an effective learning environment in which to master course content and satisfy performance objectives and learning outcomes as outlined by instructors.

Instructors may establish specific class attendance requirements and may consider attendance and participation in class in evaluating student performance. During the first week of class, instructors must inform students of any special requirements and articulate any penalties, including a failing grade that may result for non-attendance.

# 2017/2018
# STUDENT HANDBOOK
## FLORIDA INTERNATIONAL UNIVERSITY

fiu.edu

# Policies & Regulations

as possible. A student must initiate informal resolution procedures by contacting the professor (or administrator as the instructor of record) no later than ten (10) business days after classes begin in the semester following that in which the complaint arose or the grievance will be deemed untimely. The student must first attempt to resolve the academic grievance through an informal meeting with the professor. If the matter cannot be resolved, or if the professor cannot be reached, the student must meet next with the department chair. If the student's grievance is against a committee, the student must meet with the committee chairperson. If the matter cannot be resolved, the student must meet next with the department chair. The informal grievance process is terminated at the department level except when the department chair is the subject of the complaint in which case the grievance continues to the college or school dean. A mutually agreeable resolution shall be formalized through a notation in the student's file/record which is initialled by the student and the professor or college or school dean.

## FORMAL GRIEVANCE PROCEDURE

The academic grievance procedure is initiated by filing a written complaint with the Faculty Fellow for Academic Integrity. The complaint must be filed within fifteen (15) business days of the date the informal resolution process ends, or within twenty (20) business days after classes begin in the semester following that in which the complaint arose—whichever is later. After receipt, the Faculty Fellow for Academic Integrity, in consultation with the chairperson of the Academic Grievance Committee, will review the complaint to determine whether it falls within the scope of this policy and whether a formal hearing is warranted.

When there are disputed issues of material fact which must be determined, a formal hearing is warranted. If the complaint does not fall within the scope of this policy, then the student shall be so notified in writing.

### A. Academic Grievance Committee

Where a complaint falls within the scope of this policy and there are disputed issues of material fact to be determined, the Faculty Fellow for Academic Integrity will refer the matter to the Undergraduate/Graduate Academic Grievance Committee. The grievance committee will be composed of five members, two of whom should be Undergraduate/Graduate students selected by the Faculty Fellow for Academic Integrity. Undergraduate student members will be provided by the president of the Student Government Association (SGA). Graduate student members will be provided by the Graduate Student Association (GSA) and/or the academic deans.

The faculty members of the committee will include two faculty members from academic units outside of the school/college where the student is enrolled and where the grievance has been filed. The chairperson of the committee will be jointly selected by the Faculty Fellow of Academic Integrity and the chairperson of the Faculty Senate.

### B. Procedure

A hearing shall be scheduled as soon as possible but no later than 45 business days after receipt of the grievance.

The grieving party and the professor shall be notified by the Faculty Fellow of Academic Integrity in writing, of the date and time in which to appear for the formal hearing. The hearing shall be conducted with such formality as is necessary to insure the proceeding is fair and in a manner that allows both sides of the dispute to be presented. The hearing shall be recorded. At the conclusion of the hearing, the members of the committee shall have the opportunity to deliberate outside the presence of the parties. A written report including findings of facts, conclusions and recommendations shall be prepared and forwarded to the Faculty Fellow of Academic Integrity. The Faculty Fellow of Academic Integrity shall issue a written decision within fifteen (15) business days of receipt of the committee's report. The student and the professor will be sent copies of the Faculty Fellow's determination by certified mail.

### C. Appeals

Any decision of the Faculty Fellow of Academic Integrity may be appealed by either the grieving student or the professor where there is evidence that a significant impropriety in the review process occurred. The appeal must be in writing, specify in detail the alleged procedural impropriety, and must be filed in the Office of the Provost within ten (10) business days, of the date of receipt of the Faculty Fellow's decision. The Provost or a designee shall review the appeal and the record of the formal hearing and issue a decision within twenty (20) business days. The decision of the Office of the Provost is final.

More information about the grievance procedure can be found at the website for Academic Integrity: *http://undergrad.fiu.edu/academic-misconduct/*

## ACCESS TO STUDENT EDUCATIONAL RECORDS

1. **General:** The University will not release or permit access to education records and personally identifiable information kept on a student except as otherwise permitted by law and this regulation. Responsibility for custody of all student educational records belongs to the vice-president or other

University officials in charge of the area in which the records are maintained. Each vice president or designated custodian shall ensure that the procedures required by federal and Florida law, and this regulation are in place to control access to and disclosure of student education records and personally identifiable information contained therein.

2. **Categories and Custodians of Education Records.** The following categories of student education records are maintained by the University and are kept under the supervision and control of the designated custodian(s):

   a) Cumulative Academic Records are maintained by the University Registrar whose office is located on the Modesto A. Maidique Campus. At times the dean, chairperson or faculty of the department in which the student completed coursework may have unofficial copies of academic records relating to specific coursework.

   b) Law Enforcement Records are maintained by the Director, University Public Safety Department, whose office is located on the Modesto A. Maidique Campus.

   c) Placement Records are maintained by the Director, Career Planning and Placement, whose office is located on the Modesto A. Maidique Campus.

   d) Continuing Education Records are maintained by the Executive Director of Continuing and Professional Studies whose office is located on the Biscayne Bay campus.

   e) e) Housing Records are maintained by the Director of University Housing whose office is located on the Modesto A. Maidique Campus.

   f) Disciplinary Records are maintained in the Student Conduct and Conflict Resolution Office located on the Modesto A. Maidique Campus.

   g) Personal Non-Academic Counseling records are maintained by the Director, Counseling Center, whose office is located on the Modesto A. Maidique Campus.

   h) Student Financial Aid records are maintained by the Director of Financial Aid, whose office is located on the Modesto A. Maidique Campus.

   i) International Student Records are maintained by the Director, International Student and Scholar Services, whose office is located on the Modesto A. Maidique Campus and the Associate Director of International Student and Scholar Services whose office is located on the Biscayne Bay campus.

   j) Academic Counseling records are maintained by the Vice President of Student Affairs and Undergraduate Education, whose office is located on the Modesto A. Maidique Campus. Additionally, academic counseling records may be maintained by departments for students who are majoring in fields of study taught by the department.

3. **Policies and Procedures for Access and Release.** Personally identifiable information contained in student education records shall be released, or open for inspection, only to the student, or parents of dependent students as defined in Section 152 of the Internal Revenue Code of 1986. "Personally identifiable" means that the data or information includes the name of a student, the student's parent, or other family member, the address of the student, a personal identifier, such as the student's social security number or a student number, a list of personal characteristics which would make the student's identity easily traceable or other information which would make the student's identity easily traceable. The custodian of the records shall require the student, or parents of the student when applicable, requesting access to or release of the records to present proper identification such as a valid driver's license or passport. The request must be in writing and signed by the person seeking access or release. A copy of the request for access or release shall be retained in the student's file. The custodian shall have thirty (30) days in which to comply with the request.

When the record includes information on more than one student, the custodian shall release, or permit access to only that part of the record which relates to the student who is the subject of the request. Students requesting the release to others of personally identifiable information contained in the student's education records must provide the custodian of such records with a signed, written request specifying the information to be released, the purpose(s) for such release, and the person or organization to whom such information shall be released. A copy of all requests for access and release shall be retained by the custodian of the records and shall be available for inspection and review by the student or a parent. The University reserves the right to deny a request for copies of education records made by a student or a parent when there is an financial obligation to the University which has not been satisfied or when there is an unresolved disciplinary action pending against the student.

**Policies & Regulations**

**4. Access to and Release of Records Without Consent.** The following persons and organizations are considered "university officials" and may have access to personally identifiable information without the student's prior consent:

a) Faculty, administrators, staff and consultants employed by the University, the Florida International University Board of Trustees, or the Florida Board of Governors whose work involves:

 1. Performance of administrative tasks which relate to students;

 2. Performance of supervisory or instructional tasks which relate to students; or

 3. Performance of services which benefit students.

b) Other persons who are authorized by federal and state law and regulations to have access to or receive copies of such information.

**5. Directory Information.**

a) It is the University's policy to release and publish directory information regarding its students. "Directory Information" includes:

 1. Student's name, local and permanent address, and telephone number(s);

 2. Date and place of birth;

 3. Student classification and major and minor fields of study;

 4. Participation in officially recognized activities and sports;

 5. Weight and height of members of athletic teams;

 6. Dates of attendance, degrees and awards received;

 7. The most recent previous educational agency or institution attended by the student; and

 8. Photographic image.

b) In order to prevent access to or release of directory information, a student, or the parents of a dependent student, must so notify the designated custodian of record in writing within the time provided in the annual Notice of Rights. Access to, or release of directory information will be withheld until further written instruction is received from the student, or the parents of a dependent student.

**6. Requests to Amend Education Records.**

a) Students who challenge the correctness of student education records shall file a written request for amendment with the custodian of the records. The student shall also present to the custodian of the records copies of all available evidence relating to the data or material being challenged. The custodian of the records shall consider the request and shall notify the student in writing within fifteen (15) school days whether the request will be granted or denied.

During that time, any challenge may be settled informally between the students, or the parents of a dependent student and the custodian of the records, in consultation with other appropriate University officials. If an agreement is reached, it shall be in writing and signed by all parties involved. A copy of such agreement shall be maintained in the student's records. If an agreement is not reached informally, or, if the request for amendment is denied, then the student or the parents of a dependent student shall be informed in writing of the denial and the right to a hearing on the matter. A student or the parents of a dependent student shall not have the right to challenge through this process the evaluation reflected by a grade which an instructor has assigned to student coursework.

b) Hearing Rights and Procedures.

 1. Rights of Appeal. A student whose request for amendment to education records has not been settled or has been denied may file a request for a hearing within thirty (30) days of the receipt of the letter of denial. The request shall be in writing and shall be filed with the Vice President for Academic Affairs. The request shall set forth the legal and factual basis for seeking correction of the student's education records. Upon receipt, the Vice-President shall appoint a disinterested University official to serve as a hearing officer. The hearing officer shall schedule a hearing within twenty-five (25) days of the date of receipt of the request for a hearing. The student shall be given written notice of the time, date and place of the hearing allowing sufficient time for the student to prepare his or her appeal.

