IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CHRISTINA MARIE MCLAUGHLIN**

   *Plaintiff*,

   -V.-                                      Case: 1:20cv22942

**FLORIDA INTERNATIONAL UNIVERSITY,**
                              **et al.**

   *Defendants*.
_____/

## MOTION TO REOPEN CASE AND ENLARGEMENT OF TIME TO HOLD SCHEDULING CONFERENCE

**THIS MOTION IS NOT MOOT BECAUSE IT CONCERNS THE DISMISSAL.**

Plaintiff, CHRISTINA MARIE MCLAUGHLIN, through her undersigned counsel moves the Court to reopen this case and requests an enlargement of time to hold a pre-trial scheduling conference. Plaintiff states that the COVID-19 Pandemic and the Florida "Safer at Home" order has made the service of summons and communications with defendants difficult and posed unforeseen obstacles. In light of the obvious difficulties posed by the Pandemic to all institutions over the last six months, it is particularly unfair that the Court could impose such a harsh and strict timeline with respect to case management. Plaintiff, respectfully, states that the Court's Pre-trial Order #8 permitting only sixty (60) day deadline from the date of the filing of the complaint to hold a joint scheduling conference is unreasonable and severely prejudices the Plaintiff. Plaintiff, respectfully, states that the Court's Pre-trial order #16, dismissing the case for

failing to hold a joint scheduling conference within 60 days of the filing of the complaint is particularly punitive and does not serve the interest of fairness or justice.

. It is important for the Court to note that the Plaintiff never received an email notification of Order #8, despite receiving email notification on all other orders.  The Plaintiff certifies that she was unaware of Order #8 and is making a good faith effort to expedite this very complex case and comply with judicial economy.  The Defendants, FLORIDA INTERNATIONAL UNIVERSITY et al. and FLORIDA UNIVERSITY SYSTEM BOARD OF GOVERNORS, et al. and HOWARD WASSERMAN, personally, have been served a Waiver of Service on September 11, 2020 and have until October 12, 2020 to return the waiver pursuant to Fed. R. Civ. P. 4(d)(1)(f).  The UNITED STATES DEPARTMENT OF EDUCATION and SECRETARY ELIZABETH DEVOS was served summons by certified mail on September 11, 2020 and have until November 10, 2020 to file a responsive pleading.  All defendants have been properly served within 56 days of the complaint's filing in compliance with the rules.  None of the defendants have responded with either returning the Waiver of Service or filing a responsive pleading.

This case is still in the pleading stage.  The U.S. Dept. of Education has 60 days to file a responsive pleading pursuant to Fed. R. Civ. P. 12 (a)(2).  Therefore, Order #8 was impossible to comply with because a U.S. agency will not participate in a pre-trial conference before filing a responsive pleading even if the Plaintiff had served the DOE on the same day as filing the complaint.  Furthermore, the defendants' attorneys have not filed a Notice of Appearance in this case.  It is impossible to communicate or coordinate with Defendants when they have not assigned any attorneys. Order #8 requiring a joint scheduling conference within 60 days of complaint under peril of dismissal frustrates the purpose of the responsive pleading upon which

Plaintiff's discovery depends on defendants' admissions and denials.  Order #16 dismissing this case is precipitous under the above stated circumstances.  Additionally, the Court's proposed remedy that the case will be reopen upon the parties filing a joint scheduling report is an asyndeton because it is unachievable for the parties to agree to a scheduling report while the case's status is dismissed.  Conversely, a fairer inquiry could have been accomplished if the Court simply ordered the Plaintiff to provide a status report as to the progress of the case.  Therefore, the Court's *sua sponte* discretionary dismissal for failure to hold a joint scheduling conference within sixty (60) days of filing the complaint and before service is perfected and before responsive pleadings is contrary to the Fed. R. Civ. Procedure's intent.  Plaintiff, respectfully, requests that the Court provide the exact rule, or authority and rationale that form the basis of the above orders to create a more detailed appellate record.

    The Court should expediently review and rule on this motion to not interfere with the process of service and place all parties on notice.  The Plaintiff, respectfully, requests that the Court reopen this case and allow at least thirty (30) days after the filing of the first responsive pleading by the last responding defendant to hold a pre-trial scheduling conference.

Respectfully Submitted

Diana McLaughlin, Esq.
Attorney for Christina Marie McLaughlin
Florida Bar Number:  84479
10661 Airport-Pulling
Suite 9
Naples, FL  34109
Telephone:  (239) 330-6332

Email:  drdiana@dianamclaughlin.com

Page **4** of **4**