**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**20-cv-22942-Moore-Becerra**

_____
                                               :
CHRISTINA MARIE MCLAUGHLIN,   :
                                               :
             Plaintiff,                        :
                                               :
v.                                             :
                                               :
FLORIDA INTERNATIONAL             :
UNIVERSITY, et. al.                        :
                                               :
             Defendants.                    :
_____:


**MEMORANDUM IN SUPPORT OF THE UNITED STATES DEPARTMENT OF
EDUCATION AND SECRETARY OF EDUCATION ELISABETH DEVOS'S MOTION
TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULES
12(b)(1) AND 12(b)(6) FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................iv

EXHIBIT LIST ........................................................................................................... viii

INTRODUCTION...........................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................2

ALLEGATIONS OF THE FIRST AMENDED COMPLAINT ..................................................2

ARGUMENT .................................................................................................................5

I.  The Court should dismiss this case under Rule 12(b)(1) for lack of subject matter jurisdiction ..................................................................................................5

A. Rule 12(b)(1) Standard.................................................................................5

B. Sovereign immunity bars Plaintiff's constitutional claims (Counts I and III) against the Federal Defendants ..............................................................6

C. Neither the DOE nor Secretary Devos are proper defendants for Plaintiff's remaining tort claims (Counts IV, VII, VIII, IX and X) .......................................6

D. Even if allowed to substitute the United States as a defendant for the remaining tort claims, Plaintiff cannot proceed at this time because she failed to exhaust her administrative remedies..................................................................................7

E. There is no basis for a case under the FTCA for Plaintiff's intentional tort claims of fraud (Count VII) and civil conspiracy to commit fraud (Count VIII), as the United States has not waived sovereign immunity ................................................8

F. All claims against the Federal Defendants must be dismissed because there is no subject matter jurisdiction created by FERPA ....................................................9

G. The "discretionary function" exception bars all of Plaintiff's potential FTCA claims ..............................................................................................................11

H. No private party analog to the alleged conduct exists, thus negating any government liability under the FTCA ..............................................................14

II.  In the alternative, the Court should dismiss this case under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.......................................................15

A. Rule 12(b)(6) Standard....................................................................................15

B. Plaintiff alleges no specific facts concerning Secretary Devos ..........................16

C. Plaintiff fails to plead the elements of a fraud claim under Florida law (Count VII); alternatively, Plaintiff cannot sufficiently allege the elements of a fraud claim ..............................................................................................................16

D.  Plaintiff's claim for civil conspiracy (VIII) fails because Florida does not recognize an independent claim for civil conspiracy, and Plaintiff cannot allege a valid claim that could form the basis of a conspiracy ......................................... 18

E.  Plaintiff's claims for breach of fiduciary duty (Count IX) and negligence (Count X) both fail because the Federal Defendants have no duty to the Plaintiff, and Plaintiff fails to allege specific damages ........................................................... 19

CONCLUSION .................................................................................................................. 20

# TABLE OF AUTHORITIES

**CASES**

*Allocco v. City of Coral Gables,* 221 F. Supp. 2d 1317, 1360-61 (S.D. Fla. 2002) .............. 18, 19

*Air Shuttle Corp. v. United States*, 112 F.3d 532, 536-537 (1st Cir. 1997) ............................... 14

*Air Turbine Technology, Inc. v. Atlas Copco AB*, 295 F. Supp. 2d 1334, 1347 (S.D. Fla. 2003) . 17

*Alvarez v. United States*, 862 F.3d 1297, 1301-02 (11th Cir. 2017) ............................................ 9

*ASEDAC v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006) ............................ 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ....................................................................... 15, 16

*Autery v. United States*, 992 F.2d 1523, 1528 (11th Cir. 1993) ................................................ 12

*Bailey v. United States*, 623 F.3d 855, 860 (9th Cir. 2010) ...................................................... 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ....................................................... 15, 16

*Blank v. United States*, 9 Fla. L. Weekly Fed. D17 (S.D. Fla. April 19, 1995) ......................... 13

*Brown v. Devos*, No. 2:20-cv-286-FtM-38MRM,  2020 U.S. Dist. LEXIS 148896, at *3 (M.D. Fla. Aug. 18, 2020) ..................................................................................................................... 10

*Burton v. Linotype Co.*, 556 So. 2d 1126, 1127 (Fla. 3d DCA 1989) ......................................... 9

*Cannon v. University of Chicago*, 441 U.S. 677, 668 (1979) .................................................... 10

*Churruca v. Miami Jai-Alai, Inc.,* 353 So. 2d 547, 550 (Fla. 1977) ......................................... 18

*Clay Elec. Coop., Inc. v. Johnson,* 873 So. 2d 1182, 1185 (Fla. 2003) .................................... 19

*Cortez v. EEOC*, 585 F. Supp. 2d 1273 (D.N.M. 2007) ........................................................... 14

*Curto v. Smith*, 5:01-cv-01570-FSJ, fn. 18 (N.D.N.Y. March 12, 2003) .................................. 11

*Czarnecki v. Roller,* 726 F. Supp. 832, 840 (S.D. Fla. 1989) .................................................... 18

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F3d. 955, 974 (11th Cir. 2008) ........................ 18

*Denton v. Stokes*, 620 Fed. Appx 712, 713-14 (11th Cir. 2015) ................................................. 6

*Dichter-Mad Family Partners, LLP v. United States*, 707 F. Supp. 2d 1016 (C.D. Cal. 2010) *aff'd* 709 F.3d 749 (9th Cir. 2013) ............................................................................................. 13