 2. Hearing Procedures. The hearing shall be informal in nature but shall afford the student a full and fair opportunity to present evidence relative to the issues raised in the appeal. The student shall be entitled to be assisted or represented by an individual of his or her choice and expense, including an attorney. The custodian of records shall have the same rights as the student.

**Policies & Regulations**

3. Hearing Officer's Recommended Order. The hearing officer shall issue a recommended order within twenty-five (25) days of the close of the hearing. In rendering a recommended order, the hearing officer shall consider only such evidence as was offered at the hearing. The hearing officer shall include in the recommended order a summary of the evidence presented and the reasons for his or her recommendations. The original report shall be filed with the Vice-President and a copy of the recommended order shall be sent to the student or the parents of a dependent student and to the custodian of records. Upon receipt, the Vice-President shall have ten (10) days in which to issue a final determination on the issues raised in the appeal. If a determination is made that the information in the education record does not require correction, then the student or a parent of a dependent student shall have the right to place a statement in the record commenting that the information has been challenged and the reason for the challenge.

7. **The University will charge the following fees.**

Fees for furnishing copies of student records and reports, or any material included therein:

a) Copies of official transcripts – Ten dollars ($10.00).

b) Copies of all other educational records – Fifteen cents ($.15) per page for copying, plus any administrative costs incurred for search, retrieval and mailing.

8. **The University shall provide notification annually to students of their rights relating to education records, including the right to file complaints, the procedures to be followed in order to exercise such rights, the types of information entered in the education records maintained by the University, and the University's policy to support the law. Notifications are published in the University catalog, the Student Handbook and the Fall semester class schedule.**

9. **Waiver of Right of Access.**

a) Students and parents of dependent students have the right to waive their right of access to confidential letters of recommendation and other documents which evaluate student academic performance. Such waivers shall be in writing and made a part of the official academic record. A waiver of right to access shall be effective only when the student or the parents of a dependent

student are notified, upon request, of the names of all persons who are submitting confidential recommendations or evaluations and when the confidential letters of recommendation and other evaluative documents are used solely for the purpose intended.

b) The University may not condition admission to the University, grants of financial aid, or receipt of any other service or benefit offered by the University, by another public educational institution in the State of Florida or by any other public agency upon being provided a waiver of the right to access by the student or the parents of a dependent student.

10. **Requests for Information in Connection with Research.**

a) All requests for academic research dealing with data from student education records shall be referred to the University Registrar and to the Provost. Such requests must be in writing and must set forth specifically the type(s) of information to which access is requested and the intended scope of the research project.

b) The applicable custodian of records and the Provost shall determine whether to grant the request, in whole or in part, and may condition access upon a guarantee that the researcher will appropriately safeguard the data; that no personally identifiable information about any individual will be published or made available to others; or, upon other reasonable conditions.

Specific Authority Resolution of the Florida Board of Governors dated January 7, 2003. History–Formerly 6C8-1.06(3), Amended 4-3-84, 11-2-89, 1-3-93, 11- 3-02, Formerly 6C8-11.003, Amended 9-12-08.

## HIV/AIDS INFORMATION AND UNIVERSITY POLICY

HIV/AIDS is an infectious disease caused by the Human Immunodeficiency Virus (HIV). HIV attacks certain white blood cells called T-lymphocytes, leading to a progressively weakening immune system. Once infected, a person may have no symptoms for a variable period of time, usually five to ten years, or more. It may take anywhere from two weeks to six months or more after the initial infection, before one is able to detect the presence of antibody to HIV in the blood. However, the person is infectious and can pass the virus to others even before the HIV test becomes positive. Afterwards, symptoms may include enlarged lymph glands, low grade fevers, sweats, weight loss, fatigue, diarrhea, and loss of appetite. With continued immune system destruction, a person living with HIV may develop serious opportunistic infections or cancers, leading to the terminal phase of HIV disease,

**FIU**

**OneStop**

Search One Stop [ Go ]

■ STUDENT FINANCIALS   ■ REGISTRAR   ■ NON-DEGREE   ■ FINANCIAL AID   ■ SCHOLARSHIPS

**QUICK LINKS**

- Applying to FIU
- Enrollment Services Calendars
- Cost & Residency
- my.fiu.edu
- Degree Programs
- College & Schools
- Forms
- Financial Aid
- Contact Us

Home » Registrar » Policies & Procedures

# POLICIES & PROCEDURES

FERPA | What is an educational Record? | What is Directory Information | Repeat Surcharge | Excess Credit Hour Surcharge | Collection of SSN | Forgiveness Policy | Graduate Inclusion Form | Student Petition | SAP Appeal

## The 1974 Family Educational Rights and Privacy Act (FERPA)

**FERPA Annual Notice**

**WHAT IS FERPA?**

**The 1974 Family Educational Rights and Privacy Act**, 20 U.S.C. 1232(g), as amended, also known as the Buckley Amendment, is a federal law that protects the privacy of a student's educational record. FERPA applies to all educational institutions receiving funds from the United States Department of Education, from kindergarten through university level.

At Florida International University, the privacy of academic records is also protected by University Regulation (FIU-108) and Section 1002.22 of the Florida Statutes.

The U.S. Department of Education and Florida law summarizes the rights afforded to students by FERPA as follow:

- The right to inspect and review their educational records within a reasonable period of time and no more than 30 days after the institution has received the request
- The right to request to amend inaccuracies in their educational records
- The right to limit disclosure of some personally identifiable information

the right to file a complaint with the Family Policy Compliance Office if they feel their FERPA rights have been violated.

**Students have the right to file a complaint with the U.S. Department of Education concerning alleged failures by the University to comply with the requirements of FERPA. The name and address of the Office that administers FERPA is:**

**Family Policy Compliance Office**
**U.S. Department of Education**
400 Maryland Avenue, SW
Washington, DC 20202-5920

[Back to Top]

## WHAT IS AN EDUCATION RECORD?

An education record is any record directly related to a student that is maintained by an educational agency or institution, or by a party acting for the agency or institution.

Examples of an education record include, but are not limited to:

- Biographical information including date and place of birth, gender, nationality, information about race and ethnicity, and identification photographs
- Grades, test scores, evaluations, courses taken, academic specialization and activities, and official communications regarding your status
- Coursework including papers and exams, class schedules, as well as written email or recorded communications that are part of the academic process
- Disciplinary records
- Financial aid and financial aid records
- Internship program records

Education records do not include:

- Sole possession records that are used only as memory aids and not shared with others
- Law enforcement unit records
- Employment records, unless the employment is dependent on the employee's status as a student (such as evaluations of graduate assistants)
- Medical and mental health records used only for the treatment of the student and disclosed only to those individuals providing treatment
- Records that only contain information about an individual after he or she is no longer a student at that agency or institution

[Back to Top]

## WHAT IS DIRECTORY INFORMATION?

Directory information is the information available about a student that is not considered harmful or an invasion of privacy if disclosed. While FERPA and state law protect the privacy of educational records, directory information is not treated as confidential and may be disclosed by the university without student consent unless the student has placed a FERPA block via their my.fiu.edu on their student account. For instructions regarding the placement and release of a FERPA block please **click here**.

Instructions to place or release FERPA Block:

**Instructions for placing FERPA block**

1. Log on to **www.my.fiu.edu**
2. Click on '**Main Menu**' located under the '**Student Tab**'
3. Click on '**Campus Solutions Self Service**'
4. Locate and click on ' **Campus Personal Information**' icon
5. Click on '**FERPA Restrictions**'
6. Scroll down to the lower portion of the page, click on '**Edit FERPA / Directory Restrictions**'
7. Make adjustments by checking off preferred blocks

Policies & Procedures - One Stop Enrollment Services - FIU

selections

At FIU, the following has been designated as directory information:

- Name, local and permanent address, and telephone number(s);
- Date and place of birth;
- Student classification and major and minor fields of study;
- Participation in officially recognized activities and sports;
- Weight and height of members of athletic teams;
- Dates of attendance, degrees and awards received;
- The most recent previous educational agency or institution attended by the student; and
- Photographic image.

[Back to Top]

# Repeat Surcharge

The 1997 Legislature passed House Bill 1545 mandates that undergraduate students pay additional charges for the third time a student either takes or attempts a college credit course. Any undergraduate course taken, beginning Fall 1997, and all courses taken after this date will be subject to the repeat surcharge. Attempted hours mean those hours dropped/withdrawn after the drop/add period or failed. Withdrawals, incompletes, and dropped courses will be subject to the tuition surcharge, if they are fee-liable. All students are included regardless of type or residency. Undergraduate courses are 1000 to 4000 level courses.

Exceptions:

- Any course work taken prior to Fall 1997
- Credits earned through - cooperative education, military, waivers, audits, individualized study, courses that are repeated as a requirement of a major (except courses repeated more than times to increase GPA or meet minimum course grade requirements), courses intended to continue over multiple semesters
- Attempts taken at previous institutions prior to enrolling at FIU
- Any non fee-liable withdrawal or dropped course
- Graduate level courses (courses at 5000 level or above)

Effective Summer 2000, Universities may make exceptions based on extenuating circumstances and financial hardships. Students wishing to appeal the repeat course surcharge may complete a "Repeat Charge Appeal" by logging into the MyFIU portal.  The appeal can be found in the Student Center under the box labeled "Academics."