*F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994) ....................................................................... 6

*Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 152-53 (1982) ........................19

*Figueroa v. United States*, 739 F.Supp.2d 138, 141 (E.D.N.Y. 2010) ........................................14

*Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) .......6

*Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) ....................................17

*Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) ..............................................................................10

*Gonzalez v. United States*, No. 18-cv-21789-KMM, 2018 U.S. Dist. LEXIS 224454, at *6 (S.D. Fla. Oct. 11, 2018) ..................................................................................................................15

*Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002) ...................................................................19

*Heckler v. Chaney*, 470 U.S. 821, 831 (1984) ..........................................................................13

*Hellwege v. Tampa Fam. Health Ctrs.*, 103 F. Supp. 3d 1303, 1311 (M.D. Fla. 2015) ..............10

*Hobdy v. United States*, 762 F.Supp. 1459, 1461 (D. Kan. 1991) .............................................13

*JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1264 (11th Cir. 2000)......7

*Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ........................................................................6

*Knezevich v. Carter*, 805 F. App'x 717, 726 (11th Cir. 2020) ..................................................19

*Lambert v. United States*, 198 F. App'x 835, 838 (11th Cir. 2006) ...........................................16

*Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir.1990) ..................................................5

*Martes v. Chief Exec. Officer of S. Broward Hosp. Dist.*, 683 F.3d 1323, 1326 n.4 (11th Cir. 2012) ............................................................................................................................................10

*Matsushita Elec. Co. v. Zeigler*, 158 F.3d 1167, 1169 (11th Cir. 1998) .....................................7

*McNeil v. United States,* 508 U.S. 106 (1993) ...........................................................................8

*Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) .................................................8

*Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980) ......................................5

*Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992) ................................................................7

*Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) ...............................................15

*Philip Morris USA Inc. v. Boatright*, 217 So. 3d 166, 174 (Fla. 2d DCA 2017) ..........................9

*Phillips v. U.S.,* 260 F.3d 1316, 1318 (11th Cir. 2001) ..............................................................8

*Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1217 (11th Cir. 1999) ................................ 18

*Prof'l LED Lighting, Ltd. v. Aadyn Tech.*, LLC, 88 F. Supp. 3d 1356, 1373 (S.D. Fla. 2015)..... 16

*Schaefer v. United States Dep't of Educ.*, No. 4:05cv641  SNL, 2005 U.S. Dist. LEXIS 27895, 2005 WL 3008516 (E.D. Mo. Nov. 9, 2005) ............................................................. 12, 13, 14

*Soriano v. United States*, 352 U.S. 270, 276 (1957) .................................................... 9

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ................................ 5

*Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004) .................................... 16

*Taylor v. Gen. Motors Corp.*, 875 F.2d 816, 822 (11th Cir. 1989) ............................... 19

*Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 785-86 (2nd Cir. 2002) ................... 10

*Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1315 (11th Cir. 2007) .............. 16

*Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) ........... 8

*U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009) ......... 11

*United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) ........ 17

*United States v. Gaubert*, 499 U.S. 315, 322 (1991) ................................................ 12

*United States v. Olson*, 546 U.S. 43, 45-46 (2005) .................................................. 14

*United States v. King*, 395 U.S. 1, 4 (1969) ........................................................... 6

*United States v. Sherwood*, 312 U.S. 584 (1941) ................................................... 6

*United States v. Varig Airlines*, 467 U.S. 797, 814 (1984) ....................................... 12

*Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471-72 (1982) ................................................................................. 10

*Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 721 F. App'x 865, 875 (11th Cir. 2018) ..... 9

*Wadlington v. Cont'l Med.Servs., Inc.*, 907 So. 2d 631, 632 (Fla. 4th DCA 2005) ................... 16

*Warth v. Seldin*, 422 U.S. 490, 500 (1975) ............................................................ 10

*Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015) ......................... 8, 9, 15

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) ....................... 17

*Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) ................................ 19

**STATUTES**

Family Educational Rights and Privacy Act, 20 U.S.C. § 1232(g) ....................................*passim*

Federal Torts Claims Act, 28 U.S.C. § 1346 ......................................... 1, 4, 5, 7, 8, 9, 11, 14, 15

28 U.S.C. § 2672 ...........................................................................................1, 7

28 U.S.C. § 2674 ...............................................................................................14

28 U.S.C. § 2675 ...........................................................................................4, 7

28 U.S.C. § 2679 ..................................................................................................7

28 U.S.C. § 2680 ...........................................................................................9, 11

28 C.F.R. § 14.2 ............................................................................................5, 7

34 C.F.R. § 35.2 ............................................................................................5, 7

34 C.F.R. § 99.7 ...................................................................................................3

34 C.F.R. § 99.10 .................................................................................................3

34 C.F.R. § 99.20 .................................................................................................3

34 C.F.R. § 99.67 ...............................................................................................11

34 C.F.R. § 100.7 ...............................................................................................12

34 C.F.R. § 105.41 .............................................................................................12

Fla. Stat. § 1002.22 ...........................................................................................19

U.S. Const. art. III ............................................................................................10

U.S. Const. art. VI, cl. 2. ..................................................................................19

U.S. Const. am. 1. .......................................................................................1, 4, 5

U.S. Const. am. 5. .......................................................................................1, 4, 5

U.S. Const. am. 14. .....................................................................................1, 4, 5

<u>**OTHER AUTHORITIES**</u>

Fed. R. Civ. P. 8 ....................................................................................................16