[Back to Top]

# Excess Credit Hour Surcharge

In 2009, the Florida Legislature implemented Section 1009.286, Florida Statutes to encourage students to complete their baccalaureate degree as quickly and efficiently as possible. It established what is commonly referred to as an "Excess Credit Hour Surcharge." The bill requires universities to add a surcharge to each credit hour taken in excess of the total number of credit hours required to complete the degree being pursued. The amount in excess of the total hours is calculated based on a percentage defined in law.

| First Semester Enrolled at an Institution of Higher Education after High School | Threshold Percentage: Determines when Excess Credit Surcharge (ECS) fees appear on your account. | Surcharge Percentage: Determines the amount you are charged per credit hour. |
|---|---|---|

| Prior to Fall 2009 | Not applicable | Not applicable |
|---|---|---|
| Fall 2009<br>Spring 2010<br>Summer 2010<br>Fall 2010<br>Spring 2011<br>Summer 2011 | **120%** of the minimum hours required for your degree program<br><br>**Example:** If you are pursuing a 120 credit bachelor program (such as a BS in Criminal Justice), then you would be assessed ECS after you exceed 144 attempted credits. | **50%** of the tuition rate for each credit hour over the calculated Threshold Percentage amount.<br><br>**Example:** The base tuition rate for Spring 2014 was $105.07. Therefore, the ECS per credit hour is $52.53 for that term. |
| Fall 2011<br>Spring 2012<br>Summer 2012 | **115%** of the minimum hours required for your degree program<br><br>**Example:** If you are pursuing a 120 credit bachelor program (such as a BS in Criminal Justice), then you would be assessed ECS after you exceed 138 attempted credits. | **100%** of the tuition rate for each credit hour over the calculated Threshold Percentage amount.<br><br>**Example:** The base tuition rate for Spring 2014 was $105.07. Therefore, the ECS per credit hour is $105.07 for that term. |
| Fall 2012<br>Spring 2013<br>Summer 2013<br>Fall 2013<br>Spring 2014<br>Summer 2014<br>And Thereafter… | **110%** of the minimum hours required for your degree program<br><br>**Example:** If you are pursuing a 120 credit bachelor program (such as a BS in Criminal Justice), then you would be assessed ECS after you exceed 132 attempted credits. | **100%** of the tuition rate for each credit hour over the calculated Threshold Percentage amount.<br><br>**Example:** The base tuition rate for Spring 2014 was $105.07. Therefore, the ECS per credit hour is $105.07 for that term. |

The surcharge is assessed only on the tuition portion of the semester hour cost, not on the fees.  The surcharge rate is the same for in-state, out-of-state students, and international students.

**Under Florida law, the following credit hours count towards Excess Credit Hours:**

- All credit hours for courses taken at FIU including:
- All credit earned at another institution and accepted for transfer and applied toward the baccalaureate degree program
- Failed courses
- Hours dropped after the University's drop/add period (DR grades)
- Courses from which a student withdraws (WI grades)
- Repeated courses. Exception: repeated courses for which the student has paid the Repeat Course Surcharge as provided in Section 1009.285, Florida Statutes

**Under Florida law, the following credit hours do not count towards Excess Credit Hours:**

- College credit earned through articulated accelerated mechanisms such as AP, IB, CLEP, AICE, or dual enrollment
- Credit hours earned through internship programs
- Credit hours required for certification, recertification, or certificate programs
- Courses from which the student withdraws for reasons of medical or personal hardship
- Credit taken by active-duty military personnel
- Credit hours taken to achieve a dual major while pursuing a baccalaureate degree
- Remedial and English-as-a-second-language credit hours
- Credit hours earned in military science courses that are part of the Reserve Officers' Training Corps (ROTC) program.

The number of hours required for the completion of a degree will be identified by your academic program and major. This is typically 120 semester hours, although, some programs have been approved to require more than 120 semester hours.

List of Frequently Asked Questions available here.

Excess Credit Hour - Student Manual

[Back to Top]

# Collection and Use of SSN

Notification of Collection and Usage of
Social Security Number from Students
for Undergraduate Admissions,
Registration and Financial Aid

Florida law provides that Florida International University (FIU) must notify students of the purposes for which FIU collects social security numbers. This notice is to inform you that with respect to admissions, registration, and financial aid, FIU collects social security numbers from its students for the following reasons:

- For use in processing admission applications for purposes of identification and verification of student records;
- For use in administering federal and state programs/loans, including verification of eligibility. These programs include, but are not limited to:
  - Financial Aid and other related loan programs;
  - Scholarship Programs, including Bright Futures; and
  - Veterans Administration benefits for qualified students
- For use in complying with IRS Reporting Requirements pertaining to the Hope Scholarship Credit and the Lifetime Learning Credit provided under federal legislation;
- For use in preparing Student Enrollment Reports required to be submitted to the National Student Loan Data System under Federal Law;
- For use in providing official student transcripts to authorized third parties (i.e. educational institutions and employers upon receipt of required releases) for student identification purposes;
- For enrollment verification and eligibility for health insurance coverage, auto insurance coverage, and benefits, as requested by students.
- For submitting reports to the Florida Board of Governors as required.

Please note that this is only a listing of the collection and use of social security numbers by the University in the admissions, registration, and financial aid areas. All students are advised that social security numbers are confidential and may only be released in accordance with applicable law.

[Back to Top]

# Forgiveness Policy

What is the forgiveness policy?

- While all attempts at a course are recorded on your transcript, only the last attempt using the Forgiveness Policy is calculated in your final grade point average (GPA). All undergraduate students have three opportunities to use the Forgiveness Policy. The Forgiveness Policy only applies to a repeat attempt of the exact same course (same prefix and course number, unless the number has been changed in the University Catalog). The Forgiveness Policy cannot be used once the degree has been awarded.

The inclusion policy is not available for graduate students.

[Back to Top]

## Graduate Inclusion Form

What is an inclusion form?

- This form is used by the academic units to notify the Office of the Registrar what credits, taken prior to a students' admission, are part of a graduate academic program. If you have taken any graduate courses as a non-degree seeking student, your advisor will need to review your records and inform us which are approved for your degree.

[Back to Top]

## Student Petition

Student petitions are filed for consideration of exception to a University policy. The Policies and Procedures for the Student Petition have been established by Florida Board of Governors Regulation 7.002(11). Drop requests received later than six months after the end of the term in which the courses were registered will only be considered for DR grades.

- Policies and Procedures for the Student Petition/Add Form
- Student Petition Medical Support Form

**Medical:** Should the petition be for medical reasons, students must have the Student Petition Medical Support Form completed by the appropriate medical professional and the entire form should be returned, along with your completed petition, to OneStop Enrollment Services.

**Financial Aid Recipients:** If your appeal is approved and you have a change in your enrollment (i.e. a class(es) has been removed), please note that any refunds you received from financial aid will need to be returned to FIU as soon as possible to avoid being sent to collections.

Board of Governors Regulations; BOG 7.002

[Back to Top]

## Satisfactory Academic Progress (SAP)

### Academic Progress Policy

The Office of Financial Aid is required by federal and state regulations to monitor the academic progress of potential and current financial aid recipients. Financial aid applicants must comply with the Satisfactory Academic Progress (SAP) Policy as a condition of initial or continued eligibility. Please note that even if a student has not currently applied for financial aid, or is not currently receiving aid, this policy applies and prior academic progress will be evaluated to determine eligibility for financial aid.

Satisfactory academic progress is measured both qualitatively and quantitatively. The qualitative measure requires maintaining a satisfactory grade point average. The quantitative measure requires successfully completing a required ratio of attempted credits and receiving a degree in a timely manner.

For the purpose of maintaining financial aid eligibility, the following defines attempted credits and successful completion of attempted credits:

**Attempted Credits** include all credits with the following grades: A, A-, B+, B, B-, C+, C, C-, D+, D, D-, P, F, FO, IN, IP, NR, DF, DP, WF, WP, DR, WI

**Successful completion** includes credits with the following grades: A, A-, B+, B, B-, C+, C, C-, D+, D, D- or P

NOTE:

Policies & Procedures - One Stop Enrollment Services - FIU

1. If a course requires a grade of "C" either during or as a prerequisite course, it does not count as a successful completion of that course.

[back to top]

# Repeat Course Policy for Financial Aid

Changes in federal regulations (34 CFR Section 668.2) now require that the Financial Aid Office monitor and adjust a student's enrollment level for Title IV aid if, or when, they repeat course work for credit that they have already earned. Students can retake courses and receive federal aid if they had previously failed a course, but can only receive financial aid one more time for a course that has been previously passed. A passing grade is defined as D- or better. Please note that the repeat course policy for financial aid is separate from institutional academic polices regarding repeat courses.

**The policy allows a student to receive financial aid under the following situations:**

- To **repeat any failed course** until a passing grade is received.
- To **repeat one time any course in which you previously received a passing grade**.

Please Note: Regardless of the grade received, courses are not eligible to be covered by financial aid after a 2nd attempt has been made for a course that has at any time previously earned a passing grade.

[back to top]



Find us on:     

**Contact Us**
Visit SASC 126
More Contact Information

**About Us**

OneStop
Florida International University
Modesto A. Maidique Campus
SASC 126
11200 S.W. 8th Avenue
Miami, Florida 33199

Florida International University © 2012  Created by Web Communications

**FIU-108 Access to Student Education Records.**

(1) General. The University will not release or permit access to education records and personally identifiable information kept on a student except as otherwise permitted by law and this regulation. Responsibility for custody of all student educational records belongs to the vice-president or other University officials in charge of the area in which the records are maintained. Each vice-president or designated custodian shall ensure that the procedures required by federal and Florida law, and this regulation are in place to control access to and disclosure of student education records and personally identifiable information contained therein.

(2) Categories and Custodians of Education Records. The following categories of student education records are maintained by the University and are kept under the supervision and control of the designated custodian(s):

(a) Cumulative Academic Records are maintained by the University Registrar whose office is located on the University Park campus. At times the dean, chairperson or faculty of the department in which the student completed coursework may have unofficial copies of academic records relating to specific coursework.

(b) Law Enforcement Records are maintained by the Director, University Public Safety Department, whose office is located on the University Park campus.

(c) Placement Records are maintained by the Director, Career Planning and Placement, whose office is located on the University Park campus.

(d) Continuing Education Records are maintained by the Executive Director of Continuing and Professional Studies whose office is located on the Biscayne Bay campus.

(e) Housing Records are maintained by the Director of University Housing whose office is located on the University Park campus.