Fed. R. Civ. P. 9(b) ...........................................................................................16, 17

Fed. R. Civ. P. 12(b)(1) ...............................................................................1, 5, 7, 20

Fed. R. Civ. P. 12(b)(6) ..............................................................................1, 15, 20

Fed. R. Civ. P. 12(h)(3) .....................................................................................5

## EXHIBIT LIST

Ex. 1: Declaration of Tracy Sasser ...........................................................................4, 8

## INTRODUCTION

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Department of Education ("DOE") and Elisabeth D. Devos, in her official capacity as Secretary of the U.S. Department of Education ("Secretary Devos") (hereinafter, "the Federal Defendants") jointly move to dismiss Plaintiff Christina Marie McLaughlin's first amended complaint [D.E. 10]. The Plaintiff alleges that the Federal Defendants violated her First, Fifth, and Fourteenth Amendment rights and committed a variety of torts under Florida law by failing to timely investigate certain complaints she submitted to the DOE pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. §§ 1232g ("FERPA"). Plaintiff's FERPA complaint concerns actions taken by codefendants Florida International University ("FIU"), FIU's deans and professors, and the Florida Board of Governors. As an initial matter, sovereign immunity bars all of Plaintiff's constitutional claims against the United States and its agencies. For the remaining tort claims, neither the DOE nor Secretary Devos is a proper defendant. Regardless, this Court lacks subject matter jurisdiction to hear Plaintiff's tort claims, because Plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2672 (the "FTCA"). Specifically, Plaintiff failed to present an administrative claim (e.g., a Form SF-95) to the DOE prior to filing her lawsuit. Finally, to the extent that Plaintiff could overcome the aforementioned hurdles, it will be impossible for her to state any cause of action against the Federal Defendants premised upon the purported mishandling of her FERPA complaint, as such an action is not cognizable. Not only is there no private party analog to the DOE's actions, but the discretionary function exception to the FTCA bars all of Plaintiff's potential tort claims. This Motion is supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ALLEGATIONS OF THE FIRST AMENDED COMPLAINT[1]

From Fall 2016 through Spring 2017, plaintiff Christine McLaughlin was a student at FIU's College of Law. (¶ 1) On May 23, 2016, FIU expelled the Plaintiff from the College of Law, as her cumulative GPA of 1.98 fell below the college's minimum standard GPA of 2.00. (¶ 16 – 19, 815, Ex. #3) Plaintiff asserts that her substandard GPA was not the result of her own poor academic performance, but rather was due to a political discrimination campaign carried out by various FIU professors and deans "using non-academic standards for grading; tampering with scantron tabulation; unauthorized grade unblinding to fraudulently mis-recorded grades." (¶ 204) Ms. McLaughlin claims that she was targeted for her political beliefs as a "Donald Trump supporter" (¶ 156) and that her expulsion from FIU "was a means to politically retaliate [against her] and engineer a leftist law school class." (¶ 36)

Plaintiff's dismissal from FIU (and FIU's subsequent refusal to readmit the Plaintiff) led her to file a FERPA complaint with the DOE's Office of Civil Rights ("OCR") on November 24, 2017. (¶ 65, 634, 635; Ex. #13) FERPA is a federal law that affords parents the right to have access to their children's education records, the right to seek to have the records amended, and the right to have some control over the disclosure of personally identifiable information from the education records. When a student turns 18 years old, or enters a postsecondary institution at any age, the rights under FERPA transfer from the parents to the student.

The crux of Plaintiff's allegations in her initial FERPA complaint are three-fold: (1) that FIU violated § 99.7 of the FERPA regulations by failing to annually notify students of their FERPA

---

[1] Plaintiff's filed her initial lawsuit on July 16, 2020. [D.E. 1] Plaintiff subsequently amended her complaint on July 31, 2020. [D.E. 10] Unless otherwise stated, all allegations detailed herein are taken from the Plaintiff's first amended complaint and the exhibits attached thereto.

rights; (2) that FIU violated § 99.10(a) and (b) of the FERPA regulations when it denied Plaintiff access to her education records within 45 days in response to the Plaintiff's requests and/or failed to provide her with complete access to her education records; and (3) that FIU violated § 99.20 of the FERPA regulations when it denied Plaintiff's request for a hearing to amend her education records and failed to comply with FERPA's amendment provisions for hearings. (¶ 65, Ex. #13) Because Plaintiff's allegations fell outside OCR's jurisdiction, OCR advised Plaintiff via letter dated March 8, 2018 that it would take no action on to her FERPA complaint. (¶ 112(G); Ex. #22) On March 15, 2018, Plaintiff filed a second complaint, this time with the DOE's Family Policy Compliance Office ("FPCO"), re-alleging the same FERPA violations against FIU as contained in her original November 24, 2017 complaint to the DOE's OCR. To date, the FPCO's investigation into Plaintiff's second FERPA complaint is ongoing, and the agency has not issued a final determination. (¶ 876, 880)

Cutting through the first amended complaint's one hundred and fifteen pages of underbrush, the root cause of all claims directed towards the Federal Defendants is the allegation that "the DOE and FIU participated in an either expressed conspiracy or implied collusion to deny Ms. McLaughlin her FERPA rights and protect a liberal university's malfeasance." (¶ 97) Specifically, "the deep-state, anti-Trump U.S. Department of Education has shown reckless and callous indifference to Ms. McLaughlin's federal vested rights under FERPA" (¶ 83) by failing to "timely and effectively process Ms. McLaughlin's FERPA complaint." (¶ 627) Although Plaintiff concedes that "FERPA fails to state an exact time reference for responding to complaints," (¶ 877 and 878) she nonetheless leaps to the conclusion that the "DOE has a statutory legal obligation to timely respond to Ms. McLaughlin, a student complainant, pursuant to 20 U.S.C. 1232(g)" (¶ 875) and therefore "failed to protect Ms. McLaughlin's vested rights as FERPA intended." (¶ 757)