(f) Disciplinary Records are maintained in the Student Conduct and Conflict Resolution Office located on the University Park campus.

(g) Personal Non-Academic Counseling records are maintained by the Director, Counseling Center, whose office is located on the University Park campus.

(h) Student Financial Aid records are maintained by the Director of Financial Aid, whose office is located on the University Park campus.

(i) International Student Records are maintained by the Director, International Student and Scholar Services, whose office is located on the University Park campus and the Associate Director of International Student and Scholar Services whose office is located on the Biscayne Bay campus.

(j) Academic Counseling records are maintained by the Vice President of Student Affairs andUndergraduate Education, whose office is located on the University Park campus. Additionally, academic counseling records may be maintained by departments for students who are majoring in fields of study taught by the department.

(3) Policies and Procedures for Access and Release. Personally identifiable information contained in student education records shall be released, or open for inspection, only to the student, or parents of dependent students as defined in Section 152 of the Internal Revenue Code of 1986. "Personally identifiable" means that the data or information includes the name of a student, the student's parent, or other family member, the address of the student, a personal identifier, such as the student's social security number or a student number, a list of personal characteristics which would make the student's identity easily traceable or other information which would make the student's identity easily traceable. The custodian of the records shall require the student, or parents of the student when applicable, requesting access to or release of

the records to present proper identification such as a valid driver's license or passport. The request must be in writing and signed by the person seeking access or release. A copy of the request for access or release shall be retained in the student's file. The custodian shall have thirty (30) days in which to comply with the request. When the record includes information on more than one student, the custodian shall release, or permit access to only that part of the record which relates to the student who is the subject of the request. Students requesting the release to others of personally identifiable information contained in the student's education records must provide the custodian of such records with a signed, written request specifying the information to be released, the purpose(s) for such release, and the person or organization to whom such information shall be released. A copy of all requests for access and release shall be retained by the custodian of the records and shall be available for inspection and review by the student or a parent. The University reserves the right to deny a request for copies of education records made by a student or a parent when there is an financial obligation to the University which has not been satisfied or when there is an unresolved disciplinary action pending against the student.

(4) Access to and Release of Records Without Consent. The following persons and organizations are considered "university officials" and may have access to personally identifiable information without the student's prior consent:

(a) Faculty, administrators, staff and consultants employed by the University, the Florida International University Board of Trustees, or the Florida Board of Governors whose work involves:

1. Performance of administrative tasks which relate to students;
2. Performance of supervisory or instructional tasks which relate to students; or
3. Performance of services which benefit students.

(b) Other persons who are authorized by federal and state law and regulations to have access to or receive copies of such information.

(5) Directory Information.

(a) It is the University's policy to release and publish directory information regarding its students. "Directory Information" includes:

1. Student's name, local and permanent address, and telephone number(s);
2. Date and place of birth;
3. Student classification and major and minor fields of study;
4. Participation in officially recognized activities and sports;
5. Weight and height of members of athletic teams;
6. Dates of attendance, degrees and awards received;
7. The most recent previous educational agency or institution attended by the student; and
8. Photographic image.

(b) In order to prevent access to or release of directory information, a student, or the parents of a dependent student, must so notify the designated custodian of record in writing within the time provided in the annual Notice of Rights. Access to, or release of directory information will be withheld until further written instruction is received from the student, or the parents of a dependent student.

(6) Requests to Amend Education Records.

(a) Students who challenge the correctness of student education records shall file a written request for amendment with the custodian of the records. The student shall also present to the custodian of the records copies of all available evidence relating to the data or material being challenged. The custodian of the records shall consider the request and shall notify the student in

writing within fifteen (15) school days whether the request will be granted or denied. During that time, any challenge may be settled informally between the students, or the parents of a dependent student and the custodian of the records, in consultation with other appropriate University officials. If an agreement is reached, it shall be in writing and signed by all parties involved. A copy of such agreement shall be maintained in the student's records. If an agreement is not reached informally, or, if the request for amendment is denied, then the student or the parents of a dependent student shall be informed in writing of the denial and the right to a hearing on the matter. A student or the parents of a dependent student shall not have the right to challenge through this process the evaluation reflected by a grade which an instructor has assigned to student coursework.

(b) Hearing Rights and Procedures.

1. Rights of Appeal. A student whose request for amendment to education records has not been settled or has been denied may file a request for a hearing within thirty (30) days of the receipt of the letter of denial. The request shall be in writing and shall be filed with the Vice President for Academic Affairs. The request shall set forth the legal and factual basis for seeking correction of the student's education records. Upon receipt, the Vice-President shall appoint a disinterested University official to serve as a hearing officer. The hearing officer shall schedule a hearing within twenty-five (25) days of the date of receipt of the request for a hearing. The student shall be given written notice of the time, date and place of the hearing allowing sufficient time for the student to prepare his or her appeal.

2. Hearing Procedures. The hearing shall be informal in nature but shall afford the student a full and fair opportunity to present evidence relative to the issues raised in the appeal. The student shall be entitled to be assisted or represented by an individual of his or her choice and expense, including an attorney. The custodian of records shall have the same rights as the student.

3. Hearing Officer's Recommended Order. The hearing officer shall issue a recommended order within twenty-five (25) days of the close of the hearing. In rendering a recommended order, the hearing officer shall consider only such evidence as was offered at the hearing. The hearing officer shall include in the recommended order a summary of the evidence presented and the reasons for his or her recommendations. The original report shall be filed with the Vice-President and a copy of the recommended order shall be sent to the student or the parents of a dependent student and to the custodian of records. Upon receipt, the Vice-President shall have ten (10) days in which to issue a final determination on the issues raised in the appeal. If a determination is made that the information in the education record does not require correction, then the student or a parent of a dependent student shall have the right to place a statement in the record commenting that the information has been challenged and the reason for the challenge.

(7) The University will charge the following fees for furnishing copies of student records and reports, or any material included therein:

(a) Copies of official transcripts – Ten dollars ($10.00).

(b) Copies of all other educational records – Fifteen cents ($.15) per page for copying, plus any administrative costs incurred for search, retrieval and mailing.

(8) The University shall provide notification annually to students of their rights relating to education records, including the right to file complaints, the procedures to be followed in order to exercise such rights, the types of information entered in the education records maintained by the University, and the University's policy to support the law. Notifications are published in the University catalog, the Student Handbook and the Fall semester class schedule.

(9) Waiver of Right of Access.

(a) Students and parents of dependent students have the right to waive their right of access to confidential letters of recommendation and other documents which evaluate student academic performance. Such waivers shall be in writing and made a part of the official academic record. A waiver of right to access shall be effective only when the student or the parents of a dependent student are notified, upon request, of the names of all persons who are submitting confidential recommendations or evaluations and when the confidential letters of recommendation and other evaluative documents are used solely for the purpose intended.

(b) The University may not condition admission to the University, grants of financial aid, or receipt of any other service or benefit offered by the University, by another public educational institution in the State of Florida or by any other public agency upon being provided a waiver of the right to access by the student or the parents of a dependent student.

(10) Requests for Information in Connection with Research.

(a) All requests for academic research dealing with data from student education records shall be referred to the University Registrar and to the Provost. Such requests must be in writing and must set forth specifically the type(s) of information to which access is requested and the intended scope of the research project.

(b) The applicable custodian of records and the Provost shall determine whether to grant the request, in whole or in part, and may condition access upon a guarantee that the researcher will appropriately safeguard the data; that no personally identifiable information about any individual will be published or made available to others; or, upon other reasonable conditions.

*Specific Authority Resolution of the Florida Board of Governors dated January 7, 2003. History–Formerly 6C8-1.06(3), Amended 4-3-84, 11-2-89, 1-3-93, 11-3-02, Formerly 6C8-11.003, Amended 9-12-08.*

**FIU** Law

Search …

Directory    my.FIU.edu    Directions    Give

# Registrar

Home » Academics » Registrar



FIU Law's Registrar's Office is responsible for the academic schedule of classes, registration, enrollment and degree verification, room reservation, scheduling and administration of examinations, bar certification, academic policies, degree audits, transcripts, change of address and grade processing.

**Academic Calendars**

- Fall 2017 – Summer 2018
- Fall 2018 – Summer 2019

**Class & Exam Schedules**

- Summer 2018
  - Class Schedule
  - Exam Schedule
- Fall 2018
  - Class Schedule
  - Exam Schedule

**Registration Memos**

- Summer 2018 Registration Memo
- Fall 2018 Registration Memo

**Book Lists**

- JD Summer 2018 Booklist
- JD Fall 2018 Booklist
- LLM Fall 2018 Booklist

**Quick Links**

- Academic Policies & Regulations
- Academic Policies & Regulations – LL.M. Program
- Apply for Graduation
- Family Education Privacy Act
- Nondiscrimination Policy
- Records & Forms
- Student Code of Conduct
- Student Complaints
- Visiting Applicants

**Contact Information**

Donna Yff, Registrar
RDB 2017 office
305.348.0175 phone

Ada Rueda-Wright, Coordinator, Office of the Registrar
RDB 2018 office
305.348.6296 phone

EXHIBIT D

2336 Immokalee Road
Naples, FL 34110
Phone: 239.229.8481
Fax: 239.449.3397
Email: drdiana@dianamclaughlin.com

# Diana McLaughlin M.D. M.B.A. Esq.

### *Medicine • Business • Law*

June 8, 2017

**DELIVERED VIA EMAIL TO tansah@fiu.edu, Federal Express Tracking Number 779333343130, and fax to (305) 348-1159**

**Dean Tawia Baidoe Ansah**
Acting Dean
Florida International University- School of Law
Rafael Diaz Balart Hall
11200 SW 8th Street
Miami, FL 33199

Re: Christina M. McLaughlin: In the matter of Academic Dismissal from FIU - School of Law

Dear Dean Ansah,

I am an attorney representing the interests of Christina M. McLaughlin in all matters concerning her academic dismissal from Florida International University School of Law. Attached is a previous notice of representation that I hand delivered to Professor Howard Wasserman on May 31, 2017. However, Professor Wasserman refused to accept delivery. Please, ensure all future contact on this matter be sent, in writing, directly to me at the contact information listed below. If you have retained or plan to retain legal counsel on this matter, please forward this letter to them.