Plaintiff complains that "DOE's actions and failure to act aided FIU's infringement of Ms. McLaughlin's right to free speech and right to political expression," (¶ 771) and "[t]he DOE weaponized FERPA law to facilitate the university systems to infringe and suppress the plaintiff's fundamental Constitutional rights to free speech." (¶ 781) Plaintiff claims that "[t]he DOE failed to make a determination on FIU's notice of investigation because the DOE intended to support FIU's unconstitutional infringement of freedom of speech, failure to provide procedural due process and equal protection of the law because the deep state DOE shares the anti-Trump, anti-conservative animus towards Ms. McLaughlin." (¶ 867) Without evidence, Plaintiff speculates this is because the DOE "is so poisoned and corrupted by anti-Trump deep-state swamp operatives that they have intentionally tried to bury and obviate Ms. McLaughlin's [FERPA] complaint." (¶ 89) Plaintiff concludes that "the DOE violated Ms. McLaughlin's constitution right to due process under the Fifth Amendment because the DOE is a conspiracy participant in denying Ms. McLaughlin her property right to her law school education and her liberty interest in her good name and reputation." (¶ 96)

Based on the above allegations, Plaintiff asserted eleven causes of action against the various defendants in her first amended complaint. Of these, only the following seven counts are applicable to the Federal Defendants: Count I (Violation of Plaintiff's First Amendment Right of Freedom of Speech and Political Expression); Count III (Violation of Plaintiff's Fourteenth Amendment and Florida Constitutional Right to Equal Protection of the Law); Count IV (U.S. Department of Education's Breach of Legal Obligation to Properly Enforce a Student FERPA Complaint); Count VII (Fraud); Count VIII (Civil Conspiracy); Count IX (Breach of Fiduciary Duty); and Count X (Negligence).

Prior to filing the instant lawsuit, Plaintiff did not present to the DOE the requisite administrative claim / Form SF-95 under the FTCA, pursuant to 28 U.S.C. § 2675(a). 28 C.F.R. § 14.2, and 34 C.F.R. § 35.2. See Declaration of Tracy Sasser attached hereto as *Exhibit 1*.

## ARGUMENT

### I. The Court should dismiss this case under Rule 12(b)(1) for lack of subject matter jurisdiction.

#### A. Rule 12(b)(1) Standard.

Because federal courts are courts of limited jurisdiction, subject matter jurisdiction must be established before the case can proceed on the merits. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion and it is presumed that a federal court lacks jurisdiction in a particular case until the plaintiff demonstrates it. *Id*. Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir.1990). Facial attacks on the complaint "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id*., (quoting *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980), *cert. denied,* 449 U.S. 953 (1980)) "'Factual attacks', on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* Here, the Federal Defendants set forth both a facial and factual attack on subject matter jurisdiction.   Whenever it appears that the court lacks jurisdiction of the subject matter, the court should dismiss the action.   See Fed.R.Civ.P. 12(h)(3). On the other hand, if an attack on subject matter jurisdiction also implicates an element of the cause of action, then the

proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

### B. Sovereign immunity bars Plaintiff's constitutional claims (Counts I and III) against the Federal Defendants.

Plaintiff alleges that the DOE's purported mishandling of her FERPA complaint violated her right to freedom of speech under the First Amendment of the U.S. Constitution (Count I) a due process violation under the Fifth and Fourteenth Amendments to the U.S. Constitution (Count III, and ¶ 96). Even if her allegations were supported by sufficient facts, these claims would still falter as the United States has not explicitly waived its sovereign immunity.

A court's "jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and . . . such a waiver cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969) (citing *United States v. Sherwood*, 312 U.S. 584 (1941)) The United States has not waived sovereign immunity from liability for an award of damages arising from an alleged violation of the Constitution. *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994). Here, sovereign immunity bars the Plaintiff's constitutional claims against the DOE, as "the United States' immunity from suit extends to its agencies." See, e.g., *ASEDAC v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006)

Sovereign immunity also bars the Plaintiff's constitutional claims against Secretary Devos in her official capacity as the Secretary of Education. See *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent"); see also *Denton v. Stokes*, 620 Fed. Appx 712, 713-14 (11th Cir. 2015) (prohibiting recovery of damages from both the FBI and its agents

in their official capacities for an FBI agent's unconstitutional actions.) As such, the constitutional claims against the United States (and by extension, the Federal Defendants) are not cognizable.

### C.   Neither the DOE nor Secretary Devos are proper defendants for Plaintiff's remaining tort claims (Counts IV, VII, VIII, IX and X).

The first amended complaint sues the Federal Defendants for five additional causes of action sounding in tort: Count IV (Breach of Legal Obligation); Count VII (Fraud); Count VIII (Civil Conspiracy); Count IX (Breach of Fiduciary Duty); and Count X (Negligence). However, neither defendant is the proper party for such claims. Under 28 U.S.C. § 2679(b), the exclusive remedy for a state law tort claim against a federal employee acting within the scope of his or her employment is an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2672 (the "FTCA"). See *Matsushita Elec. Co. v. Zeigler*, 158 F.3d 1167, 1169 (11th Cir. 1998) Thus, neither the employee nor the agency is a proper party. *Id.* This remains true even if the FTCA precludes recovery against the United States. *Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992). Accordingly, the DOE and Secretary Devos should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(1), and the United States should be treated as the proper party defendant for all remaining tort claims against them.