Christina is applying to Ave Maria School of Law and is in need of a **Letter of Standing** sent directly from FIU Law to Ave Maria Law. Please, send this letter to:

Carolyn Barrientes
Associate Director of Admissions & Recruitment
Ave Maria School of Law
1025 Commons Circle
Naples, FL 34119
Phone: (239) 687-5420
Email: CBarrientes@avemarialaw.edu

Please, ensure this letter is sent and received by Ave Maria Law **no later than 5:00 p.m. June 15, 2017.** Any additional delay will cause irreparable harm to Christina. Please, ensure I am copied on this letter and any communications regarding it.

Thank you for your attention on this matter.

Very Truly Yours,

DIANA MCLAUGHLIN, M.D., M.B.A., Esq.
Florida Bar Number: 84479
2336 Immokalee Road
Naples, FL 34110
Phone: (239) 229-8481
Fax: (239) 449-3397
Email: drdiana@dianamclaughlin.com

EXHIBIT E

Isis Carbajal De Garcia

| From: | Lizvette Torres |
|---|---|
| Sent: | Wednesday, July 19, 2017 3:23 PM |
| To: | Diana McLaughlin |
| Cc: | christymclaughlin95@gmail.com; Isis Carbajal De Garcia |
| Subject: | RE: FERPA Records |
| Attachments: | Property MC 1539.pdf; Torts MC 8424.pdf; Christina McLaughlin Student Records.pdf; Civil Procedure 1539.pdf; Constitutional Law MC 8424.pdf; Contracts 1539.pdf; Contracts MC 8424.pdf; Crim Law MC 1539.pdf; Criminal Law 1539.pdf; ICL MC 1539.pdf; LSV I Memo.pdf; LSV I Spreadsheet.pdf; LSV II Spreadsheet.pdf; Property 1539.pdf |

Good afternoon,

Attached please find the documents requested.  I will send the password to open the files in a separate email.

Thank you and have a nice day.
Lizvette Torres, Paralegal

From: Isis Carbajal De Garcia
Sent: Tuesday, July 18, 2017 6:44 PM
To: Diana McLaughlin <drdiana@kidsmedicalcare.com>
Cc: christymclaughlin95@gmail.com
Subject: Re: FERPA Records

Dear Ms. McLaughlin,

You had advised me in a previous email that you were no longer coming to review the records and asked for the records to be sent to you. I made the arrangements for that to be done within the time required by law.  In fact, the arrangements made were to email you the records as soon as they were prepared for emailing. That will happen tomorrow after a paralegal from my office who incripts student records due to its confidential nature does so.   As I mentioned in previous emails to you, "student records" as defined in FERPA maintained by the Law School will be provided.

I do not find it necessary to respond to statements in your email that impute motives that do not exist.  The records your requested previously for Christina's  transfer to another school were sent in an expedited manner to facilitate her transfer.  We had no obligation to expedite them, but did so because it is our desire that Christina be successful in her endeavors. Records for purpose of transfer are sent directly to the school, not to a student.   We are pleased to provide the student records for Christina's review as provided by law.

As to your reference to grade appeals, I asked you in a previous email to send to me the grade appeal you claim Christina had filed.  You have failed to send me the alleged grade appeal.

Sincerely,

Isis Carbajal de Garcia

1

**From:** Diana McLaughlin <drdiana@kidsmedicalcare.com>
**Sent:** Tuesday, July 18, 2017 5:47 PM
**To:** Isis Carbajal De Garcia
**Cc:** christymclaughlin95@gmail.com
**Subject:** RE: FERPA Records

Dear Ms. Carbajal,


  My email requesting FERPA records was sent on June 27, 2017, or 21 days ago.  You failed to answer that email, nor have you provided the records either digitally or by mail.  Clearly, you have no interest in providing these records in a timely fashion and this latest delay is another attempt at obstruction.   You are well aware that time is of the essence before the fall semester starts.


  FIU Law has ignored and refused requests for grade appeals.  FIU Law has refused requests for probationary status.  FIU has unreasonably withheld FERPA records.  In sum, the totality of FIU's actions support the allegation of FIU's intentional, malicious treatment of my client.  The 21 day delay to send FERPA records and your failure to respond to emails up until today is further evidence in support of FIU's intentional harm to Christina and attempting to foreclose Christina's options to transfer from FIU. Twenty one days delay with no answer by you is unaccepatble, improper, and unprofessional.


  Should I not receive all FERPA records including all graded exams and assignments by July 21, 2017 at 5:00 pm, I will file a complaint with all appropriate Federal and State agencies accordingly.


Please send records to:


Diana McLaughlin, M.D., M.B.A., Esq.
2338 Immokalee Road
Suite 230
Naples, FL  34110

**From:** Isis Carbajal De Garcia <isisc@fiu.edu>
**Sent:** Tuesday, July 18, 2017 4:56 PM
**To:** Diana McLaughlin
**Cc:** Lissette Garcia
**Subject:** Re: FERPA Records

Dear Ms. McLaughlin,

In your subsequent email you asked that the records be mailed to you and I have made arrangements for that mailing.  Thus, it is not necessary that you come to Miami to review the records.

Best,
Isis

Isis Carbajal de Garcia
Office of the General Counsel
Florida International University
MMC, PC 511
Miami, Fl  33199
tel. (305) 348-2103
fax (305) 348-3272
Isisc@fiu.edu

**From:** Diana McLaughlin <drdiana@kidsmedicalcare.com>
**Sent:** Tuesday, July 18, 2017 4:41 PM
**To:** Isis Carbajal De Garcia
**Cc:** Lissette Garcia
**Subject:** FERPA Records

Dear Ms. Carbajal,

You have not responded to any of my emails.  I am writing to inform you that Christina McLaughlin and myself will be at FIU Law School Administration on Friday, July 21, 2017 at 1:00 p.m.  We expect to review and copy all her academic records including but not limited to all her graded exams and assignment, scantrons for all her 1L classes.  Please, make sure that the law school is prepared because you are aware that we are travelling more than 125 miles obtain these records.  Any obstruction, delay or interference will be construed as acting in bad faith.

You have received ample notice and failure provide all graded records will amount to a violation of FERPA.

If you wish to discuss this matter, you may contact me at any time.

3

Thank you for attention.

D. McLaughlin
Attorney for Christina McLaughlin
Florida Bar Number:  84479
2336 Immokalee Road
Naples, FL  34110
Phone: (239) 229-8481
Fax:   (239) 449-3397
Email: drdiana@dianamclaughlin.com

4

EXHIBIT F

2336 Immokalee Road
Naples, FL 34110
Phone: 239.229.8481
Fax: 239.449.3397
Email: drdiana@dianamclaughlin.com

# Diana McLaughlin
## M.D. M.B.A. Esq.

### Medicine • Business • Law

July 22, 2017

**DELIVERED VIA EMAIL TO**

Isis Carbajal de Garcia
Senior University Counsel
Florida International University
Modesto Maidique Campus PC 511
Miami, FL 33199

     Re: Christina M. McLaughlin

Dear Ms. Carbajal,

     This correspondence serves to notify you that the FERPA student records you made available are incomplete. The following is a list of missing documents and items.

Fall Semester:
CONSTITUTIONAL LAW: Prof. Baker
  **\*Constitutional Law Case Brief Presentation 1** (September 2016)
  **\*Constitutional Law Extra Credit Paper** (October 2016)
  **\*Constitutional Law Case Brief Presentation 2** (October 2016)
✓**\*Constitutional Law Comparative International Law Essay** (November 2016) Graded
  Constitutional Law Comparative International Law Essay (November 2016) Rubric
✓**\*Constitutional Law Final Exam Scantron answers 60 through 100** (December 2016)
  **\*Constitutional Law Final Exam Answer Key 1 through 100.** (December 2016)
  Constitutional Law Final Grade Numerical
  Constitutional Law Final Grade Curved

LSVI: Prof. Schrier
  **\*LSVI Discussion Draft** (September 2016) Graded
  LSVI Discussion Draft (September 2016) Rubric
  **\*LSVI Closed Memo** (October 2016) Graded
  LSVI Closed Memo (October 2016 Rubric
  **\*LSVI Research Assignment** (October 2016) Graded
✓LSVI Open Memo Final (November 2016) Rubric
  LSVI Oral Report (November) Rubric
  LSVI Final Grade Numerical  Already sent
  LSVI Final Grade Curved

CONTRACTS: Prof. Norberg
✓*Contract Final Examination (December 2016) Graded
Contract Final Examination (December 2016) Rubric
Contract Final Grade Numerical
Contracts Final Grade Curved

TORTS: Prof. Jalloh
Torts Final Examination Answer Key
Torts Final Grade Numerical
Torts Final Grade Curved

Spring Semester:
CIVIL PROCEDURE: Prof. Wasserman
*Civil Procedure Essay 5 (February 2017) Graded
Civil Procedure Essay 5 (February 2017) Rubric
*Civil Procedure Midterm (March 2017) Graded
Civil Procedure Midterm (March 2017) Rubric
*Civil Procedure Extra Credit (April 2017) Graded
Civil Procedure Final Grade Numerical
Civil Procedure Final Grade Curved

✓ Civil Procedure Final Exam, Graded

CRIMINAL LAW: Prof. Carpenter
*Criminal Law Midterm Exam 1 (March 2017) Graded
Criminal Law Midterm Exam 1 (March 2017) Rubric
*Criminal Law Midterm 2 (April 2017) Graded
Criminal Law Midterm 2 (April 2017) Rubric
Criminal Law Final Exam Answer Key (May 2017)
Criminal Law Final Exam (May 2017) Rubric
Criminal Law Final Grade Numerical
Criminal Law Final Grade Curved

INTRODUCTION TO INTERNATIONAL AND COMPARATIVE LAW
Intro International Law Final (May 2017) Answer Key
Intro International Law Final Grade Numerical
Intro International Law Final Grade Curved