### D.   Even if allowed to substitute the United States as a defendant for the remaining tort claims, Plaintiff cannot proceed at this time because she failed to exhaust her administrative remedies.

Because Plaintiff's complaints stem from a purported "delay" or "mishandling" of her FERPA complaint by the DOE's employees and officers, the case fails jurisdictionally under the FTCA. Plaintiff cannot circumvent the requirements of the FTCA through artful pleading. See *JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1264 (11th Cir. 2000). Before suing under the FTCA, the plaintiff must present an administrative claim to the pertinent federal agency. 28 U.S.C. § 2675(a). 28 C.F.R. § 14.2, and 34 C.F.R. § 35.2 delineate the requirements

for submitting an administrative claim to the DOE. After filing a claim with the DOE, the plaintiff must wait until either the agency denies the claim or at least six months after filing the claim. 28 U.S.C. § 2675(a). The plaintiff's failure to satisfy this requirement deprives the district court of subject-matter jurisdiction over the claim. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (citing *McNeil v. United States,* 508 U.S. 106 (1993)). As Sasser declaration makes clear (and the first amended complaint is silent otherwise), Plaintiff did not present the prerequisite administrative claim with the DOE. Thus, even if Plaintiff receives leave to substitute the United States as a defendant, the Court lacks subject-matter jurisdiction over Plaintiff's claims because she failed to exhaust her administrative remedies under the FTCA.

  **E.** **There is no basis for a case under the FTCA for Plaintiff's intentional tort claims of fraud (Count VII) and civil conspiracy to commit fraud (Count VIII), as the United States has not waived sovereign immunity.**

  As stated above, the United States is immune from suit unless it expressly waives sovereign immunity and consents to be sued. Courts must construe this waiver of immunity strictly in favor of the United States. *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999); see also *Phillips v. U.S.,* 260 F.3d 1316, 1318 (11th Cir. 2001)  The FTCA is a limited statutory waiver of the United States' sovereign immunity, and permits suits only involving claims arising from the:

> "[N]egligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 1346(b)(1).

  "[W]hile the FTCA, as a general matter, waives what would otherwise be the federal government's sovereign immunity from legal actions for torts committed by its employees, there are exceptions to that general waiver." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015), *cert. denied*, 577 U.S. 869 (2015) (citation omitted) "[A] court must strictly observe the

8

'limitations and conditions upon which the Government consents to be sued' and cannot imply exceptions not present within the terms of the waiver." *Id.* at 1322 (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). One such exception is the intentional tort exception, which bars:

> [a]ny claim **arising out of** assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,[2] **misrepresentation, deceit,** or interference with contract rights …"

28 U.S.C. § 2680(h) (emphasis added) "[A] claim will be deemed to have arisen from a § 2680 excepted tort if the governmental conduct that is essential to the plaintiff's cause of action is encompassed by that tort. And this is so even if the plaintiff has denominated, as the basis for the cause of action, a tort not found within § 2680(h)'s list of excepted torts." *Zelaya*, 781 F.3d at 1333; *Alvarez v. United States*, 862 F.3d 1297, 1301-02 (11th Cir. 2017).

"Fraud" and "civil conspiracy to commit fraud" are both intentional torts which include misrepresentation or deceit as an essential element. See, e.g., *Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 721 F. App'x 865, 875 (11th Cir. 2018), quoting *Burton v. Linotype Co.*, 556 So. 2d 1126, 1127 (Fla. 3d DCA 1989) ("Fraud is an intentional tort …"), and *Philip Morris USA Inc. v. Boatright*, 217 So. 3d 166, 174 (Fla. 2d DCA 2017) ("[T]he law of civil conspiracy holds co-conspirators liable for harm caused by other members of a conspiracy to commit an intentional tort."). Accordingly, these actions cannot subject the United States itself to suit under the FTCA and should be dismissed.

### F.   All claims against the Federal Defendants must be dismissed because there is no subject matter jurisdiction created by FERPA.

Plaintiff attempts to invoke this Court's jurisdiction under FERPA. "The fact that a federal statue has been violated and some person harmed does not automatically give rise to a private

---

[2] To the extent that Plaintiff attempts to include the Federal Defendants in Count XI (Defamation; False Light), this cause of action is also foreclosed by 28 U.S.C. § 2680(h).

cause of action in favor of that person." *Cannon v. University of Chicago*, 441 U.S. 677, 668 (1979). The limited power of the federal judiciary under Article III of the United States Constitution is restricted to the adjudication of "cases and controversies" in which plaintiff have standing to bring their actions. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471-72 (1982). Where a plaintiff's claim is based upon statutorily created rights, "the standing question … is whether the … statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). Whether Plaintiff has standing in the instant case turns, therefore, on whether FERPA grants her the right to judicial relief through a private cause of action.