PROPERTY LAW: Prof. Rodriguez-Dod
Property Law Final Exam Answer Key (May 2017)
Property Law Final Exam Rubric (May 2017)
Property Law Final Grade Numerical
Property Law Final Grade Curved

LSVII: Prof. Brown
*LSVII Trial Memo (February 2017) Graded
LSVII Trial Memo (February 2017) Rubric

*Also sending Appeal file

**\*LSVII Appellate Draft** (March 2017) Graded
LSVII Appellate Draft (March 2017 Rubric
**\*LSVII Court Observation** (March 2017) Graded
LSVII Court Observation (March 2017) Rubric
✓**\*LSVII Final Brief** (April 2017) Graded
✓LSVII Final Brief (April 2017) Rubric
**\*LSVII Oral Argument** (April 2017) Grade *Already sent, but re-sending spreadsheet copied on lighter setting*
LSVII Oral Argument (April 2017) Rubric
**\*LSVII Oral Argument Video** (April 2017)
LSVII Final Grade Numerical *Already sent, but re-sending spreadsheet copied on lighter setting*
LSVII Final Grade Curved

There are 21 graded exams or assignment (**BOLDED** and asterisk) missing from her student record. You have failed to timely make available her entire student record under FERPA. You are in violation of FERPA. The delayed and incomplete student record has caused irreparable damage to Christina's summer internship, option to transfer, career, and future. Additionally, Christina was dismissed from law school solely on academic performance. She believes the grades are incorrect and is disputing their veracity. Obviously, ungraded scantrons are useless as to inquiry of the accuracy of her grades and again demonstrates FIU's obstructionist tactics. Christina is requesting the answer key for each exam and the assignment rubrics for all grades. Moreover, several of Christina's essay assignments are omitted from the records you sent.

Your statement calling Christina's grade appeal "alleged" is outrageous. A formal grade appeal was made on May 22, 2017 and delivered to Dean Ansah via email that same day or 3 months ago. We have a FEDEX receipt that Dean Ansah received the grade appeal and the appeal for reinstatement on May 23, 2017. The demand for a grade appeal was reinforced a second time in an email to Dean Ansah on May 23, 2017. (See Attached). On May 31, 2017, Professor Wasserman and the entire Academic Review Committee (ARC) acknowledged receiving and reading the grade appeal at the time of the reinstatement hearing. Professor Wasserman stated that the grade appeal would be disregarded because the Academic Review Committee had "**no jurisdiction**" over grade appeals. On June 26, 2017, I replied to your request for a copy of the grade appeal, informing you of the above-referenced facts via email, thus rendering your claims of my failure to respond to your request a patent falsehood. However, your persistent request for this document provides prima facie evidence no action was taken on this request. Additionally, with the exception of illegible grading spreadsheets, no graded assignments were returned from Christina's LSV II course, suggesting further attempts to suppress information regarding grades given by a first semester, adjunct professor who received uniformly dismal reviews from students.

Christina's formal grade appeal and reinstatement appeal should have been included in the FERPA student records. The fact that the grade appeal and reinstatement appeal is not included in the student records and your repeated request infers that FIU has either misplaced or destroyed Christina's formal appeal. Professor Wasserman was the last person to be in possession of the appeal at the time of the hearing. If FIU is not in possession of Christina's grade appeal and appeal for reinstatement, we will allege that Professor Wasserman intentionally destroyed the

EXHIBIT G

# FIU   Office of the
## General Counsel

August 4, 2017

Diana McLaughlin, M.D., M.B.A., Esq.
2338 Immokalee Road
Suite 230
Naples, FL 34110

> Re:   *Christina McLaughlin*

Dear Ms. McLaughlin:

In response to the letter attached to your July 31, 2017 email to me (the letter was erroneously dated June 31, 2017), indicated below are the records I will be emailing to you following this letter. As to the other requested records listed below, I am noting the records that have already been provided, those that do not exist, and the reasons other listed records are not being provided.

Fall Semester:
CONSTITUTIONAL LAW: Prof. Baker
**\*Constitutional Law Case Brief Presentation 1** (September 2016) - Oral presentation, no record exists.
**\*Constitutional Law Extra Credit Paper** (October 2016) – No record exist, it was returned to Christina.
**\*Constitutional Law Case Brief Presentation 2** (October 2016) – Oral presentation, no record exists.
Constitutional Law Comparative International Law Essay (November 2016) Rubric – Not a student record.
**\*Constitutional Law Final Exam 1 through 100- Answer Key.** (December 2016) – Not a student record.
Constitutional Law Final Grade Numerical -- While this information is subject to the grade book exception under FERPA, the names of other students have been redacted and Christina's numbers are attached.
Constitutional Law Final Grade Curved – See transcript of Christina.

LSVI: Prof. Schrier  -- None of these class records exist as they were returned to Christina.
**\*LSVI Discussion Draft** (September 2016) Graded
LSVI Discussion Draft (September 2016) Rubric
**\*LSVI Closed Memo** (October 2016) Graded
LSVI Closed Memo (October 2016 Rubric
**\*LSVI Research Assignment** (October 2016) Graded
LSVI Oral Report (November) Rubric

LSVI Final Grade Curved - See transcript of Christina.

CONTRACTS: Prof. Norberg
Contract Final Examination (December 2016) Rubric – See record previously provide with a slip attached relative to the grade; no separate rubric exists.
Contracts Final Grade Curved – See transcript of Christina

TORTS: Prof. Jalloh
Torts Final Examination Answer Key – Not a student record
Torts Final Grade Numerical – No record exists.
Torts Final Grade Curved – See transcript of Christina

Spring Semester:
CIVIL PROCEDURE: Prof. Wasserman
**\*Civil Procedure Essay 5** (February 2017) Graded - No record exist, it was returned to Christina.
Civil Procedure Essay 5 (February 2017) Rubric – Not a student record.
**\*Civil Procedure Midterm** (March 2017) Graded - No record exists, it was returned to Christina.
Civil Procedure Midterm (March 2017) Rubric – Not a student record.
Civil Procedure Final Grade Numerical – See email to follow.
Civil Procedure Final Grade Curved - See transcript of Christina.

CRIMINAL LAW: Prof. Carpenter
**\*Criminal Law Midterm Exam 1** (March 2017) Graded
Criminal Law Midterm Exam 1 (March 2017) Rubric – Not a student record.
**\*Criminal Law Midterm 2** (April 2017) Graded - No record exists, it was returned to Christina.
Criminal Law Midterm 2 (April 2017) Rubric – Not a student record.
Criminal Law Final Exam Answer Key (May 2017) - Same as above.
Criminal Law Final Exam Rubric - Same as above.
Criminal Law Final Grade Numerical – See email to follow.
Criminal Law Final Grade Curved – See transcript of Christina.

INTRODUCTION TO INTERNATIONAL AND COMPARATIVE LAW
Intro International Law Final (May 2017) Answer Key – Not a student record.
Intro International Law Final Grade Numerical – See email to follow.
Intro International Law Final Grade Curved – See transcript of Christina.

PROPERTY LAW: Prof. Rodriguez-Dod
Property Law Final Exam Answer Key (May 2017) –Not a student record.
Property Law Final Exam Rubric (May 2017) – Same as above.
Property Law Final Grade Numerical – See email to follow.
Property Law Final Grade Curved – See transcript of Christina.

LSVII: Prof. Brown
**\*LSVII Trial Memo** (February 2017) Graded - No record exists, it was returned to Christina.
LSVII Trial Memo (February 2017) Rubric - No record exists, it was returned to Christina.
**\*LSVII Appellate Draft** (March 2017) Graded - No record exists, it was returned to Christina.
LSVII Appellate Draft (March 2017 Rubric - No record exists, it was returned to Christina.
**\*LSVII Court Observation** (March 2017) Graded – See email to follow.

**FIU** Office of the
General Counsel

LSVII Court Observation (March 2017) Rubric - No record exists.
**\*LSVII Final Complete Brief** (April 2017) Graded –Christina's portion of the brief was already provided.
LSVII Final Brief (April 2017) Rubric – Record pertaining to Christina was already provided.
**\*LSVII Oral Argument** (April 2017) Grade – See email to follow.
LSVII Oral Argument (April 2017) Rubric – No record exists.
**\*LSVII Oral Argument Video** (April 2017) - Is being mailed separately.
LSVII Final Grade Numerical – Record was already provided.
LSVII Final Grade Curved – See transcript of Christina.

Your letter addressed other issues to which I will be responding next week.

Sincerely,

Isis Carbajal de Garcia
Senior University Counsel

Enclosures (as stated)

| From: | Isis Carbajal De Garcia |
|---|---|
| Sent: | Friday, August 4, 2017 7:16 PM |
| To: | 'Diana McLaughlin' |
| Subject: | Christina McLaughlin:  Redacted Gradebook pages and Civil Procedure Creative Project Section A |
| Attachments: | Baker Final Grades_Redacted.pdf; Norberg Fall 2016 K Grades Redacted.pdf; Baker Quizzes_Redacted.pdf; Norberg Final Grades, Fall 2016 Redacted.pdf; McLaughlin Section A.PDF; Weisbord Blind ID ICL Complex Grades Spring 2017 Redacted.pdf; Baker Exam Redacted_Redacted.pdf; Carpenter Crim Grades Spring 2017 Redacted.pdf; Wasserman Initial GradesS17A (002) Redacted.pdf; Wasserman Final GradesS17A Redacted.pdf; Rodriguez Dod PropertyGradesWorksheetSpring2017 Redacted.pdf |

Dear Ms. McLaughlin,

**Per my previous email please see** attached encrypted files.  Also attached is the above-mentioned record, which you did not request, but Professor Wasserman has provided. See email to follow.