The Supreme Court, however, has held that an individual does not have either a right to maintain a private cause of action or an implied right of action based upon alleged violations of FERPA, because FERPA provides no specific, individually enforceable rights. *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002); see also *Hellwege v. Tampa Fam. Health Ctrs.*, 103 F. Supp. 3d 1303, 1311 (M.D. Fla. 2015) ("In *Gonzaga*, the Court determined that it was not appropriate to infer a private right of action under [FERPA]."); *Martes v. Chief Exec. Officer of S. Broward Hosp. Dist.*, 683 F.3d 1323, 1326 n.4 (11th Cir. 2012) ("To be clear, *Gonzaga* declined to find a private right of action in FERPA because the relevant provisions contain no rights-creating language, they have an aggregate, not individual focus, and they serve primarily to direct the Secretary of Education's distribution of public funds to education institutions.") *Brown v. Devos*, No. 2:20-cv-286-FtM-38MRM, 2020 U.S. Dist. LEXIS 148896, at *3 (M.D. Fla. Aug. 18, 2020) ("[T]he statute at issue (FERPA) does not create a private right of action. That principle is binding Supreme Court precedent. And lower courts agree.") (collecting cases); *Taylor v. Vermont Dept. of Educ.*, 313

F.3d 768, 785-86 (2nd Cir. 2002) (holding that FERPA's records-access provisions at 20 U.S.C. § 1232g(a)(1) do not create a personal right enforceable under § 1983). "FERPA provides no guaranteed access to a formal administrative proceeding or to federal judicial review; rather, it leaves to administrative discretion the decision whether to follow up on individual complaints." *Curto v. Smith*, 5:01-cv-01570-FSJ, fn. 18 (N.D.N.Y. March 12, 2003), internal citations omitted; see also 34 C.F.R. § 99.67(a) (stating that the Secretary of Education "may" enforce FERPA violations through various mechanisms.) The absence of individually enforceable rights under FERPA means that Plaintiff lacks standing to seek redress before this Court for any of her claimed injuries. Accordingly, as all of Plaintiff's claims against the Federal Defendants are premised upon the DOE's purported failure to comply with FERPA by not "timely" adjudicating Plaintiff's FERPA complaint against FIU, the Court lacks subject matter jurisdiction over Plaintiff's complaint.

### G. The "discretionary function" exception bars all of Plaintiff's potential FTCA claims.

Even if, pursuant to a proper FTCA claim, Plaintiff filed suit against the correct entity (i.e. the United States), such a claim would still be subject to dismissal because of the "discretionary-function" exception to the FTCA, which precludes tort liability for:

> "any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

"When the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists." *U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009). The discretionary-function exception is intended "to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy

through the medium of an action in tort." *United States v. Gaubert*, 499 U.S. 315, 323, (1991) (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)).

The Supreme Court has enunciated a two-part test for determining whether the discretionary exception applies. If both prongs are met, the United States is shielded from liability, even if its actions were negligent. See *Autery v. United States*, 992 F.2d 1523, 1528 (11th Cir. 1993) First, the court must determine whether the challenged conduct involves "an element of judgment or choice." *Gaubert*, 499 U.S. at 322. If so, courts then look at the second factor, which is "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id*. The exception protects "only governmental actions and decisions based on considerations of public policy." *Id*. at 323. When a statute or regulation allows a federal employee to act with discretion, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id*. at 324. "An agency retains discretion whether to act where no statute or agency policy dictates the precise manner in which the agency is to complete the challenged task." *Bailey v. United States*, 623 F.3d 855, 860 (9th Cir. 2010). Both prongs of the exception are met here, because the conduct of which Plaintiff complains of arose in the context of decision making by the DOE's OCR and FCPO, pursuant to its broad discretionary authority in the processing and handling of FERPA complaints.

Applying the first prong of the test, the applicable regulations and policies demonstrate that the DOE's decisions regarding how to respond to a FERPA complaint involve an element of judgment or choice. When presented with a civil rights or FERPA complaint, DOE decision-makers determine whether or not a violation occurred, and attempt to find a beneficial resolution to the issue. See, e.g., *Schaefer v. United States Dep't of Educ.*, No. 4:05cv641 SNL, 2005 U.S. Dist. LEXIS 27895, 2005 WL 3008516 (E.D. Mo. Nov. 9, 2005) (finding that the Department of

Education's investigation process for a FERPA complaint was covered by the discretionary function exception); 20 U.S.C. § 1232g; 34 C.F.R. §§ 99.65-67; 100.7; 105.41. There is no specific statute, regulation, or policy that dictates that DOE investigate every complaint it is presented with or enforce sanctions against funding recipients. *Id.* Plaintiff admits as much in her first amended complaint by conceding that "FERPA fails to state an exact time reference for responding to complaints." (¶ 877 and 878) This is consistent with what is to be expected with any agency investigation, which, by definition, must include an element of judgment or choice because decision-makers must use their judgment to determine the viability of the allegations. See *Heckler v. Chaney*, 470 U.S. 821, 831 (1984) (the Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to the agency's absolute discretion."); *Dichter-Mad Family Partners, LLP v. United States*, 707 F. Supp. 2d 1016 (C.D. Cal. 2010) *aff'd* 709 F.3d 749 (9th Cir. 2013) (finding that SEC's decision of whether and how to conduct investigations and enforcement actions are discretionary).