Isis

Isis Carbajal de Garcia
Senior University Counsel
Florida International University
Modesto Maidique Campus PC 511
Miami, Fl  33199
Tel.:  (305) 348-2103
Fax: (305) 348-3272
Email:  Isisc@fiu.edu

Board Certified Legal Specialist in Education Law

**FIU** | Office of the
General Counsel

August 7, 2017

Diana McLaughlin, M.D., M.B.A., Esq.
2338 Immokalee Road
Suite 230
Naples, FL  34110

        Re:    *Christina McLaughlin*

Dear Dr. McLaughlin:

        As a follow up to previous communications between you and our office, enclosed please find a copy of the Legal Skills and Values II Oral Argument recording which took place April 15, 2017 provided to our office.  Please let us know if we can be of further assistance.

                Thank you,

                *[signature]*
                Isis Carbajal de Garcia
                Senior University Counsel

Enclosure (as stated)

11200 SW 8TH STREET, PC 511 • MIAMI, FL 33199 • (305) 348-2103 • FAX: (305) 348-3272
FLORIDA INTERNATIONAL UNIVERSITY IS AN EQUAL OPPORTUNITY/ACCESS EMPLOYER AND INSTITUTION • TDD VIA FRS 1-800-955-8771

# EXHIBIT 42

**2336 Immokalee Road**
**Naples, FL 34110**
**Phone:  239.229.8481**
**Fax:   239.449.3397**
**Email: drdiana@dianamclaughlin.com**



Diana McLaughlin | M.D. M.B.A. Esq.

*Medicine • Business • Law*

February 6, 2018

**DELIVERED VIA EMAIL TO Rebekah.weeks@flbog.edu**

Rebekah Weeks, CIGI
Investigations and Audit Specialist
Office of the Chancellor
325 West Gaines
Suite 1614
Tallahassee, FL  32399

Re.:  Office of Inspector General and Director of Compliance Case # 2018-031

Dear Ms. Weeks,

      I am an attorney representing the interests of Christina M. McLaughlin in the above referenced case.  We are in receipt of your letter of determination regarding Christina McLaughlin's complaint against Florida International University, School of Law (FIU).  This letter serves to place your office on notice that we dispute your conclusion and allege that your review is a sham and was pre-determined favorably towards the university.  We request that the Board of Governors immediately conduct a thorough, fair and independent investigation without pre-textual bias favoring the university.

      The following facts support our allegations:

1. Neither you nor your supervisor, Mr. Maleszewski is an attorney and therefore, you cannot offer a legal opinion under Florida law.  Your investigation determined that FIU has not violated FERPA or any other law.  The weighing of legal rights and obligations under both federal and Florida law can only be made by an attorney and a member of The Florida Bar.  Ms. McLaughlin's complaint concerns legally complicated issues such as FERPA; tortious acts; due process violations; violation of federal law for retaliation and discrimination; and infringement of the right to free speech under federal and Florida law. The complaint concerns civil rights infringements and torts and has **nothing** to do with waste, financial mismanagement, or accounting fraud.  Ms. McLaughlin has a right to a competent review performed by attorneys qualified to render an opinion.  You are not qualified to render an opinion and may be practicing law without a license. Ms. McLaughlin's complaint was received by Vikki Shirley, General Counsel, and the Board of Governors.  The fact that Ms. Shirley forwarded the complaint to non-attorneys at the Office of Inspector General and Director of Compliance indicates that the Board of Governors' Office had no interest in conducting a serious, truly independent, legally competent review.  The Office of the Inspector General and the Board of Governors has infringed Ms. McLaughlin's rights by acting as an attorney and offering a legal conclusion.

2. Your office made the determination in less than 7 business days.  You stated that you received the complaint on December 12, 2017.  You stated that FIU's response letter, dated December 21, 2017, bore no material influence on your determination because you stated that the decision was

made prior to receipt of FIU's letter. You stated that your review "clearly" demonstrated that FIU was in compliance with all applicable law by the receipt of that FIU letter dated December 21, 2017. It is not reasonably possible to have thoroughly and neutrally reviewed the complaint which contained more than 400 pages of documents; dozens of email chains; numerous letters; hundreds of pages of school records and additionally review "the College of Law's Academic Policies and Regulations; review FIU and the College of Law's websites, other relevant FIU policies and regulations, and FERPA requirement" in 7 business days right before the Christmas holiday. Your admission of such a brief period of investigation infers that the investigation was cursory, superficial and lacked the proper consideration of the seriousness of Ms. McLaughlin's complaints and undermines the credibility of the conclusion.

3. Your consideration of FIU's response letter without having contacted Ms. McLaughlin to provide a rebuttal is inherently unfair and demonstrates the investigation lacks neutrality. Ms. McLaughlin is entitled to rebut assertions made by FIU. This investigation is flawed because Ms. McLaughlin was not given an opportunity to provide proof of untruths, conjecture and conclusory statements alleged by FIU in their response. You stated that "FIU's response further supports our determinations" to dismiss Ms. McLaughlin's complaint. However, FIU did not provide any documents or evidence to support the contentions in their letter. You never requested that FIU provide any actual documentation in support of their assertions. Nevertheless, you accepted FIU's letter on its face without any supporting documentation. Therefore, you considered FIU's response as factual and complete, but never sought the student complainant's rebuttal. The consideration of FIU's response (despite not being the basis of your determination) without seeking Ms. McLaughlin's rebuttal is unfair on its face.

4. Your letter clearly evokes a biased and pre-textual tone. You state that the policy of your office is to "respect the processes of each university" and "require the student" to follow those processes. However, the Office of Chancellor has a duty to student complainants to provide a fair and balanced investigation of all the facts of a student's complaint. You fail to mention that this office has any duty owed to thousands of Florida University students at all. Ms. McLaughlin's complaint is of serious violations of Constitutional rights. Ms. McLaughlin claims that her student grades were inaccurate, fraudulent, and misleading because FIU School of Law targeted her because of her active participation in the 2016 successful Republican elections. Your letter fails to address any of the complaints of retaliation, discrimination and politically harassing conduct by FIU professors. Instead, your letter trivializes the complaint to a matter of student records and dismissal. Additionally, you purposely delayed a letter of response on this matter for one month, either because of lack of interest or to purposely delay Ms. McLaughlin from taking further actions. You stated that you had made your determination by December 21, 2017. However, your letter of determination is dated January 16, 2018 or one month later. You provided no rationale for delaying a response for 4 weeks. A delayed response without a reasonable basis further supports the inference that this office failed to give the claimant the proper consideration. Thereby, this unnecessary delay prevented Ms. McLaughlin from taking further action and prejudiced her rights. It is clear the Office of Inspector General was not interested in protecting Ms. McLaughlin's rights.

5. Your determination that FIU complied with FERPA in providing the student record is undisputedly false. FIU does not dispute that FIU failed to provide complete records in less than 45 days. FERPA requires, in plain and unambiguous language, that a school "**shall** comply with a request for access to records . . . **in no case more than 45 days** after the request has been made.") See at 20 U.S.C. ss.1232 (g)(1)(A)(2011) FIU furnished a third batch of records more than 60 days after the request. The record undisputedly shows that we had to make multiple repeated requests and that FIU used delay tactics and ploys to delay providing all FERPA records. In fact, FIU admits that they are no longer in possession of some of the FERPA records. We allege that, after the multiple attempts to obtain complete student records, FIU is still withholding numerous material student FERPA records. We clearly placed FIU's President on notice that those records

were still incomplete. FIU has still not permitted the inspection and review of all her FERPA records including scantron answer keys, grade-bumping down of all courses, and course rubrics. Ms. McLaughlin claims that FIU purposely tried to conceal the relevant FERPA records because those records would provide proof of inaccurate and misleading grading. The issue of whether FIU has provided all FERPA records is a matter of discoverable facts. You never requested that FIU provide supporting evidence that all FERPA records were timely provided. Therefore, your determination that FIU complied "in good faith" with providing FERPA records is mere conjecture and not supported by one scintilla of independent evidence.

6. Your determination that FIU School of Law complied with their *Academic Policies and Regulation* is a purposeful subversion of the substance of the complaint. The basis of Ms. McLaughlin's complaint is that FIU School of Law and its law professors **weaponized** the *Academic Policies and Regulation* in order to tortiously retaliate against Ms. McLaughlin for her active participation in the successful 2016 Republican campaigns. Ms. McLaughlin alleges that Profs. Wasserman, Baker, Schrier, Norberg, Brown and possibly others used their permitted discretion to intentionally tamper and fraudulently enter inaccurate grades because they targeted Ms. McLaughlin. Ms. McLaughlin alleges that FIU Law professors and administrators intentionally changed scantron results to maliciously force Ms. McLaughlin's G.P.A below the required level. These professors also tortiously used the *Academic Policies and Procedures* to unmask the blind exam and purposely bump-down Ms. McLaughlin's grades, without academic rationale, for the purpose of removing her from FIU School of Law. Ms. Carbajal's letter admits that they have failed to review all of Ms. McLaughlin's student records for computational errors. Ms. Carbajal admits that FIU has only reviewed one course for "computational errors" (LSV II) and found no "computational" errors. However, FIU failed to review the LSV II grade for misapplication of the rubric. A misapplication of the rubric is a procedural error and would require a new computation under case law. Additionally, the alleged lack of computational errors in LSV II does not preclude that the numbers entered are fraudulent. FIU failed to review any other courses for tampering and fraudulent submission of grades. The *Academic Policies and Procedures* do not provide any venue or procedure to dispute fraudulently inaccurate student records. In fact, academic dismissals are given a strong presumption against the student and the Academic Review Committee's decisions are made final without affording the student the benefit of access to the student records or a possibility of appeal. Ms. McLaughlin's Academic Review Committee meeting was conducted by the professor who committed the tortious act (Prof. Wasserman). A thorough review of FIU School of Law's *Academic Policies and Procedures* would find it severely lacking in due process protections. The determination that FIU School of Law properly complied with their policies and regulations is a bootstrap argument because it was those policies and regulations that permitted law professors to discriminate and commit tortious acts.