The second prong is also met, as it is well established that investigations by federal officers involve the type of policy judgment protected by the discretionary function exception. See, e.g., *Hobdy v. United States*, 762 F.Supp. 1459, 1461 (D. Kan. 1991) (holding that a government agency's decisions on "how to investigate, who to investigate, and how to present evidence to the proper authorities are classic examples of discretionary conduct."); *Blank v. United States*, 9 Fla. L. Weekly Fed. D17 (S.D. Fla. April 19, 1995) (finding that the government's decisions concerning the focus of its securities fraud investigation are a "classic example of discretionary activity which is absolutely immune from suit.") Here, the DOE's decisions as to its FERPA investigation such as "[d]etermining whether to take action against, cut funding from, or remove

accreditation from a university, are all issues that involve the weighing of competing interests rooted in policy judgments." See *Schaefer*, 2005 WL 3008516. As the government's discretionary decisions were based on public policy considerations, Plaintiff's suit is barred by the discretionary function exception.

### H. There is no private party analog to the alleged conduct, thus negating any government liability under the FTCA.

Under the FTCA, the United States waives sovereign immunity for torts committed by its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2674. In order to waive the government's immunity under the FTCA, the plaintiff must show that the claim asserted is analogous to a comparable cause of action against a private individual. While this private analog does not need to be exact, there must be some persuasive analogy to show that the government actor would be subject to liability under state law if it were a private actor. *United States v. Olson*, 546 U.S. 43, 45-46 (2005); *Figueroa v. United States*, 739 F.Supp.2d 138, 141 (E.D.N.Y. 2010) (no private analog is necessarily stated . . . where the FTCA claim is based only upon an alleged failure to enforce a federal statute or government regulation . . . because the action forming the basis of the claim, 'is action of the type that private persons would not engage in and hence could not be liable for under local law.') (internal citations omitted)

Further, courts have held that tort liability cannot be predicated on acts of "quasi-adjudicative" or "quasi-judicial functions." See e.g., *Air Shuttle Corp. v. United States*, 112 F.3d 532, 536-537 (1st Cir. 1997) (alleged failure of FAA to take enforcement action had no private party analog); *Cortez v. EEOC*, 585 F.Supp.2d 1273 (D.N.M. 2007) (no private party analog for the EEOC's alleged negligence in investigating the Plaintiff's civil rights complaint). Here, there is no state private party analog to the DOE's work in processing and investigating discrimination

charges or violations of FERPA. Any negligence in performing these inherently governmental functions would involve a breach of duty arguably created by federal law, the liability for which is not waived by the FTCA. See, e.g., *Gonzalez v. United States*, No. 18-cv-21789-KMM, 2018 U.S. Dist. LEXIS 224454, at *6 (S.D. Fla. Oct. 11, 2018) ("Claims of negligent violations of federal law are not actionable under the FTCA.") citing *Zelaya*, 781 F.3d at 1324 ("it is well established that a federal statute cannot constitute the 'law of the place' because '[t]he FTCA was not intended to redress breaches of federal statutory duties.'"); *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) ("[U]ness the facts support liability under state law the district court lacks subject matter jurisdiction to decide an FTCA claim.") Moreover, Plaintiff will not be able to find a private analog, as investigations for FERPA violations are not activities that private persons can engage in. Rather, they are purely federal government functions. There is no authority under Florida law that imposes a duty on the DOE to investigate Plaintiff's FERPA complaint or otherwise imposes any other duty regarding the handling of such investigations. Accordingly, Plaintiff's complaint should be dismissed for lack of jurisdiction.

## II. In the alternative, the Court should dismiss this case under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### A. Rule 12(b)(6) Standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). To meet the "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

(citing *Twombly*, 550 U.S. at 556). In analyzing an FTCA claim, the court applies the law of the state where the alleged tort occurred. See *Lambert v. United States*, 198 F. App'x 835, 838 (11th Cir. 2006) (citing *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004))

### B.   Plaintiff alleges no specific facts concerning Secretary Devos.

Under *Twombly* and *Iqbal*, a complaint must plead sufficient facts to allow a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. Here, in the six times that the First Amended Complaint even mentions Secretary Devos, (¶¶ 647 – 650, 725, and 731) it is only in the context that she was the addressee of some of Plaintiff's letters to the DOE concerning the status of her FERPA complaint. The first amended complaint pleads no factual matter regarding culpable conduct by Secretary Devos, and certainly no factual matter that allows a reasonable inference of culpable conduct directed to the disposition of Plaintiff's FERPA complaint. Thus, the first amended complaint is deficient and should be dismissed as to Secretary Devos.

### C.   Plaintiff fails to plead the elements of a fraud claim under Florida law (Count VII); alternatively, Plaintiff cannot sufficiently allege the elements of a fraud claim.

Under Florida law, "[t]he requirements for a claim of fraud or fraudulent inducement are: (1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1315 (11th Cir. 2007), citing *Wadlington v. Cont'l Med.Servs., Inc.*, 907 So. 2d 631, 632 (Fla. 4th DCA 2005) Moreover, "[i]n addition to the Rule 8(a) plausibility pleading requirement, Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud." *Prof'l LED Lighting, Ltd. v. Aadyn Tech.*, LLC, 88 F. Supp. 3d 1356, 1373 (S.D. Fla. 2015). Plaintiff's

allegations fail to satisfy at least three of these elements, even under the Rule 8(a) standard, much less under the heightened pleading standard for fraud claims required by Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This heightened pleading standard requires a plaintiff to allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); see also *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir.2006) (Rule 9(b) requires that the complaint state the "who, what, when[,] where, and how" of the alleged misconduct); *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir.2006) ("Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them.") (citations omitted). Plaintiff does not allege a single false statement attributable to the Federal Defendants.