7. Your determination that Ms. McLaughlin failed to follow the proper procedure disregards the following facts:

   a. **FIU School of Law has no published FERPA procedure.** FIU"s School of Law *Academic Policies and Regulation* does not mention any FERPA procedure or method to amend student records. The School of Law's website fails to make any mention of FERPA or rights to amend student records. Contrastingly, the FIU's School of Medicine has a published form for submitting complaints pursuant to FERPA. FIU School of Law has an affirmative statutory duty to clearly publish FERPA procedures to review, dispute, hold a hearing and amend FERPA records under 34 CFR 99.7(a)(3)(iii).

   b. FIU's *Graduate Student Academic Grievance Guidelines and Procedure* does not apply to the College of Law students. The FIU School of Law website does not link or refer to the *Graduate Student Academic Grievance Guidelines and Procedure*. Additionally, the *Graduate Student Academic Grievance Guidelines and Procedure* does not comply with FERPA and doesn't even refer to FERPA.

     c.   Despite FIU School of Law's lack of FERPA policy and procedure, Ms. McLaughlin followed FIU's published procedure to request a FERPA hearing and amend her student record.  There can be no dispute that Ms. McLaughlin made several clear, written complaints directly to FIU's general counsel and then again to FIU's President, directly requesting a formal FERPA hearing.  Ms. McLaughlin made the request because the "request for amendment to education records was not settled."  FIU's President failed to forward the request to FIU's Vice-President for Academic Affairs.  Upon receipt of the request, FIU failed to "appoint a disinterested University official to serve as the hearing officer."  FIU failed to "schedule a hearing within 25 days of the date of receipt of the request for hearing."  FIU failed to give Ms. McLaughlin "written notice of the time, date and place of the hearing. . ."  FIU denied Ms. McLaughlin right to an attorney in disputes regarding student records.

     d.   The burden to guide and inform and follow the proper FERPA guidelines and procedure shifted to Ms. Carbajal and President Rosenberg the instant a formal complaint of inaccurate and misleading student records was sent to them.  Both failed to direct or follow the above stated FIU's FERPA procedure in violation of 20 U.S.C. 1232(f) and 20 U.S.C. 1232(g).

       We allege that FIU failed to follow their own procedure to amend the student records because they were attempting a cover-up of the law school's tortious actions.  We allege that FIU tried to avoid a FERPA hearing and metamorphose the complaint into a grievance to conceal the nature of the allegations and prevent further investigation.  Ms. McLaughlin's complaint was **NOT** just a mere "grievance" against a professor.  Ms. McLaughlin's complaint was that FERPA records were **inaccurate and misleading**.  FIU's offer of a grievance review, more than 90 days after her complaint (after the Fall semester had begun), was a futile cul-de-sac intended to distract, derail and burden Ms. McLaughlin.  Therefore, FIU failed to follow proper FERPA procedure, not Ms. McLaughlin.

8.   Your determination that Ms. McLaughlin failed to "initiate a grievance" is patently false and an outrageous twisting of the facts.  The facts clearly show that Ms. McLaughlin spent three months demanding a FERPA hearing.  FIU did not follow their published procedure for a FERPA hearing.  Instead, FIU directed Ms. Rosenthal's, Interim Associate Dean for Academic Affairs for the **School of Law** (not FIU's Vice President of Academic Affairs), to meet with Ms. McLaughlin to discuss her complaints about Prof. Brown.  Ms. Rosenthal clearly stated that the meeting was a "grievance process" "for informal resolution of student complaints.  This meeting to discuss Ms. McLaughlin's grievance against Prof. Brown is not a FERPA hearing concerning amending student records.  There is no requirement to meet with the School of Law's Associate Dean for Academic Affairs in FIU's FERPA policy and procedure.

       Despite the fact that FIU was not following its own FERPA procedure, the facts clearly show that Ms. McLaughlin agreed to meet with Ms. Rosenthal, conditioned on the attendance of her attorney.  Ms. Rosenthal denied Ms. McLaughlin the right to the assistance of counsel.  Ms. Rosenthal's denial of counsel is in violation of FIU's FERPA policy and procedure.  Ms. Rosenthal terminated any further discussions.  Ms. Rosenthal terminated the "grievance" procedure.  Ms. Rosenthal never provided any follow-up or conclusion of her investigation.  Additionally, Ms. Rosenthal failed to disclose that she is a member of the Florida Bar.  Most law school professors do not bother to be admitted to The Florida Bar and are not subject to ethical rules in this state.  Ms. Rosenthal was aware that Ms. McLaughlin had placed FIU on formal written Notice of Intent to Litigate and still Ms. Rosenthal refused Ms. McLaughlin the assistance of counsel for an interview with an adversarial party.  FIU cannot hide the fact that an interview between a first year law student and FIU's law professor/attorney/Dean is highly imbalanced and would severely prejudice Ms. McLaughlin.  During the pre-suit period, Ms. Rosenthal's interview

would be admissible and likely to be used by FIU, the opposing party, as adversarial evidence. In a footnote, Ms. Carbajal states that Ms. McLaughlin "irresponsibly" depicts Ms. Rosenthal's above conduct as unethical. Ms. Christina McLaughlin is a serious and thoughtful person. As a member of the Florida Bar, I am obligated to report unethical conduct by another attorney. Our allegation that Ms. Rosenthal abused her power and position as Dean and attorney still stands as stated. Ms. Carbajal attempts to distinguish Ms. Rosenthal's role of administrator from her role as an attorney employed by FIU is disingenuous and contrived. This attempt is a difference without meaning. Ms. Rosenthal is an attorney and a law school professor and an Associate Dean. She represents the interest of FIU and was acting as FIU's agent. Ms. Carbajal characterized Ms. Rosenthal's actions as merely "reaching out to her to process her complaint." This characterization is laughable given that FIU failed to "reach out" for months and then after Ms. McLaughlin was prevented from starting her 2L year. The fact that Ms. Rosenthal attempted to deny Ms. McLaughlin the assistance of counsel is the most egregious violation of ethics, especially from a person who is teaching the most basic of legal tenets. By FIU's General Counsel (Ms. Isis Carbajal) own admission, FIU has twice denied Ms. McLaughlin the most fundamental right to counsel, that she provided for herself. Ms. Carbajal and Ms. Rosenthal are both members of The Florida Bar and are subject to its rules of ethics. We reserve the right to file an ethics complaint with The Florida Bar.

For the above reasons, this office's determinations are a sham and its conclusions are invalid and irrelevant. Ms. McLaughlin claims that, since November 2016, the above mentioned law school professors felt such extreme animus and vitriol towards candidate and then President Trump **and his supporters** that they took the above-mentioned tortious actions against Ms. McLaughlin in retaliation for political activity. They specifically focused on Ms. McLaughlin because Ms. McLaughlin did not conceal her participation and assistance in 2016 Republican campaigns. Their actions were intended to victimize and retaliate against Ms. McLaughlin and prevent her from becoming an attorney who would then assist President Trump's re-election campaign in 2020. FIU's unlawful actions damaged Ms. McLaughlin's career, earning potential, and reputation. Ms. McLaughlin suffered severe emotional distress because of FIU's politically threatening environment. As a student of the Florida university system, Ms. McLaughlin was owed an academic environment that was free of political harassment and intimidation by professors both in the classroom and at other campus activities. Ms. McLaughlin has the right to be free of discrimination and retaliation because of her political beliefs and activity namely that she (1) actively worked on several 2016 Republican campaigns; and (2) supports President Donald Trump and the Republican platform. Ms. McLaughlin has a right to all her FERPA records in a timely manner and without the excessive burden of repeated requests for records; a right to dispute that the student record is inaccurate and/or misleading; a right to an impartial hearing to challenge the student record; a right to the assistance of counsel; a right to presentation of evidence at that hearing; a right to formal written finding of fact upon that hearing taking place; a right to place a statement of dispute on her student record. Florida law incorporates all of FERPA and grants a private cause of action in equity for violations of FERPA pursuant to Florida Statute s. 1002.225. We request that the Board of Governors conduct a review that is independent, fair, thorough, neutral and competent immediately. Should FIU be found in violation of FERPA and/or other Florida or federal laws, the Board of Governors has been placed on notice and failed to take proper action. We, respectfully, request that the Board of Governors govern itself accordingly.

Thank you for your immediate attention to this matter. Please, respond by February 14, 2018 and inform us whether the Board of Governors will take further action on this complaint. If we do not receive a response, we will assume that the Board of Governors does not wish to seek a just and competent investigation of Ms. McLaughlin's claims. We reserve all rights under Federal and Florida law.

Sincerely,

DIANA MCLAUGHLIN, M.D., M.B.A., Esq.
Attorney for Christina M. McLaughlin
Florida Bar Number:  84479
2336 Immokalee Road
Naples, FL  34110
Phone: (239) 229-8481
Fax:   (239) 449-3397
Email: drdiana@dianamclaughlin.com

Cc.     Vikki Shirley,
        General Counsel
        State University System of Florida
        Board of Governors
        325 West Gaines Street
        Tallahassee, FL  32399
        Vikki.shirley@flbog.edu

        Joseph Maleszewski
        Inspector General and Director of Compliance
        State University System of Florida
        Board of Governors
        325 West Gaines Street
        Tallahassee, FL 32399
        Joseph.maleszewski@flbog.edu

        Florida Department of Financial Services
        Division of Risk Management
        200 E. Gaines St.
        Tallahassee, FL 32399

        Timothy Johnson
        U.S. Dept. of Education
        Office for Civil Rights and Family Policy Compliance Office
        61 Forsyth St. SW
        Suite 19T10
        Atlanta, GA 30303-8927

        Jefferson B. Sessions, III
        U.S. Attorney General
        U.S. Department of Justice Civil Rights Division
        950 Pennsylvania Ave. N.W.
        Educational Opportunity Section, PHB
        Washington, D.C.  20530

Stephanie H. Leland
Director of Equity and Civil Rights Compliance
Division of Florida Colleges
Florida Department of Education
325 West Gaines Street
Suite 1544
Tallahassee, FL 32399-0400

Office of Governor Rick Scott
State of Florida
The Capital
400 South Monroe Street
Tallahassee, FL 32399