Furthermore, Plaintiff has not alleged the Federal Defendants' knowledge of falsity (element two). "An alleged misrepresentation is actionable only if the defendant knew or should have known that the statements were false, or if the statements were made without knowledge of their truth or falsity." *Air Turbine Technology, Inc. v. Atlas Copco AB*, 295 F. Supp. 2d 1334, 1347 (S.D. Fla. 2003) (citation omitted). Logically, given that Plaintiff has failed to satisfy the first element of alleging a false statement of fact, Plaintiff necessarily also fails to satisfy the second element of alleging knowledge of the falsity. Regardless, Plaintiff's complaint contains allegations

which, on their face, would show that the Federal Defendants were not a party to any of FIU's allegedly fraudulent actions and that Federal Defendants had no knowledge of any possible misrepresentations made by FIU. (¶ 582, 665, 667, and 694)

Finally, Plaintiff has not articulated any "actual damages", only that she has "lost valuable time and incurred additional tuition expenses" (¶ 100) and has "likely lost out on important educational and employment opportunities" (¶ 631). A complaint's factual allegations must be enough to raise a right to relief above the speculative level. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F3d. 955, 974 (11th Cir. 2008). The Plaintiff may not rely on nebulous past injuries or future, hypothetical injuries that may never occur to support a claim for damages. Therefore, Plaintiff's fraud claim should be dismissed.

> **D.  Plaintiff's claim for civil conspiracy (VIII) fails because Florida does not recognize an independent claim for civil conspiracy, and Plaintiff cannot allege a valid claim that could form the basis of a conspiracy.**

Plaintiff's claim for civil conspiracy fails because Plaintiff has not alleged a valid basis for the purported conspiracy, as the underlying act is inextricably intertwined with her allegations regarding her FERPA claim (¶ 943). "Florida does not recognize an independent action for conspiracy." *Allocco v. City of Coral Gables,* 221 F. Supp. 2d 1317, 1360-61 (S.D. Fla. 2002) (citing *Churruca v. Miami Jai-Alai, Inc.,* 353 So. 2d 547, 550 (Fla. 1977). In Florida, a civil conspiracy derives from the underlying claim that forms the basis of the conspiracy. *Id.* at 1361 (citing *Czarnecki v. Roller,* 726 F. Supp. 832, 840 (S.D. Fla. 1989)) (discussing and applying Florida law). Pursuant to this rule, a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim. *Id.* (citing *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1217 (11th Cir. 1999) (applying Florida law). Not only does Plaintiff have no private right of action under FERPA, but Plaintiff alleges that the Federal Defendants themselves were deceived by FIU (¶

582, 665, 667, and 694) Therefore, Plaintiff's civil conspiracy claims necessarily fail as a matter of law. *See Allocco*, 221 F. Supp. 2d. at 1361 ("Because the claim underlying the plaintiffs' conspiracy count has failed, and the plaintiffs have not asserted any other unlawful action in support of their conspiracy count, [it] must also fail.")

> **E. Plaintiff's claims for breach of fiduciary duty (Count IX) and negligence (Count X) both fail because the Federal Defendants have no duty to the Plaintiff, and Plaintiff fails to allege specific damages.**

Under Florida law, causes of action for breach of fiduciary duty and negligence are both predicated on a duty the defendant owes to the plaintiff. See *Knezevich v. Carter*, 805 F. App'x 717, 726 (11th Cir. 2020), citing *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002) (reciting the elements of breach of fiduciary duty), and *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008), citing *Clay Elec. Coop., Inc. v. Johnson,* 873 So. 2d 1182, 1185 (Fla. 2003) (reciting the elements for negligence) Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted because there is no "duty" that the Federal Defendants have breached.

Plaintiff's reliance on Fla. Stat. § 1002.22 for the proposition that Florida law imposes a duty on the DOE to enforce FERPA (¶ 773, 777) is misplaced, not only because the statute in question applies only to the Florida Board of Education, but because the supremacy clause of the United States Constitution requires that all conflicts between federal and state law be resolved in favor of the federal rule. *See* U.S. Const. art. VI, cl. 2. The supremacy clause therefore prohibits the enforcement of any state law that conflicts with the exercise of federal power. See, e.g., *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 152-53 (1982); *Taylor v. Gen. Motors Corp.*, 875 F.2d 816, 822 (11th Cir. 1989) Without a duty owed to the Plaintiff, there can be no actionable breach of fiduciary duty or negligence. Additionally, as argued above, Plaintiff's damages flowing from the breach of any purported duty are purely speculative. As such, both

Count IX and Count X fail to state a claim upon which relief may be granted and must be dismissed.

## CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court dismiss with prejudice all of Plaintiff's claims (Counts I, III, IV, VII, VIII, IX, and X) directed towards the Federal Defendants pursuant to Rule 12(b)(1) because the United States has not waived sovereign immunity, and because this court lacks subject matter jurisdiction. Alternatively, the Court should dismiss with prejudice all of Plaintiff's claims against the Federal Defendants pursuant to Rule 12(b)(6) for failure to state any claims upon which relief can be granted. Should any tort causes of action remain, the United States should be substituted in place of the Federal Defendants.

Respectfully submitted,

**ARIANA FAJARDO ORSHAN**
**UNITED STATES ATTORNEY**

By: _/s/ John S. Leinicke_
JOHN S. LEINICKE, ESQ.
Assistant United States Attorney
Court I.D./Bar No. 64927
Email: John.Leinicke@usdoj.gov
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel.: 305.961.3212
Counsel for Defendants U.S. Dept. of
Education and Elisabeth D. Devos, in her
official capacity as Secretary of Education.